UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Defendant. | No. 6:20-cv-00725<br><br>JURY TRIAL DEMANDED |

### BRAZOS'S COMPLAINT AGAINST HPE FOR INFRINGEMENT OF U.S. PATENT NO. 7,280,534

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos"), by and through its attorneys, files this Complaint for Patent Infringement against defendant Hewlett Packard Enterprise Company ("HPE") and alleges:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 284, and 285.

### THE PARTIES

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 606 Austin Avenue, Suite 6, Waco, Texas 76701.

3. On information and belief, HPE is a corporation organized and existing under the laws of Delaware, with a regular and established place of business located at 14231 Tandem Boulevard, Austin, Texas 78728. HPE may be served through its designated agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific and general personal jurisdiction over HPE pursuant to due process and/or the Texas Long Arm Statute because HPE has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District. The Court's exercise of jurisdiction over HPE would not offend traditional notions of fair play and substantial justice because HPE has established minimum contacts with the forum. For example, on information and belief, HPE has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein.

6. Upon information and belief, HPE has continuous and systematic business contacts with the State of Texas. HPE is registered to do business in the State of Texas, has offices and facilities in the State of Texas, and actively directs its activities to customers located in the State of Texas. HPE, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). HPE is registered to do business in Texas, and, upon information and belief, HPE has transacted business in this Judicial District, and has committed acts of direct and indirect infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the

Asserted Patent. HPE has regular and established places of business in this Judicial District, as set forth below.

8.     HPE maintains a regular and established place of business in this Judicial District, located at least at 14231 Tandem Boulevard, Austin, Texas 78728:[1,2]



9.     Upon information and belief, HPE conducts business and serves customers from its regular and established place of business in Austin, Texas, in this District. Upon information and belief, HPE's Austin office is located on a 52-acre campus.[3]

10.    In October 2019, it was reported that HPE signed a lease for a 27,326-square-foot-space in a 164,714-square-foot office building in North Austin at Paloma Ridge, located at 13620 FM 620 Austin, Texas, 78717.[4]

---

[1] *See* https://www.hpe.com/us/en/contact-hpe.html.

[2] *See* https://goo.gl/maps/mojArn1WxaHcHU8v8; *see also* https://goo.gl/maps/cBjm1De4gVPFMeam9.

[3] *See* https://www2.colliers.com/en/properties/austin-continuum/USA-14231-tandem-boulevard-austin-tx-78728/usa1046778.

[4] *See* https://communityimpact.com/local-news/austin/leander-cedar-park/coming-soon/2019/10/23/hewlett-packard-signs-lease-at-paloma-ridge-on-fm-620/.

11. Upon information and belief, HPE owns at least two properties in Austin, Texas, in this District.[5]

12. HPE maintains additional regular and established places of business in the State of Texas, nearby to this District, including at 11445 Compaq Center West Drive, Houston, Texas, 77070, and 6080 Tennyson Parkway, Suite 400, Plano, Texas 75024.[6]

13. HPE's website states that HPE is "a global edge-to-cloud Platform-as-a-Service company . . . that helps customers connect, protect, analyze, and act on all [of the customer's] data and applications wherever they live . . . ."[7] Upon information and belief, HPE designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. HPE markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in Texas and in this District, as alleged herein.

14. HPE's website permits customers to configure and customize HPE products, including the HPE FlexNetwork 5510 HI Switch Series, the HPE FlexFabric 5940 Switch Series and the HPE FlexFabric 5940 Switch Series, and request price quotes from HPE on the configured products.[8] HPE's website also permits users to purchase HPE products directly from HPE's website.[9]

---

[5] *See* http://propaccess.traviscad.org/clientdb/SearchResults.aspx (printout attached as Exhibit B).

[6] *See* https://www.hpe.com/us/en/contact-hpe.html.

[7] *See* https://www.hpe.com/us/en/about.html.

[8] *See, e.g.*, https://h22174.www2.hpe.com/SimplifiedConfig/Welcome (printout attached as Exhibit C).

[9] *See, e.g.*, https://buy.hpe.com/us/en/networking/networking-switches/hpe-flexfabric-5940-switch-series/p/1009148840.

