**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>  Plaintiff,<br><br>  v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>  Defendant. | Civil Action No. 6:20-cv-00725-ADA |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
MOTION TO DISMISS COMPLAINT FOR FAILURE TO
<u>STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

## TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................................. 1
II. STATEMENT OF FACTS .................................................................................................... 2
III. LEGAL STANDARDS ......................................................................................................... 3
IV. ARGUMENT ......................................................................................................................... 6
   A.  WSOU's Complaint Fails to Assert a Plausible Claim of Direct Infringement ................ 7
      1.  WSOU does not identify a direct infringer that practices the steps of the asserted method claim................................................................................................................ 7
      2.  WSOU did not plead any facts to support a claim of joint infringement of the sole asserted claim................................................................................................................ 8
   B.  WSOU Fails to State a Claim for Induced or Contributory Infringement ........................ 10
      1.  WSOU's Indirect Infringement Claims Fail without Direct Infringement ................... 11
      2.  WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement................ 11
      3.  WSOU Fails to Allege the Requisite Specific Intent for Induced Infringement .......... 12
V.  CONCLUSION.................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ................................................................................6, 13

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
   No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .................................6, 13

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ..............................11

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015)..................................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................................4

*Bowlby v. City of Aberdeen, Miss.*,
   681 F.3d 215 (5th Cir. 2012) .....................................................................................................4

*Castlemorton Wireless, LLC v. Bose Corp.*,
   6:20-cv-00029-ADA, Order Denying Def........................................................................11, 12

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
   859 F.3d 1352 (Fed. Cir. 2017)................................................................................................13

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015)........................................................................................................6, 11

*De La Vega v. Microsoft Corp.*,
   Nos. W-19-cv-00612, -00617, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ..............4, 8, 10

*Diem LLC v. BigCommerce, Inc.*,
   No. 6:17-cv-186-JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017)..............................4

*DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
   No. 18-098 (MN), 2018 WL 6629709 ......................................................................................5

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004)................................................................................................11

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*,
   845 F.3d 1357 (Fed. Cir. 2017)..................................................................................................5

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
  909 F.3d 398 (Fed. Cir. 2018)..................................................................................................5

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009)..................................................................................................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)....................................................................................................................6

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
  870 F.3d 1320 (Fed. Cir. 2017)..................................................................................................5

*Joy Technologies, Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993)........................................................................................................5

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016)..................................................................................................5

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)..................................................................................................5

*Neitzke v. Williams*,
  490 U.S. 319 (1989)....................................................................................................................4

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
  965 F.3d 1299 (Fed. Cir. 2020)...............................................................................................7, 8

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)..............................12

*Parus Holdings Inc. v. Apple Inc.*,
  No. 6:19-cv-432 ........................................................................................................................12

*TeleSign Corp. v. Twilio, Inc.*,
  No. 16-cv-2106-PSG, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016)........................................4

*Travel Sentry, Inc. v. Tropp*,
  877 F.3d 1370 (Fed. Cir. 2017)..................................................................................................5

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
  No. 6:15-cv-974-JRG-JDL, Dkt. 153, Order (E.D. Tex. Aug. 24, 2016) .................................4

*ZitoVault, LLC v. Int'l Bus. Machs. Corp.*,
  No. 3:16-cv-0962, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018)...........................................3

**I.     INTRODUCTION**

Plaintiff WSOU Investments, LLC's, d/b/a Brazos Licensing and Development, ("WSOU") August 12, 2020 Complaint alleges infringement of a single patent: U.S. Patent No. 7,280,534 (the "'534 patent" or the "Asserted Patent"). Dkt. 1 at ¶¶ 17–36. Specifically, WSOU accuses Defendant Hewlett Packard Enterprise Company ("HPE") of directly and indirectly infringing the '534 patent because HPE "makes, uses, sells, offers for sale, imports, and/or distributes" network switches including "the HPE FlexNetwork 5510 HI Switch Series, the HPE FlexFabric 5940 Switch Series and the HPE FlexFabric 5940 Switch Series" network switches, which WSOU refers to as the Accused Products. *Id*.

