UNITED STATES DISTRICT COURT
Western District of Texas
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS LLCWSOU INVESTMENTS LLC, | § § § § | |
| v. | § § | CIVIL ACTION NO. WA:20-CV-00725-ADA |
| | § § § § | JUDGE ALBRIGHT |
| HEWLETT PACKARD ENTERPRISE COMPANY. | § § | |

**ORDER GOVERNING PROCEEDINGS – PATENT CASE**

This Order shall govern proceedings in this case. The following deadlines are hereby set:

This case is SET for a telephonic Rule 16 Case Management Conference on Monday, November 23, 2020 at 1:30 p.m. Participants shall dial into the following number 5 minutes before the scheduled time: **866.434.5269; access code 967-8090**. Lead counsel for each party, and all unrepresented parties, shall be present. Client representatives are welcome to attend, but such attendance is not required. The Court expects the parties to be prepared to discuss any pre-*Markman* issues raised in the parties' joint Case Readiness Status Report.

1. (Not later than 7 days before the CMC). Plaintiff shall serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

2. (Two weeks after the CMC). The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings.

3. (Two weeks after the CMC). Deadline for Motions to Transfer. The Court also adopts the following page limits and briefing schedule for Motions to Transfer:

      a.      Opening – 15 pages
      b.      Response – 15 pages, due 14 days after the Opening brief
      c.      Reply – 5 pages, due 7 days after the Response brief

5. (Seven weeks after the CMC). Defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint,[1] unless the parties agree to some other timeframe.

## DISCOVERY

Except with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery is stayed until after the *Markman* hearing. Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant. For example, if discovery outside the United States is contemplated, the Court will be inclined to allow such discovery to commence before the *Markman* hearing.

With respect to venue and jurisdictional discovery, the Court generally grants leave for the parties to conduct targeted discovery. The Court's default venue/jurisdiction discovery limits are as follows:

    1.    Interrogatories: 5 per party
    2.    Requests for Production: 5 per party
    3.    Fact depositions: 4 hours for a 30(b)(6) witness per party

To the extent a party provides multiple declarations in support or against a motion to transfer venue or a motion to dismiss based on lack of jurisdiction, the Court will allow the other side to have additional interrogatories (*e.g.*, 2 more), RFPs (*e.g.*, 2 more), and deposition time (*e.g.*, 2 more hours). To the extent the parties cannot agree what the additional number of interrogatories, RFPs, and deposition time should be, the Court encourages the parties to contact the Court to request a telephonic discovery hearing.

Following the *Markman* hearing, the following discovery limits will apply to this case. The Court will consider reasonable requests to adjust these limits should circumstances warrant.

    1.    Interrogatories: 30 per side[2]

---

[1] With regard to expired patents, the sales information shall be provided for the two years preceding expiration.
[2] A "side" shall mean the plaintiff (or related plaintiffs suing together) on the one hand, and the defendant (or related defendants sued together) on the other hand. In the event that the Court consolidates related cases for pretrial purposes, with regard to calculating limits imposed by this Order, a "side" shall be interpreted as if the cases were proceeding individually. For example, in consolidated cases the plaintiff may serve up to 30 interrogatories on each defendant, and each defendant may serve up to 30 interrogatories on the plaintiff.

    2.       Requests for Admission: 45 per side

    3.       Requests for Production: 75 per side

    4.       Fact Depositions: 70 hours per side (for both party and non-party witnesses combined)

    5.       Expert Depositions: 7 hours per report[3]

**Electronically Stored Information**. As a preliminary matter, the Court will not require general search and production of email or other electronically stored information (ESI), absent a showing of good cause. If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search. The opposing party can oppose, or propose an alternate plan. If the parties cannot agree, they shall contact chambers to schedule a call with the Court to discuss their respective positions.

## DISCOVERY DISPUTES

A party may not file a Motion to Compel discovery unless: (1) lead counsel have met and conferred in good faith to try to resolve the dispute, and (2) the party has contacted the Court's law clerk (with opposing counsel) to arrange a telephone conference with the Court to summarize the dispute and the parties respective positions. Summaries shall be neutral and non-argumentative. After hearing from the parties, the Court will determine if further briefing is required.

## PROTECTIVE ORDER

Pending entry of the final Protective Order, the Court issues the following interim Protective Order to govern the disclosure of confidential information in this matter:

> If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside

> If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

---

[3] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to 14 hours in total.