15. Upon information and belief, HPE offers trainings and/or certifications to HPE partners, customers, and HPE employees including, *inter alia*, trainings and certifications regarding the sales and/or service of HPE products. For example, HPE offers an HPE Certification to HPE employees, customers, and partners that teaches how to "design, implement, and configure complex data center solutions based on the HPE FlexNetwork Architecture."[10]

16. As of August 2020, HPE advertised at least fifteen public job postings for positions at HPE's Austin, Texas office.[11]

## COUNT I
## Infringement of U.S. Patent No. 7,280,534

17. Brazos re-alleges and incorporates by reference the preceding paragraphs 1–16 of this Complaint.

18. On October 9, 2007, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 7,280,534 (the "'534 Patent"), entitled "Managed IP Routing Services For L2 Overlay IP Virtual Private Network (VPN) Services." A true and correct copy of the '534 Patent is attached as Exhibit A to this Complaint.

19. Brazos is the owner of all rights, title, and interest in and to the '534 Patent, including the right to assert all causes of action arising under the '534 Patent and the right to any remedies for the infringement of the '534 Patent.

20. HPE makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, switches with support for multiprotocol label switching ("MPLS") Layer 3 virtual private network ("VPN"). These switches include the HPE

---

[10] *See* https://certification-learning.hpe.com/TR/datacard/Course/00908176.

[11] *See* https://www.linkedin.com/jobs/search?keywords=Hewlett%20Packard%20Enterprise&location=Austin%2C%20Texas%2C%20United%20States (printout attached as Exhibit D).

5

FlexNetwork 5510 HI Switch Series,[12] the HPE FlexFabric 5930 Switch Series,[13] and the HPE FlexFabric 5940 Switch Series[14] (collectively, the "Accused Products").

21. The Accused Products practice a method of providing Internet Protocol (IP) Virtual Private Network (VPN) services, comprising: exchanging unique loop-back addresses of customer edges (CE) between said CEs via a respective data virtual circuit therebetween; sending IP addresses of customer networks associated with each CE to an associated IP service controller (IPSC); broadcasting from said associated IPSC, said IP addresses of said associated customer networks to other IPSCs; sending, from each CE to an associated IPSC, a list of received loop-back addresses; sending, from each IPSC to an associated CE, customer network addresses received from other IPSCs; and, populating, at each CE, a local routing table with information mapping said customer networks with a data virtual circuit.

22. According to HPE, "MPLS L3VPN is a L3VPN technology used to interconnect geographically dispersed VPN sites. MPLS L3VPN uses [Border Gateway Protocol ("BGP")] to advertise VPN routes and uses MPLS to forward VPN packets over a service provider backbone. MPLS L3VPN provides flexible networking modes, excellent scalability, and convenient support for MPLS [Traffic Engineering ("TE")]."[15]

23. The Accused Products include "Gigabit Ethernet switches that deliver resiliency, security, and multiservice support capabilities at the edge layer of data center, large campus, and

---

[12] *See* https://buy.hpe.com/us/en/networking/networking-switches/hpe-flexnetwork-5510-hi-switch-series/p/1008652960; *see also* https://techhub.hpe.com/eginfolib/networking/docs/switches/5510hi/cr/5200-3843_hi-avail_cr/content/index.htm.

[13] *See* https://buy.hpe.com/us/en/networking/networking-switches/hpe-flexfabric-5940-switch-series/p/1009148840; *see also* https://techhub.hpe.com/eginfolib/networking/docs/switches/5940-5930/5200-4864_hi-avail_cg/content/bk01-toc.htm.

[14] *Id.*

[15] *See* https://support.hpe.com/hpesc/public/docDisplay?docId=a00041116en_us at 184.

metro Ethernet networks. . . . With complete IPv4/IPv6, OpenFlow, and MPLS/VPLS features, the series provides investment protection with an easy transition from IPv4 to IPv6 networks."[16]

24.     The Accused Products practice a method providing Internet Protocol (IP) Virtual Private Network (VPN) services, comprising: exchanging unique loop-back addresses of customer edges (CE) between said CEs via a respective data virtual circuit therebetween; sending IP addresses of customer networks associated with each CE to an associated IP service controller (IPSC); broadcasting from said associated IPSC, said IP addresses of said associated customer networks to other IPSCs; sending, from each CE to an associated IPSC, a list of received loop-back addresses; sending, from each IPSC to an associated CE, customer network addresses received from other IPSCs; and, populating, at each CE, a local routing table with information mapping said customer networks with a data virtual circuit.