However, WSOU's complaint fails to state a claim upon which relief could be granted, because, even if the Court accepts WSOU's factual allegations as true, the complaint fails to plausibly allege that any entity practices each and every element of at least one claim of the '534 patent. Furthermore, WSOU makes no attempt whatsoever to plead joint infringement, even though the asserted claim recites steps performed by a "customer edge" device and steps performed by an "IP service controller." Thus, as a matter of law, WSOU cannot prove that HPE or anyone else directly infringes the asserted claims of the '534 patent, and this failure also condemns WSOU's claims for indirect infringement. Additionally, WSOU has no viable indirect infringement claim because it lacks any allegation that HPE knew of the Asserted Patent before the lawsuit was filed. WSOU also fails to plead the specific intent required for inducement. WSOU cannot cure these defects by amending its complaint. Therefore, HPE respectfully requests the Court grant this motion and dismiss WSOU's complaint with prejudice.

II.     **STATEMENT OF FACTS**

WSOU alleges infringement by HPE of the '534 patent, which is directed to a method and apparatus for providing IP-VPN services for customers and service providers utilizing layer-2 point-to-point connectivity. *See* Dkt. 1 ¶¶ 17–39. Claim 1, the only claim asserted in the complaint, is a method claim directed to a method for providing Internet Protocol (IP) Virtual Private Network (VPN) services. '534 patent, Cl. 1. Claim 1 is set forth below:

> 1. A method for providing Internet Protocol (IP) Virtual Private Network (VPN) services, comprising:
>
> ***exchanging unique loop-back addresses of customer edges (CE) between said CEs via a respective data virtual circuit therebetween***;
>
> sending IP addresses of ***customer networks associated with each CE*** to an associated IP service controller (IPSC);
>
> broadcasting from said associated IPSC, said IP addresses of said associated customer networks to other IPSCs;
>
> ***sending, from each CE to an associated IPSC***, a list of received loop-back addresses;
>
> sending, from each IPSC ***to an associated CE***, customer network addresses received from other IPSCs; and
>
> ***populating, at each CE***, a local routing table with information mapping said customer networks with a data virtual circuit.

Ex. A to Dkt. 1, '534 patent at 8:13–29 (emphasis added).

The '534 patent describes suitable networks for implementing the alleged invention, such networks comprising "a service provider network 102 and a plurality of customer networks $120_1$ through $120_p$ (collectively customer networks 120)." *Id*. at 3:6–8. The '534 patent further describes the customer networks as "each having a "customer edge" (CE) device." *Id*. at 3:20–22. "The backbone (i.e., core network and edge devices 108) is owned and operated by a Service Provider (SP)." *Id*. at 3:53–54. "In one embodiment of the present invention, the edge switch 108

2

comprises an IP service control (IPSC) module …in an alternative embodiment, the IPSC 130 may be implemented in a server (e.g., server 118 of FIG. 1), which is connected to and supports one or more edge switches." *Id*. at 3:19–32. Claim 1 requires the IPSC and CE to each send or manipulate specific information, including "sending, from each CE to an associated IPSC, a list of received loop-back addresses," *id.* at 8:23–24, and "sending, from each IPSC to an associated CE, customer network addresses received from other IPSCs," *id*. at 8:25–26. Thus, the method of claim 1 of the '534 patent requires specific action by components of a service provider network, such as the IPSCs, and components of customer networks, such as the CEs.

WSOU accuses certain HPE network switches, including the HPE FlexNetwork 5510 HI Switch Series, the HPE FlexFabric 5930 Switch Series, and the HPE FlexFabric 5940 Switch Series, of directly infringing claim 1 of the '534 patent. Dkt. 1 at ¶¶ 20–30. Paragraphs 22 and 23 of the complaint broadly identify capabilities of the Accused Products without any apparent relation to the allegation of infringement. Paragraphs 21 and 24–29 of the complaint appear to contain screenshots from websites containing MPLS configuration guides for the Accused Products.[1] However, WSOU does not identify what or who is performing each step of the claimed method or how. Instead, the complaint merely contains various conclusory statements and naked assertions that the claim is satisfied.

### III. LEGAL STANDARDS

A complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon

---

[1] On a motion to dismiss, the Court may "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *See ZitoVault, LLC v. Int'l Bus. Machs. Corp.*, No. 3:16-cv-0962, 2018 WL 2971131, at *2 n.4 (N.D. Tex. Mar. 29, 2018) (citation omitted).