# CLAIM CONSTRUCTION ISSUES

**Terms for Construction**. Based on the Court's experience, the Court believes that it should have presumed limits on the number of claim terms to be construed. The "presumed limit" is the maximum number of terms that each side may request the Court to construe without further leave of Court. If the Court grants leave for the additional terms to be construed, depending on the complexity and number of terms, the Court may split the *Markman* hearing into multiple hearings.

The presumed limits based on the number of patents-in-suit are as follows:

### Limits for Number of Claim Terms to be Construed

| 1-2 Patents | 3-5 Patents | More than 5 Patents |
|---|---|---|
| 8 terms | 10 terms | 12 terms |

When the parties submit their joint claim construction statement, in addition to the term and the parties' proposed constructions, the parties should indicate which party or side proposed that term, or if that was a joint proposal.

**Claim Construction Briefing**. The Court will require non-simultaneous claim construction briefing with the following default page limits; however, where exceptional circumstances warrant, the Court will consider reasonable requests to adjust these limits. These page limits shall also apply collectively for consolidated cases; however, the Court will consider reasonable requests to adjust page limits in consolidated cases where circumstances warrant. In addition, the Court is very familiar with the law of claim construction and encourages the parties to forego lengthy recitations of the underlying legal authorities and instead focus on the substantive issues unique to each case.

Unless otherwise agreed by the parties, all filings will take place at 5:00 p.m. CT.

Unless otherwise agreed to by the parties, the default order of terms in the parties' briefs shall be based on 1) the patent number (lowest to highest), the claim number (lowest to highest), and order of appearance within the lowest number patent and claim. An example order may be as follows:

1. 10,000,000 Patent, Claim 1, Term 1
2. 10,000,000 Patent, Claim 1, Term 2 (where Term 2 appears later in the claim than does Term 1)
3. 10,000,000 Patent, Claim 2, Term 3 (where Term 3 appears later in the claim than does Terms 2 and 3)
4. 10,000,001 Patent, Claim 1, Term 4
5. 10,000,001 Patent, Claim 3, Term 5
6. 10,000,002 Patent, Claim 2, Term 6

To the extent that the same or similar terms appear in multiple claims, those same or similar terms should be ordered according to the lowest patent number, lowest claim number, and order of appearance within the patent and claim.

## Page Limits for *Markman* Briefs

| **Brief** | **1-2 Patents** | **3-5 Patents** | **More than 5 Patents** |
|---|---|---|---|
| Opening (Plaintiff) | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |
| Response (Defendant) | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |
| Reply (Plaintiff) | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |
| Sur-Reply (Defendant) | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |

## Technology Tutorials and Conduct of the *Markman* Hearing

Technology tutorials are optional. If the parties would like to submit one, the tutorial should be in electronic form, with voiceovers, and submitted at least one week before the *Markman* hearing. If a party believes a live tutorial would be of particular benefit to the Court, the parties should contact the Court to request a Zoom or telephonic tutorial so that the tutorial can be scheduled to occur at least a week before the *Markman* hearing. In general, tutorials should be: (1) directed to the underlying technology (rather than argument related to infringement or validity), and (2) limited to 15 minutes per side. For the Court's convenience, the tutorial may be recorded, but will not be part of the record. Parties may not rely on or cite to the tutorial in other aspects of the litigation.

The Court generally sets aside one half day for the *Markman* hearing; however, the Court is open to reserving more or less time, depending on the complexity of the case and input from the parties. As a general rule, the party opposing the Court's preliminary construction shall go first. If both parties are unwilling to accept the Court's preliminary construction, the Plaintiff shall typically go first.

## **GENERAL ISSUES**

1. The Court will entertain reasonable requests to streamline the case schedule and discovery and encourages the parties to contact the Court's law clerk (with opposing counsel) to arrange a call with the Court when such interaction might help streamline the case.

2. To the extent the parties need to email the Court, the parties should use the following email address: TXWDml_LawClerks_JudgeAlbright@txwd.uscourts.gov.

3. The Court is generally willing to extend the response to the Complaint up to 45 days if agreed by the parties. However, longer extensions are disfavored and will require good cause.

4. Plaintiff must file a notice informing the Court when an IPR is filed, the expected time for an institution decision, and the expected time for a final written decision, within two weeks of the filing of the IPR.