25.     The Accused Products practice a method of providing IP-VPN services for customers and service providers utilizing layer-2 point-to-point connectivity.[17] *See* Figure A below.

---

[16] *See* https://h20195.www2.hpe.com/v2/GetPDF.aspx/c04843027.pdf.

[17] *See* https://techhub.hpe.com/eginfolib/networking/docs/switches/5510hi/5200-0081b_mpls_cg/content/index.htm; *see also* https://support.hpe.com/hpesc/public/docDisplay?docId=a00041116en_us at 296.



Figure A

26.     The Accused Products practice a method of exchanging unique loop-back addresses of customer edge nodes ("CE") between the CEs via a respective data virtual circuit therebetween, and sending IP addresses of customer networks associated with each CE to an associated IP service controller ("IPSC").[18] A loopback interface address is configured for the Customer Edge 1 ("CE1") as shown in Figure A above and Figure B below.

| Device | Interface | IP address | Device | Interface | IP address |
|--------|-----------|------------|--------|-----------|------------|
| CE 1   | Loop0     | 100.1.1.1/32 | CE 3 | Loop0     | 200.1.1.1/32 |
|        | Vlan-int2 | 10.1.1.1/24 |      | Vlan-int7 | 10.3.1.1/24 |
| CE 2   | Vlan-int2 | 10.2.1.1/24 | PE 2 | Loop0     | 2.2.2.9/32 |
| PE 1   | Loop0     | 1.1.1.9/32  |      | Vlan-int2 | 10.2.1.2/24 |
|        | Vlan-int2 | 10.1.1.2/24 |      | Vlan-int4 | 40.1.1.2/24 |
|        | Vlan-int3 | 30.1.1.1/24 |      | Vlan-int5 | 50.1.1.1/24 |
|        | Vlan-int4 | 40.1.1.1/24 | P    | Loop0     | 3.3.3.9/32 |
| PE 3   | Loop0     | 4.4.4.9/32  |      | Vlan-int3 | 30.1.1.2/24 |
|        | Vlan-int6 | 60.1.1.2/24 |      | Vlan-int5 | 50.1.1.2/24 |
|        | Vlan-int7 | 10.3.1.2/24 |      | Vlan-int6 | 60.1.1.1/24 |

Figure B[19]

The Accused Products provide a feature of operation in MPLS L3VPN.[20] CE2 learns the loopback interface address from CE1. *See* Figures A and B above. The loopback addresses are communicated between the CEs. *See* Figure C below.[21]

---

[18] *See, e.g.*, https://support.hpe.com/hpesc/public/docDisplay?docId=a00041116en_us.

[19] *See* https://support.hpe.com/hpesc/public/docDisplay?docId=a00041116en_us at 296.

8

27. The associated IPSC of the Accused Products broadcasts the IP addresses of the associated customer networks to other IPSCs, and each CE sends to an associated IPSC, a list of received loop back addresses.[22]

| Step | | Command | Remarks |
|---|---|---|---|
| 1. | Enter system view. | system-view | N/A |
| 2. | Enter BGP instance view. | bgp *as-number* [ instance *instance-name* ] [ multi-session-thread ] | N/A |
| 3. | Enter BGP-VPN instance view. | ip vpn-instance *vpn-instance-name* | N/A |
| 4. | Enter BGP-VPN IPv4 unicast address family view. | address-family ipv4 [ unicast ] | N/A |
| 5. | Redistribute direct routes into BGP (including the loopback interface route). | import-route direct | By default, no direct routes are redistributed into BGP. |

Redistributing the loopback interface address

Figure C

28. Each IPSC then sends to an associated CE the customer network addresses received from other IPSCs, and each CE populates a local routing table with information mapping the customer networks with a data virtual circuit.[23] As shown in Figure D (network diagram) and Figure E below (Interface and IP address assignment), the routes learned by CE2 from PE2 are populated in a routing table in CE2.[24] When the routing information that CE2 has received is checked it has a routing table, which includes the route of the VPN behind CE1, *i.e.*, the customer network associated with CE1.

---

[20] https://support.hpe.com/hpesc/public/docDisplay?docId=a00041116en_us at 184–298.

[21] https://support.hpe.com/hpesc/public/docDisplay?docId=a00041116en_us at 220.

[22] *Id.*

[23] *See* https://support.hpe.com/hpesc/public/docDisplay?docId=a00041116en_us at 292.