3

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original) ("*Twombly*"). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and should be dismissed. *Twombly*, 550 U.S. at 546. A complaint is "insufficient if it offers only 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'" *Bowlby*, 681 F.3d at 219 (quoting *Twombly*, 550 U.S. at 555). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Accordingly, if well-pleaded facts still do not state a cognizable theory as a matter of law, dismissal pursuant to Rule 12(b)(6) is warranted.

In a patent suit, a complaint must plead facts that describe *how* the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, Nos. W-19-cv-00612, -00617, 2020 WL 3528411, at *3–4 (W.D. Tex. Feb. 11, 2020). Thus, the Complaint must "provid[e] facts sufficient to create a plausible inference that <u>each</u> element of the claim [of the patent] is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186-JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017) (emphasis added) (citations omitted); *see also TeleSign Corp. v. Twilio, Inc.*, No. 16-cv-2106-PSG, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to permit the court to infer that the accused product infringes each element of at least one claim") (internal quotations omitted) (alteration omitted). It is not enough to merely identify the accused products and state that they infringe the asserted claim; rather, the "key to patent infringement is … identifying how those products allegedly infringe the Asserted Patent claims." *VStream Techs.,*

*LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, Dkt. 153, Order at 7 (E.D. Tex. Aug. 24, 2016); *see also DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.,* No. 18-098 (MN), 2018 WL 6629709, at *2 (D. Del. Dec. 19, 2018. In the case of a method claim, infringement requires performance of the claimed steps, as opposed to sale of an accused product. *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a).").

Where "no single actor performs all steps, . . . direct infringement only occurs if 'the acts of one are attributable to the other such that a single entity is responsible for the infringement.'" *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017) (citation omitted); *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351 (Fed. Cir. 2018). In such cases, a plaintiff must plead facts "sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citation omitted); *see also Nalco*, 883 F.3d at 1351-52; *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015).

To plead indirect infringement, the complaint must first plead direct infringement by others. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same). For both induced and contributory infringement, a plaintiff must

also plead facts to support an inference of a defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, a plaintiff must additionally plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citation omitted). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7–8. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

## IV. ARGUMENT

WSOU's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to plausibly plead each and every element of its infringement claim. Although WSOU's Complaint states that "each and every element of at least claim 1 of the '534 patent" is satisfied, Dkt. 1 at ¶ 29, the Complaint fails to support that assertion with plausible factual allegations. Specifically, WSOU fails as a matter of law to demonstrate that HPE or anyone else directly infringes the asserted claims of the '534 patent, and this failure wipes out WSOU's claims for indirect infringement because direct infringement by others is a necessary predicate to prove active inducement of infringement and contributory infringement. WSOU's indirect infringement claims cannot survive for multiple other reasons as well.

### A.    WSOU's Complaint Fails to Assert a Plausible Claim of Direct Infringement

WSOU's direct infringement claim should be dismissed because the complaint does not plausibly allege that HPE or any third party directly infringes the '534 patent. WSOU alleges that "each and every element of at least claim 1 of the '534 Patent is found in the Accused Products," Dkt. 1 at ¶ 29, but WSOU fails to identify any person or entity that is responsible for practicing the steps of the method of claim 1. Further, even if WSOU meant to allege that HPE performed the entire method, HPE cannot plausibly perform all of the steps of claim 1 because, as is apparent from the '534 patent and WSOU's complaint, practicing the method of claim 1 requires at least two different actors. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) ("Direct infringement requires a party to perform each and every step or element of a claimed method or product." (citation omitted)).

#### 1.    WSOU does not identify a direct infringer that practices the steps of the asserted method claim

In its complaint, WSOU alleges that "each and every element of at least claim 1 of the '534 Patent is found in the Accused Products," Dkt. 1 at ¶ 29. WSOU then repeatedly makes a statement that the "Accused Products practice a method" followed by conclusory allegations mimicking the language of the claim. *See* Dkt. 1 at ¶¶ 21, 24–26. However, products cannot practice a method by themselves, and WSOU does not identify any person or entity that is responsible for practicing the steps of claim 1. *See Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314–15 (Fed. Cir. 2020) ("Method claims are 'not directly infringed by the mere sale of an apparatus capable of performing the claimed process.'" (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993)). To allege direct infringement of the asserted claim, WSOU would have to identify a person or entity that performed or practiced each step of the asserted method, not merely point to a product it believes has the capability to perform the

7

method when used. WSOU's complaint does not identify any third party that allegedly used the claimed method, or otherwise provide evidence that the claimed method was actually used by such an entity.