5. After the trial date is set, the Court will not move the trial date except in extreme situations. To the extent a party believes that the circumstances warrant continuing the trial date, the parties are directed to contact the Court to request a telephonic hearing.

6. The Court does not have a limit on the number of motions for summary judgment (MSJs); however, absent leave of Court, the cumulative page limit for Opening Briefs for all MSJs is 40 pages per side.

7. There may be instances where the submission of substantive briefs via audio file will be of help to the Court. If a party is contemplating submitting a brief via audio file it should contact the Court for guidance on whether it would be helpful to the Court. However, the Court has determined that audio recordings of *Markman* briefs are of limited value and those need not be submitted. The recordings shall be made in a neutral fashion, shall be verbatim transcriptions without additional colloquy (except that citations and legal authority sections need not be included), and each such file shall be served on opposing counsel. The Court does not have a preference for the manner of recording and has found automated software recordings, as well as attorney recordings, to be more than satisfactory. Audio files shall be submitted via USB drive, Box (not another cloud storage)[4], or email to the law clerk (with a cc to opposing counsel) and should be submitted in mp3 format.

8. For Markman briefs, summary judgment motions, and *Daubert* motions, each party shall deliver to Chambers one (1) paper copy of its Opening, Response, and Reply briefs, omitting attachments, at least a week before the hearing. Each party shall also provide an electronic copy of the briefs and exhibits via cloud storage[5] or USB drive. For *Markman* briefs, the parties should also include a (1) paper copy of all patents-in-suit and the Joint Claim

---

[4] The parties should contact the law clerk to request a Box link so that the party can directly upload the files to the Court's Box account.

[5] The parties should contact the law clerk to request a Box link so that the party can directly upload the files to the Court's Box account. The filenames for any exhibits should be a description of the exhibit, *e.g.*, "U.S. Patent No. 10,000,000" or "Prosecution history for 10,000,000 (January 20, 2020, Office Action)."

Construction Statement. To the extent the Court appoints a technical adviser, each party shall deliver the same to the technical adviser.

SIGNED this 9th day of November, 2020.

                                              ALAN D ALBRIGHT  
                                              UNITED STATES DISTRICT JUDGE

APPENDIX A - DEFAULT SCHEDULE

| Deadline | Item |
|---|---|
| 7 days before CMC | Plaintiff serves preliminary[6] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 2 weeks after CMC | Deadline for Motions to Transfer. |
| 7 weeks after CMC | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| 9 weeks after CMC | Parties exchange claim terms for construction. |
| 11 weeks after CMC | Parties exchange proposed claim constructions. |
| 12 weeks after CMC | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected |

---

[6] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| | testimony.[7] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 13 weeks after CMC | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions . |
| 14 weeks after CMC | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 17 weeks after CMC | Defendant files Responsive claim construction brief. |
| 19 weeks after CMC | Plaintiff files Reply claim construction brief. |
| 21 weeks after CMC | Defendant files a Sur-Reply claim construction brief. |
| 3 business days after submission of sur-reply | Parties submit Joint Claim Construction Statement. See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 22 weeks after CMC (but at least 1 week before *Markman* hearing) | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[8] |
| 23 weeks after CMC (or as soon as practicable) | *Markman* Hearing at [9:00 a.m. or 1:30 p.m.] |
| 1 business day after *Markman* hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing | Deadline to add parties. |
| 8 weeks after *Markman* hearing | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |

---

[7] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

[8] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| | |
|---|---|
| 16 weeks after *Markman* hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman* | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 30 weeks after *Markman* hearing | Close of Fact Discovery. |
| 31 weeks after *Markman* hearing | Opening Expert Reports. |
| 35 weeks after *Markman* hearing | Rebuttal Expert Reports. |
| 38 weeks after *Markman* hearing | Close of Expert Discovery. |
| 39 weeks after *Markman* hearing | Deadline for the second of two meet and confer to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after *Markman* hearing | Dispositive motion deadline and *Daubert* motion deadline. See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 42 weeks after *Markman* hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 44 weeks after *Markman* hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after *Markman* hearing | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |

| | |
|---|---|
| 46 weeks after *Markman* hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| 47 weeks after *Markman* hearing | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after *Markman* hearing (or as soon as practicable) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| 52 weeks after *Markman* hearing (or as soon as practicable)[9] | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing. |

---

[9] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.