[24] *Id.*



Figure D

| Device | Interface | IP address | Device | Interface | IP address |
|---|---|---|---|---|---|
| CE 1 | Vlan-int11 | 10:1::2/96 | P | Loop0 | 2.2.2.9/32 |
| | Vlan-int12 | 100::1/96 | | Vlan-int11 | 30.1.1.1/24 |
| PE 1 | Loop0 | 10.1.1.1/32 | | Vlan-int12 | 20.1.1.2/24 |
| | Vlan-int11 | 10:1::1/96 | PE 2 | Loop0 | 10.1.1.2/32 |
| | Vlan-int12 | 20.1.1.1/24 | | Vlan-int11 | 30.1.1.2/96 |
| CE 2 | Vlan-int12 | 10:2::2/96 | | Vlan-int12 | 10:2::1/24 |
| | Vlan-int13 | 200::1/96 | | | |

Figure E

29. In view of the preceding paragraphs 21–28, each and every element of at least claim 1 of the '534 Patent is found in the Accused Products.

30. HPE continues to directly infringe at least one claim of the '534 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

31. HPE has received notice and actual or constructive knowledge of the '534 Patent since at least the date of service of this Complaint.

32. Since at least the date of service of this Complaint, through its actions, HPE has actively induced product makers, distributors, retailers, and/or end users of the Accused Products

to infringe the '534 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://support.hpe.com/hpesc/public/docDisplay?docId=c05218883;
- https://support.hpe.com/hpesc/public/docDisplay?docId=a00077571en_us;
- https://support.hpe.com/hpesc/public/docDisplay?docId=a00077564en_us; and
- https://support.hpe.com/hpesc/public/docDisplay?docId=a00041116en_us.

HPE was and is aware that the normal and customary use by end users of the Accused Products infringes the '534 patent. HPE's inducement is ongoing.

33. Since at least the date of service of this Complaint, through its actions, HPE has contributed to the infringement of the '534 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '534 Patent. The Accused Products have special features that are especially made or adapted for infringing the '534 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least claim 1 of the '534 Patent. HPE's infringing use of the Accused Products includes its internal use and testing of the Accused Products.

34. The special features include providing MPLS L3VPN and implementing IP-VPN services for customers and service providers utilizing layer-2 point-to-point connectivity, which is used in a manner that infringes the '534 Patent.

35. The special features constitute a material part of the invention of one or more claims of the '534 Patent and are not staple articles of commerce suitable for substantial non-infringing uses.

36. Brazos has suffered damages as a result of HPE's direct and indirect infringement of the '534 Patent in an amount adequate to compensate for HPE's infringement, but in no event less than a reasonable royalty for the use made of the invention by HPE, together with interest and costs as fixed by the Court.

### JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(a) enter judgment that HPE infringes one or more claims of the '534 Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that HPE has inducted infringement and continues to induce infringement of one or more claims of the '534 Patent;

(c) enter judgment that HPE has contributed to and continues to contribute to the infringement of one or more claims of the '534 Patent;

(d) award Brazos damages, to be paid by HPE in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by HPE of the '534 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

  (f) award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

                    Respectfully submitted,

Dated: August 12, 2020           */s/ Raymond W. Mort, III*
                    Raymond W. Mort, III
Edward J. Naughton         Texas State Bar No. 00791308
(*pro hac vice* to be filed)        raymort@austinlaw.com
enaughton@brownrudnick.com     THE MORT LAW FIRM, PLLC
Rebecca MacDowell Lecaroz      100 Congress Avenue, Suite 2000
(*pro hac vice* to be filed)        Austin, Texas 78701
rlecaroz@brownrudnick.com      Tel/Fax: 512-865-7950
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:  (617) 856-8200
facsimile:  (617) 856-8201

Alessandra C. Messing
(*pro hac vice* to be filed)
amessing@brownrudnick.com
Timothy J. Rousseau
(*pro hac vice* to be filed)
trousseau@brownrudnick.com
Yarelyn Mena
(*pro hac vice* to be filed)
ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:  (212) 209-4800
facsimile:  (212) 209-4801

Sarah G. Hartman
(*pro hac vice* to be filed)
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:  (949) 752-7100
facsimile:  (949) 252-1514

                    *Counsel for Plaintiff*
                    *WSOU Investments, LLC d/b/a*
                    *Brazos Licensing and Development*