Additionally, to the extent WSOU meant to allege that HPE itself directly infringes, there is only a passing boilerplate mention of "internal use and testing" of the products. *See* Dkt. 1 at ¶ 33. Such limited disclosure by WSOU fails to explain how, if at all, HPE could have directly infringed claim 1, and therefore does not rise to the level required to state a claim for relief. *See De La Vega*, 2020 WL 3528411, at *4–5 (granting dismissal where plaintiff did not "articulate[] any basis that would establish that either [defendant] performed all of the elements of the claim when it tested the accused products"). Even if the Court accepts such an allegation, such internal testing does not underlie a plausible claim for injury/damages. *See id.* at *5 n.7 (expressing skepticism that plaintiff's claim of infringement based on defendants' alleged internal testing could support anything more than "trivial" damages); *see also Packet Intelligence*, 965 F.3d at 1315.

### 2. WSOU did not plead any facts to support a claim of joint infringement of the sole asserted claim

Claim 1 requires, among other things, "broadcasting *from said associated IPSC*, said IP addresses," "*sending, from each CE* to an associated IPSC, a list of received loop-back addresses," and "*populating, at each CE*, a local routing table with information *mapping said customer networks with a data virtual circuit*." There is no allegation, nor could there be, that the accused HPE network switches are both the service provider ISPCs *and* the required customer edge devices ("CEs"). Rather, WSOU admits that third-party customers and/or service providers are needed when it alleges the Accused Products provide IP-VPN services "*for*

*customers and service providers*" when those customers and service providers are "utilizing layer-2 point-to-point connectivity." Dkt. 1 at ¶ 25 (emphasis added).

More specifically, in the method of claim 1, a customer edge device, a CE performs at least the steps of "*sending, from each CE* to an associated IPSC, a list of received loop-back addresses," and "*populating, at each CE*, a local routing table with information mapping said customer networks with a data virtual circuit," and "an associated IP service controller (IPSC)" performs at least the step of "broadcasting *from said associated IPSC*, said IP addresses of said associated customer networks to other IPSCs." Dkt. 1-1 at 8:23–29 (emphasis added). In other words, third-party CE devices of customer networks are required to send a list of received loop-back addresses from the CE devices to IPSCs of third-party service providers, and then to later populate at the third-party CE devices a local routing table with information mapping said customer networks with a data virtual circuit. And the third-party service providers' IPSCs must broadcast IP addresses. Yet, the complaint does not allege the Accused Products are the CEs or the IPSCs, much less both, and much less that all are operated by HPE or any other one entity, or a collection of entities purportedly jointly infringing. Nor does the complaint include any factual allegations supporting such, as would be required to survive a motion to dismiss.

Further, it is notable that the configuration guides for the Accused Products, which WSOU cites as its sole support for its direct infringement allegations against HPE, confirm that a "CE" or "customer edge device" is a separate device from the Accused Products that "resides on a customer network and has one or more interfaces directly connected to a service provider network. It does not support MPLS." HPE FlexFabric 5940 & 5930 Switch Series: MPLS Configuration Guide, https://support.hpe.com/hpesc/public/docDisplay?docId=a00041116en_us&docLocale=en_US at 184 (last visited Oct. 22, 2020); HPE FlexNetwork 5510 HI Switch

9

Series MPLS Configuration Guide, https://techhub.hpe.com/eginfolib/networking/docs/ switches/5510hi/5200-0081b_mpls_cg/content/index.htm at "Basic MPLS L3VPN architecture."

WSOU does not allege HPE nor any other entity provides customer networks having a customer edge (CE) device, or even what is the CE device. Nor does WSOU allege HPE or any other entity is a service provider and/or provides IPSCs performing the claimed IPSCs steps, or even what is the IPSC. It is axiomatic that HPE cannot directly infringe a method claim when at least one separate third party performs at least two of the five steps of the claim (much less where another performs another step), and WSOU did not plead any facts to support a claim of joint infringement. *See De La Vega*, 2020 WL 3528411, at *4 ("[T]o meet the *Twombly/Iqbal* pleading standard for joint infringement by the combined acts of multiple parties, the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.'" (quoting *Lyda*, 838 F.3d at 1339).

Accordingly, the Court should dismiss WSOU's claim of direct infringement by HPE.

**B.     WSOU Fails to State a Claim for Induced or Contributory Infringement**

WSOU's indirect infringement claims are deficient and should be dismissed. As an initial matter, WSOU's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement. Beyond that failing, WSOU has failed to plead any knowledge by HPE of the patent, or knowledge by HPE of alleged infringement, ***prior*** to the filing of this action. WSOU also fails to plead a specific intent to induce infringement. Each of these failures independently warrants dismissal of WSOU's indirect infringement allegations.

### 1. WSOU's Indirect Infringement Claims Fail without Direct Infringement

WSOU's indirect infringement allegations are insufficient as a matter of law as WSOU fails to plausibly allege direct infringement by a third party. *See supra* § IV.A. It is axiomatic that indirect infringement requires direct infringement by another as a predicate. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement … ."). As a result, WSOU has also failed to adequately plead its claims of induced and contributory infringement and these claims should be dismissed.

### 2. WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement

WSOU's indirect infringement allegations fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926 (citation omitted). As courts in this District have held, the knowledge requirement for indirect infringement require **pre-suit** knowledge. *See Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Order Denying Def.'s Mot. to Dismiss, Dkt. 51 at 11 (July 22, 2020) (Order attached as Exhibit 2); *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, WSOU's sole allegation of knowledge of the patent is a conclusory statement that "HPE has received notice and actual or constructive knowledge of the '534 Patent *since at least the date of service of this Complaint*." Dkt. 1 at ¶ 31 (emphasis

11

added).[2] This Court has rejected materially identical allegations of knowledge. For example, in *Parus*, this Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent ***since at least the filing of the original complaint***." *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Amended Compl., Dkt. 28 at ¶ 44 (W.D. Tex. Oct. 21, 2019) (emphasis added) (attached as Exhibit 3); *see id.* at Text Order Granting Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims) (Order attached as Exhibit 1). Like the allegations in *Parus*, WSOU fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *see also* Exhibit 2, *Castlemorton Wireless*, Dkt. 51 at 11 ("Because Castlemorton's complaint does not plead any facts that would support an allegation of pre-suit knowledge, the Court **GRANTS** Bose's motion to dismiss Castlemorton's indirect infringement claims."). WSOU's induced and contributory infringement claims should be dismissed for this additional, independent reason.

### 3. WSOU Fails to Allege the Requisite Specific Intent for Induced Infringement

WSOU also fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities***.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-

---

[2] WSOU's allegation of knowledge of infringement is likewise deficient, as WSOU alleges such knowledge only "[s]ince at least the date of service of this Complaint." Dkt. 1 at ¶ 32; *see, e.g.*, Exhibit 1, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order Granting Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent."); *id.*, Dkt. 28 at ¶ 44 (Amended Compl.) (attached as Exhibit 3).

ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (emphasis added)). WSOU's allegations of specific intent amount to a single conclusory statement that HPE "actively induced" others to infringe through their advertising, product descriptions, operating manuals and other instructions, and four website citations. *See* Dkt. 1 at ¶ 32. But, critically, WSOU alleges no facts that suggest any connection between HPE *encouraging its customers to generally use the Accused Products* and their direct infringement, much less an intent to have HPE's customers directly infringe. In order to plausibly plead induced infringement, the law requires a showing that HPE induced someone to perform *all of the steps that constitute infringement*. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."); *see also Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. 13-cv-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014) (dismissing induced infringement claims where "Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe the Asserted Patents. The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents." (citations omitted)).

  WSOU's conclusory allegations fail to present facts that could demonstrate: (1) HPE knew that the alleged acts would infringe, and (2) HPE knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had

13

the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7-8 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient." (citation omitted)).

WSOU's inducement claim should be dismissed because the complaint is entirely silent on a key requirement of induced infringement.

## V. CONCLUSION

For the reasons above, HPE respectfully requests the Court dismiss WSOU's complaint alleging infringement of the '534 patent with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Date: October 23, 2020          Respectfully submitted,

By: */s/ Barry K. Shelton*

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620, Suite 205
Austin, TX 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com

**ATTORNEYS FOR DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system pursuant to Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*
Barry K. Shelton