## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br> v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Defendant. | Civil Action No. 6:20-cv-00725-ADA |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO
<u>STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................... 1

II.   STATEMENT OF FACTS ..................................................................................... 2

III.  LEGAL STANDARDS ........................................................................................... 5

IV.   ARGUMENT .......................................................................................................... 8

   A.   The FAC Fails to Assert a Plausible Claim of Direct Infringement ................................... 8

     1.   The FAC does not identify a direct infringer that practices the steps of the asserted method claim ................................................................................................................ 9

     2.   The FAC does not plead any facts to support a claim of joint infringement of the sole asserted claim ....................................................................................................... 10

   B.   The FAC Fails to Assert a Plausible Claim of Induced or Contributory Infringement .... 13

     1.   WSOU's Indirect Infringement Claims Fail without Direct Infringement ................. 13

     2.   WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement ............... 14

     3.   WSOU Fails to Allege the Requisite Specific Intent for Induced Infringement .......... 16

V.    CONCLUSION ...................................................................................................... 18

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) ...................................................................7, 18

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
    No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ........................7, 8, 17, 18

*Aguirre v. Powerchute Sports, LLC*,
    No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ......................14, 16

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015)...........................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................................15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).....................................................................................5, 15

*Bowlby v. City of Aberdeen, Miss.*,
    681 F.3d 215 (5th Cir. 2012) ...............................................................................5

*Castlemorton Wireless, LLC v. Bose Corp.*,
    6:20-cv-00029-ADA, Dkt. 51 (July 22, 2020)...........................................14, 15, 16

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
    859 F.3d 1352 (Fed. Cir. 2017)..........................................................................17

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)...................................................................................7, 14

*De La Vega v. Microsoft Corp.*,
    Nos. W-19-cv-00612, -00617, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ...........6, 10, 12

*Diem LLC v. BigCommerce, Inc.*,
    No. 6:17-cv-186-JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017).............................6

*DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
    No. 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) ................................6

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
    363 F.3d 1263 (Fed. Cir. 2004)..........................................................................13

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*,
    845 F.3d 1357 (Fed. Cir. 2017)................................................................................7

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
    909 F.3d 398 (Fed. Cir. 2018)................................................................................7

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)................................................................................9

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
    No. 7:19-CV-00026-DC, 2019 WL 3818049 (W.D. Tex. June 13, 2019) ............................16

*Frac Shack Inc. v. AFD Petroleum (Texas) Ltd.*,
    No. 7:19-cv-00026, 2019 WL 3818048 (W.D. Tex. June 13, 2019) ................................15, 16

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)................................................................................8

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
    870 F.3d 1320 (Fed. Cir. 2017)................................................................................7

*Joy Technologies, Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993)................................................................................6

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2016)................................................................................7

*Masimo Corp. v. Sotera Wireless*,
    No. 19-cv-01100-BAS-NLS, 2020 WL 2306587 (S.D. Cal. May 8, 2020) ............................17

*Meetrix IP, LLC v. Cisco Systems, Inc.*,
    No. 1-18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ............................15, 16

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018)................................................................................7

*Neitzke v. Williams*,
    490 U.S. 319 (1989)................................................................................6

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
    965 F.3d 1299 (Fed. Cir. 2020)................................................................................9, 10

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)................................16

*Parus Holdings Inc. v. Apple Inc.*,
    No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020)................................................................14, 15, 16

*Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc.*,
No. 11-cv-07701, Mem. Op. & Order, Dkt. 94 (N.D. Ill. Aug. 28, 2012)............................17

*Steve Madden, Ltd. v. Yves Saint Laurent*,
No. 18-cv-7592 (VEC), 2019 WL 2023766 (S.D.N.Y. May 8, 2019) ....................................15

*TeleSign Corp. v. Twilio, Inc.*,
No. 16-cv-2106-PSG, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016)........................................6

*Travel Sentry, Inc. v. Tropp*,
877 F.3d 1370 (Fed. Cir. 2017).............................................................................................7

*Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*,
350 F. Supp. 3d 143 (E.D.N.Y. 2018) ..................................................................................17

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
No. 6:15-cv-974-JRG-JDL, Dkt. 153, Order (E.D. Tex. Aug. 24, 2016) ................................6

*ZitoVault, LLC v. Int'l Bus. Machs. Corp.*,
No. 3:16-cv-0962, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018)....................................4, 12

## Other Authorities

Fed. R. Civ. P. 12(b)(6)............................................................................................ *passim*

Fed. R. Civ. P. 84....................................................................................................................15

## I.    INTRODUCTION

Plaintiff WSOU Investments, LLC's ("WSOU's") first amended complaint ("FAC" or "complaint") alleges infringement of a single patent: U.S. Patent No. 7,280,534 (the "'534 patent" or the "Asserted Patent"). Dkt. 22 at ¶¶ 17–60. Specifically, WSOU accuses Defendant Hewlett Packard Enterprise Company ("HPE") of directly and indirectly infringing the '534 patent because HPE "makes, uses, sells, offers for sale, imports, and/or distributes" network switches and routers including "the HPE FlexNetwork 5510 HI Switch Series, the HPE FlexFabric 5930 Switch Series, the HPE FlexFabric 5940 Switch Series, the HPE FlexNetwork HSR6800 Routers, and the HPE FlexFabric 12900 Switch Series" network switches and routers, which WSOU refers to as the Accused Products. *Id.*

However, WSOU's complaint fails to state a claim upon which relief could be granted, because, even if the Court accepts WSOU's factual allegations as true, the complaint fails to plausibly allege that any entity practices each and every element of at least one claim of the '534 patent. Furthermore, WSOU makes no attempt whatsoever to plead joint infringement, even though the asserted claim recites steps performed by a "customer edge" device and steps performed by an "IP service controller." None of the minor changes introduced in WSOU's FAC resolve the basic deficiencies present in its original complaint. HPE accordingly renews its motion to dismiss. *See* Dkt. 19. As a matter of law, WSOU still does not offer a sufficient allegation that HPE or anyone else directly infringes the asserted claims of the '534 patent, and this failure also condemns WSOU's claims for indirect infringement. WSOU cannot cure these defects by amending its complaint. WSOU's indirect infringement claim also fails because it does not allege HPE had pre-suit knowledge of the Asserted Patent, nor does it adequately plead the requisite specific intent for inducement. Therefore, HPE respectfully requests the Court grant

this motion and dismiss WSOU's complaint with prejudice.

## II.  STATEMENT OF FACTS

WSOU alleges infringement by HPE of the '534 patent, which is directed to a method

and apparatus for providing IP-VPN services for customers and service providers utilizing layer-

2 point-to-point connectivity. *See* Dkt. 1 ¶¶ 17–60. Claim 1, the only claim asserted in the

complaint[1], is a method claim directed to a method for providing Internet Protocol (IP) Virtual

Private Network (VPN) services. '534 patent, Cl. 1. Claim 1 is set forth below:

> 1. A method for providing Internet Protocol (IP) Virtual Private Network (VPN)
> services, comprising:
>
> *exchanging unique loop-back addresses of customer edges (CE) between said*
> *CEs via a respective data virtual circuit therebetween*;
>
> sending IP addresses of *customer networks associated with each CE* to an
> associated IP service controller (IPSC);
>
> broadcasting from said associated IPSC, said IP addresses of said associated
> customer networks to other IPSCs;
>
> *sending, from each CE to an associated IPSC*, a list of received loop-back
> addresses;
>
> sending, from each IPSC *to an associated CE*, customer network addresses
> received from other IPSCs; and
>
> *populating, at each CE*, a local routing table with information mapping said
> customer networks with a data virtual circuit.

Ex. A to Dkt. 22, '534 patent at 8:13–29 (emphasis added).

The '534 patent describes suitable networks for implementing the alleged invention, such

networks comprising "a service provider network 102 and a plurality of customer networks $120_1$

through $120_p$ (collectively customer networks 120)." *Id*. at 3:6–8. The '534 patent further

---

[1] HPE is aware that WSOU served infringement contentions on November 6, 2020 which assert
additional claims. However, those contentions are not part of the FAC, nor are they incorporated
by reference. Therefore, they are not for consideration in a Rule 12(b)(6) motion.

describes the customer networks as "each having a "customer edge" (CE) device." *Id*. at 3:20–22. "The backbone (i.e., core network and edge devices 108) is owned and operated by a Service Provider (SP)." *Id*. at 3:53–54. "In one embodiment of the present invention, the edge switch 108 comprises an IP service control (IPSC) module …in an alternative embodiment, the IPSC 130 may be implemented in a server (e.g., server 118 of FIG. 1), which is connected to and supports one or more edge switches." *Id*. at 3:19–32. Claim 1 requires the IPSC and CE to each send or manipulate specific information, including "sending, from each CE to an associated IPSC, a list of received loop-back addresses," *id.* at 8:23–24, and "sending, from each IPSC to an associated CE, customer network addresses received from other IPSCs," *id*. at 8:25–26. Thus, the method of claim 1 of the '534 patent requires specific action by components of a service provider network, such as the IPSCs, and components of customer networks, such as the CEs.

WSOU accuses certain HPE network switches and routers, including the HPE FlexNetwork 5510 HI Switch Series, the HPE FlexFabric 5930 Switch Series, the HPE FlexFabric 5940 Switch Series, the HPE FlexNetwork HSR6800 Routers, and the HPE FlexFabric 12900 Switch Series of directly infringing claim 1 of the '534 patent. Dkt. 22 at ¶¶ 21-49. Paragraphs 25-48 of the complaint contain generic allegations that the Accused Products are or can be configured to practice the method of claim 1, followed by paragraphs that broadly identify potential capabilities or features of the Accused Products without any apparent relation to the allegation of infringement. Paragraphs 25, 27, 29-34, 36-38, 40, 42-44, and 46-48 of the complaint appear to contain screenshots or citations from websites containing MPLS configuration guides for some of the Accused Products.[2] However, WSOU does not identify

---

[2] On a motion to dismiss, the Court may "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take

what or who is performing each step of the claimed method or how. Instead, the complaint merely contains various conclusory statements and naked assertions that the claim is satisfied.

HPE moved to dismiss WSOU's original complaint on several grounds including (1) failure to plausibly allege that HPE or any third party is responsible for practicing the steps of sole asserted the method claim of the '534 patent, (2) failure plead any facts to support a claim of joint infringement of the sole asserted claim, (3) failure to identify any direct infringer in support of its indirect infringement and induced infringement allegations, (4) failure to allege HPE's pre-suit knowledge of the '534 patent in support of those claims, (5) failure to allege any facts supporting HPE's specific intent to infringe the '534 patent in support of those claims. Dkt. 19.

In response to HPE's motion, WSOU submitted an amended, but largely identical, complaint (the FAC). Dkt. 22. There are only two substantial differences between the FAC and the original complaint.  One is the addition of paragraphs 53 and 54 of the FAC, which make conclusory allegations of HPE's knowledge of the patent and infringement and generic allegations of inducing conduct by HPE:

> HPE was and is aware that the normal and customary use by end users of the Accused Products infringes the '630 Patent. Upon information and belief, HPE's customers and end-users have used and continue to use the Accused Products in the United States in this manner and directly infringe the '630 Patent. Despite HPE's knowledge of the '630 Patent and knowledge and/or willful blindness that its actions induce infringement by customers and/or end-users, HPE has made, sold, and/or offered for sale the Accused Products, and is continuing to do so, with the specific intent to actively encourage customers and/or end-users to make, use, sell, offer for sale and/or import one or more Accused Products in a manner that HPE knows to be infringing.
>
> … On information and belief, HPE directs, controls, and/or encourages customers' and/or end-users' performance of the claimed steps by taking active steps that include, but are not

judicial notice." *See ZitoVault, LLC v. Int'l Bus. Machs. Corp.*, No. 3:16-cv-0962, 2018 WL 2971131, at *2 n.4 (N.D. Tex. Mar. 29, 2018) (citation omitted).

> limited to: making, using, configuring, and selling the Accused
> Products; instructing end-users to use the Accused Products;
> creating and disseminating advertising and promotional materials
> that encourage the use of the Accused Products, including product
> descriptions, operating manuals, configuration guides, support
> materials, technical materials, and other instructions on how to
> implement and configure the Accused Products; and providing
> training and certification programs that teach and demonstrate how
> to use and/or implement the Accused Products.

*Id*. at ¶¶ 53-54. The other is the expansion of paragraphs that include screenshots or citations

from websites containing MPLS configuration guides for some of the Accused Products. *See*

Dkt. 22, ¶¶31-34, 36-38, 40, 42-44, and 46-48. On their face, these amendments fail to address

the deficiencies outlined in HPE's previous motion to dismiss.[3]

## III.    LEGAL STANDARDS

A complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6)

when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)

(alteration in original) ("*Twombly*"). The complaint must plead "enough facts to state a claim to

relief that is plausible on its face." *Id*. at 570; *see also Bowlby v. City of Aberdeen, Miss.*, 681

F.3d 215, 219 (5th Cir. 2012). A complaint that alleges facts merely consistent with liability

"stops short of the line between possibility and plausibility" and should be dismissed. *Twombly*,

550 U.S. at 546. A complaint is "insufficient if it offers only 'labels and conclusions,' or 'a

formulaic recitation of the elements of a cause of action.'" *Bowlby*, 681 F.3d at 219 (quoting

---

[3] The other, insubstantial changes to the complaint include splitting the original complaint's ¶ 20
into ¶¶ 21-22 and adding ¶ 23 (advising that WSOU will identify additional accused products)
and ¶ 24 (quoting the language of claim 1 alongside a generic allegation that the Accused
Products meet its limitations), adding the phrase "are configured to" in relation to WSOU's
direct infringement allegation against the Accused Products in ¶¶ 24-25, 28, 35, 39, 41, 45, and
49, as well as dividing the allegations contained in the original complaint's ¶¶ 30-33 into the
FAC's ¶¶ 50-53 and 56-57.

*Twombly*, 550 U.S. at 555). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Accordingly, if well-pleaded facts still do not state a cognizable theory as a matter of law, dismissal pursuant to Rule 12(b)(6) is warranted.

In a patent suit, a complaint must plead facts that describe *how* the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, Nos. W-19-cv-00612, -00617, 2020 WL 3528411, at *3–4 (W.D. Tex. Feb. 11, 2020). Thus, the Complaint must "provid[e] facts sufficient to create a plausible inference that <u>each</u> element of the claim [of the patent] is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186-JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017) (emphasis added) (citations omitted); *see also TeleSign Corp. v. Twilio, Inc.*, No. 16-cv-2106-PSG, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to permit the court to infer that the accused product infringes each element of at least one claim") (internal quotations omitted) (alteration omitted). It is not enough to merely identify the accused products and state that they infringe the asserted claim; rather, the "key to patent infringement is … identifying how those products allegedly infringe the Asserted Patent claims." *VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, Dkt. 153, Order at 7 (E.D. Tex. Aug. 24, 2016) (Order attached as Exhibit 1); *see also DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. 18-098 (MN), 2018 WL 6629709, at *2 (D. Del. Dec. 19, 2018).  In the case of a method claim, infringement requires performance of the claimed steps, as opposed to sale of an accused product. *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a).").

Where "no single actor performs all steps, . . . direct infringement only occurs if 'the acts of one are attributable to the other such that a single entity is responsible for the infringement.'" *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017) (citation omitted); *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351 (Fed. Cir. 2018). In such cases, a plaintiff must plead facts "sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citation omitted); *see also Nalco*, 883 F.3d at 1351-52; *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015).

To plead indirect infringement, the complaint must first plead direct infringement by others. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same). For both induced and contributory infringement, a plaintiff must also plead facts to support an inference of a defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, a plaintiff must additionally plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex.

May 12, 2014) (citation omitted). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7–8. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

## IV.    ARGUMENT

The FAC should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to plausibly plead each and every element of its infringement claim. Although the FAC states that "each and every element of at least claim 1 of the '534 patent" is satisfied, Dkt. 22 at ¶ 49, it fails to support that assertion with plausible factual allegations. Specifically, WSOU fails as a matter of law to demonstrate that HPE or anyone else directly infringes the asserted claims of the '534 patent, and this failure defeats WSOU's claims for indirect infringement because direct infringement by others is a necessary predicate to prove active inducement of infringement and contributory infringement. WSOU's indirect infringement claims cannot survive for multiple other reasons as well.

### A.    The FAC Fails to Assert a Plausible Claim of Direct Infringement

WSOU's direct infringement claim should be dismissed because the FAC does not plausibly allege that HPE or any third party directly infringes the '534 patent. WSOU alleges that "the Accused Products are configured to perform each and every element of at least claim 1 of the '534 Patent," Dkt. 22 at ¶ 49, but WSOU fails to identify any person or entity that is responsible for practicing the steps of the method of claim 1. Further, even if WSOU meant to allege that HPE performed the entire method, HPE cannot plausibly perform all of the steps of claim 1 because, as is apparent from the '534 patent and WSOU's complaint, practicing the

method of claim 1 requires at least two different actors. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) ("Direct infringement requires a party to perform each and every step or element of a claimed method or product." (citation omitted)).

### 1. The FAC does not identify a direct infringer that practices the steps of the asserted method claim

In the FAC, WSOU alleges that "the Accused Products are configured to perform each and every element of at least claim 1 of the '534 Patent," Dkt. 22 at ¶ 49. WSOU then repeatedly makes a statement that the "Accused Products are configured practice [*sic*] a method," Dkt. 22 at ¶ 25, or generically the "Accused Product are configured to," Dkt. 22 at ¶¶ 28, 35, 39, 41, and 45, followed by conclusory allegations mimicking the language of the claim. However, products cannot practice a method by themselves, and WSOU does not identify any person or entity that is responsible for practicing the steps of claim 1. *See Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314–15 (Fed. Cir. 2020) ("Method claims are 'not directly infringed by the mere sale of an apparatus capable of performing the claimed process.'" (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993)). To allege direct infringement of the asserted claim, WSOU would have to identify a person or entity that performed or practiced each step of the asserted method, not merely point to a product it believes has the capability to perform the method when used. WSOU's complaint does not identify any third party that allegedly used the claimed method, or otherwise provide evidence that the claimed method was actually used by such an entity.

Additionally, to the extent WSOU meant to allege that HPE itself directly infringes, there is minimal disclosure of "internal use, testing, demonstration and/or configuration" of the products. *See* Dkt. 22 at ¶ 50. WSOU suggests that "HPE, while teaching others how to use and/or implement the Accused Products, performs demonstrations, and in so doing, practices

each and every element of at least claim 1 of the '534 Patent." Dkt. 22 at ¶ 52. Such limited

disclosure by WSOU fails to explain how, if at all, HPE could have directly infringed all the

elements of claim 1, and therefore does not rise to the level required to state a claim for relief.

*See De La Vega*, 2020 WL 3528411, at *4–5 (granting dismissal where plaintiff did not

"articulate[] any basis that would establish that either [defendant] performed all of the elements

of the claim when it tested the accused products"). Even if the Court accepts such an allegation,

such internal testing and/or demonstrations do not underlie a plausible claim for injury/damages.

*See id.* at *5 n.7 (expressing skepticism that plaintiff's claim of infringement based on

defendants' alleged internal testing could support anything more than "trivial" damages); *see*

*also Packet Intelligence*, 965 F.3d at 1315.

### 2. The FAC does not plead any facts to support a claim of joint infringement of the sole asserted claim

Claim 1 requires, among other things, "broadcasting ***from said associated IPSC***, said IP

addresses," "***sending, from each CE*** to an associated IPSC, a list of received loop-back

addresses," and "***populating, at each CE***, a local routing table with information ***mapping said***

***customer networks with a data virtual circuit***." There is no allegation, nor could there be, that

the accused HPE network switches are both the service provider ISPCs ***and*** the required

customer edge devices ("CEs"). In its original complaint, WSOU admitted that third-party

customers and/or service providers are needed to perform certain steps of the claim by alleging

the Accused Products provide IP-VPN services "***for customers and service providers***" when

those customers and service providers are "utilizing layer-2 point-to-point connectivity." Dkt. 1

at ¶ 25 (emphasis added). In the FAC, WSOU attempts to backtrack on this admission by

removing the reference to customers and service providers, and instead stating only that "The

Accused Products are configured practice a method for providing Internet Protocol (IP) Virtual

Private Network (VPN) services." Dkt. 22, at ¶25. However, the removal of any reference to customers or service providers in its allegations does not change the fact that claim 1 includes both steps that must be performed by the CE devices of customer networks and steps that must be performed by the third-party service providers' IPSCs.

More specifically, in the method of claim 1, a CE device performs at least the steps of "***sending, from each CE*** to an associated IPSC, a list of received loop-back addresses," "***populating, at each CE***, a local routing table with information mapping said customer networks with a data virtual circuit," and "an associated IP service controller (IPSC)" performs at least the step of "broadcasting ***from said associated IPSC***, said IP addresses of said associated customer networks to other IPSCs." Dkt. 1-1 at 8:23–29 (emphasis added). In other words, third-party CE devices of customer networks must send a list of received loop-back addresses from the CE devices to IPSCs of third-party service providers, and then later must populate at the third-party CE devices a local routing table with information mapping said customer networks with a data virtual circuit. And the third-party service providers' IPSCs must broadcast IP addresses. Yet, the complaint does not allege the Accused Products are the CEs or the IPSCs, much less both, nor does it allege that all of them are operated by HPE or any other one entity, or a collection of entities purportedly jointly infringing. Still further, the complaint does not include any factual allegations supporting these propositions, as would be required to survive a motion to dismiss.

The configuration guides for the Accused Products, which WSOU cites as its sole support for its direct infringement allegations against HPE, confirm that a "CE" or "customer edge device" is a separate device from the Accused Products that "resides on a customer network and has one or more interfaces directly connected to a service provider network. It does not support MPLS." HPE FlexFabric 5940 & 5930 Switch Series: MPLS Configuration Guide,

11

https://support.hpe.com/hpesc/public/docDisplay?docId=a00041116en_us&docLocale=en_US at 184 (last visited Nov. 19, 2020); HPE FlexNetwork 5510 HI Switch Series MPLS Configuration Guide, https://techhub.hpe.com/eginfolib/networking/docs/switches/5510hi/5200-0081b_mpls_cg/content/index.htm at "Basic MPLS L3VPN architecture"; *see also* Dkt. 22 at ¶ 55; *ZitoVault*, 2018 WL 2971131, at *2 n.4 (court can consider "documents incorporated into the complaint by reference"). Additionally, the FAC admits that the Accused Products are not the IPSC required by claim 1, stating that "[t]he Accused Products are configured to send IP addresses of customer networks associated with each CE **to an associated IP service controller (IPSC)**." Dkt. 22 at ¶ 35 (emphasis added).

WSOU does not allege HPE or any other entity provides customer networks having a customer edge (CE) device. Nor does WSOU allege HPE or any other entity is a service provider and/or provides IPSCs performing the claimed IPSCs steps, or even what is the IPSC. It is axiomatic that HPE cannot directly infringe a method claim when at least one separate third party performs at least two of the five steps of the claim (much less where another performs another step), and WSOU did not plead any facts to support a claim of joint infringement. *See De La Vega*, 2020 WL 3528411, at *4 ("[T]o meet the *Twombly/Iqbal* pleading standard for joint infringement by the combined acts of multiple parties, the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.'" (quoting *Lyda*, 838 F.3d at 1339).

Accordingly, the Court should dismiss WSOU's claim of direct infringement by HPE.

**B.     The FAC Fails to Assert a Plausible Claim of Induced or Contributory Infringement**

Despite its amendments, WSOU's indirect infringement claims remain deficient and should be dismissed. As an initial matter, WSOU's failure to plausibly allege underlying direct infringement precludes its claims of induced and contributory infringement. Beyond that shortcoming, WSOU's generic allegations of HPE's intent to induce infringement are unconnected to any specific, factual allegations that would make that claim plausible, especially in light of WSOU's allegation of HPE's knowledge of the patents being limited to post-suit knowledge.

**1.     WSOU's Indirect Infringement Claims Fail without Direct Infringement**

WSOU's indirect infringement allegations are insufficient as a matter of law as WSOU fails to plausibly allege direct infringement by a third party. *See supra* § IV.A. It is axiomatic that indirect infringement requires direct infringement by another as a predicate. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement … ."). The FAC names no such specific third party, *see* Dkt. 22 at ¶¶ 53-57 (at no point identifying an alleged direct infringer more specific than "customers, product makers, distributors, retailers, and/or end users of the Accused Products"). Furthermore, as discussed in Section IV.A above, WSOU's allegations of direct infringement *by anyone* are deficient because the claim requires multiple different actors. As a result, WSOU has also failed to adequately plead its claims of induced and contributory infringement and these claims should be dismissed.

### 2.    WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement

WSOU's indirect infringement allegations fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926 (citation omitted). As courts in this District have held, an allegation of *pre-suit* knowledge is required to support a claim of indirect infringement. *See Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Order Denying Def.'s Mot. to Dismiss, Dkt. 51 at 11 (July 22, 2020) (Order attached as Exhibit 2); *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, WSOU's sole allegation of knowledge of the patent is a conclusory statement that "***As of the date of service of the initial complaint***, August 18, 2020, HPE has had actual or constructive knowledge of the '534 Patent ... ." Dkt. 22 at ¶ 53 (emphasis added).[4] This Court has rejected materially identical allegations of knowledge. For example, in *Parus*, this Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent ***since at least the filing of the original complaint***." *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Amended Compl., Dkt. 28 at ¶ 44 (W.D. Tex. Oct. 21, 2019) (emphasis

---

[4] WSOU's allegation of knowledge of infringement is likewise deficient, as WSOU alleges such knowledge only "[s]ince the date of service of the initial complaint." Dkt. 22 at ¶ 53; *see, e.g.*, Ex. 4, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order Granting Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent."); Ex. 3, *id*., Dkt. 28 at ¶ 44 (Amended Compl.).

added) (attached as Exhibit 3); *see id.* at Text Order Granting Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims) (Order attached as Exhibit 4). Like the plaintiff in *Parus*, WSOU fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *see also* Ex. 2, *Castlemorton Wireless*, Dkt. 51 at 11 ("Because Castlemorton's complaint does not plead any facts that would support an allegation of pre-suit knowledge, the Court **GRANTS** Bose's motion to dismiss Castlemorton's indirect infringement claims.").

The cases WSOU cites in its amended complaint are not to the contrary. *In re Bill of Lading Transmission & Processing Systems Patent Litigation* excused a patentee's sparse pleading because it relied on the more liberal, but now-defunct, Form 18 pleading standard. 681 F.3d 1323, 1334–35 (Fed. Cir. 2012). *Bill of Lading* is obsolete since the Supreme Court abrogated its basis, the former Federal Rule of Civil Procedure 84. *Steve Madden, Ltd. v. Yves Saint Laurent*, No. 18-cv-7592 (VEC), 2019 WL 2023766, at *4 (S.D.N.Y. May 8, 2019) ("cases relying on Rule 84 and the form complaints are no longer good law"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("*Twombly* expounded the pleading standard *for 'all civil actions*.'") (emphasis added). More recently, *Meetrix IP, LLC v. Cisco Systems, Inc.* found that a failure to allege pre-suit knowledge required at least the dismissal of indirect infringement claims as to pre-suit conduct. No. 1-18-cv-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018). WSOU also attempts to rely on the holding in *Frac Shack Inc. v. AFD Petroleum (Texas) Ltd.*, No. 7:19-cv-00026, 2019 WL 3818048, at *2 (W.D. Tex. June 13, 2019) in which this Court denied defendant GES's motion to dismiss that "[f]or the same reasons that this Court denied the Motion to Dismiss of the other Defendants in this litigation." An analysis of this Court's reasoning when denying the "Motion to Dismiss of the other Defendants" shows that the holding

15

in *Frac Shack* was highly fact-specific.[5] Extending the holding of *Frac Shack* to the present case

would be at odds with this Court's subsequent rulings in *Castlemorton* and *Parus*, as well as

earlier precedent from this District in *Meetrix* and *Aguirre*.

WSOU's induced and contributory infringement claims should be dismissed for this

additional, independent reason.

### 3.    WSOU Fails to Allege the Requisite Specific Intent for Induced Infringement

WSOU also fails to plead specific intent in support of its inducement claim.

Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to***

***encouraging another's infringement, not merely that the inducer had knowledge of the***

***direct infringer's activities***.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-

ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS*

*Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (emphasis added)). WSOU's allegations of

specific intent amount to a single conclusory statement that "HPE has made, sold, and/or

offered for sale the Accused Products, and is continuing to do so, with the specific intent to

---

[5] In *Frac Shack* the "Plaintiff and Defendant AFD Petroleum kn[e]w each other well in terms of patent litigation," and had been engaged for over five years on a patent litigation related to the then asserted patents. *Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-00026-DC, 2019 WL 3818049, at *4 (W.D. Tex. June 13, 2019). Plaintiff also asserted facts demonstrating that "Defendant AFD Petroleum not only made a substantial design change that would shift AFD Petroleum's refueling trailer from the ORS design to the Octofueler design, it also submitted a provisional patent application in August 2016 on that Octofueler design-around." *Id.* Accordingly, this "informed the Court that Defendant had patent counsel engaged in activities that related to the Octofueler and Plaintiffs patents." *Id.* The Court additionally found that there was a reasonable inference that "Defendants were monitoring the progress of the application for the '906 Patent, saw that the Patent Office approved the claims, and decommissioned the ORS in anticipation of the '906 Patent's issuance." *Id.* at *5. The Plaintiff in the matter also sufficiently articulated facts from which a trier of fact could conclude that knowledge of one of the defendants, AFD Alaska, "was imputed to all the other Defendants through the common ownership and governance of each company." *Id.* at *4. WSOU has pled no facts that would support a finding based on the reasoning this Court followed in *Frac Shack*.

actively encourage customers and/or end-users to make, use, sell, offer for sale and/or import one or more Accused Products in a manner that HPE knows to be infringing." Dkt. 22, ¶ 53. But, critically, the complaint alleges no facts that suggest any connection between HPE *encouraging its customers to generally use the Accused Products* and their direct infringement, much less an intent to have HPE's customers directly infringe. WSOU's conclusory statement that HPE did these things with "specific intent" adds nothing. Dkt. 22, ¶ 53. *See, e.g.*, *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 169 (E.D.N.Y. 2018) (plaintiff's "conclusory allegation that the defendant specifically intended to encourage other defendants' infringement" did not allege facts sufficient to support induced infringement claim); *Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc.*, No. 11-cv-07701, Mem. Op. & Order, Dkt. 94 at *6 (N.D. Ill. Aug. 28, 2012) ("RSS improperly relies solely on the conclusory allegation that each Defendant "had specific intent" to [indirectly] infringe with no facts, even contextual facts, to support that allegation.") (attached as Exhibit 5); *Masimo Corp. v. Sotera Wireless*, No. 19-cv-01100-BAS-NLS, 2020 WL 2306587, at *9 (S.D. Cal. May 8, 2020) ("the Complaint's conclusory claim that Foxconn knew and intended the products to be used in an infringing manner does not state a claim that Foxconn knew Sotera's acts constituted infringement").

In order to plausibly plead induced infringement, the law requires a threshold showing that HPE induced someone to perform *all of the steps that constitute infringement*. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."); *see also Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. 13-cv-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12,

2014) (dismissing induced infringement claims where "Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe the Asserted Patents. The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents." (citations omitted)).

WSOU's conclusory allegations fail to present facts that could demonstrate: (1) HPE knew that the alleged acts would infringe, and (2) HPE knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7-8 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient." (citation omitted)).

WSOU's inducement claim should be dismissed because the FAC is entirely silent on a key requirement of induced infringement.

## V.   CONCLUSION

WSOU has failed to assert plausible allegations of infringement against HPE, even after receiving notice of the deficiencies of its original pleading. Rather than allowing WSOU a third chance to file a proper complaint, HPE respectfully requests the Court dismiss the FAC alleging infringement of the '534 patent ***with prejudice*** pursuant to Fed. R. Civ. P. 12(b)(6).

Date: November 20, 2020

Respectfully submitted,

By: */s/ Barry K. Shelton*

Michael R. Franzinger
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
mfranzinger@sidley.com

Michael D. Hatcher
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
mhatcher@sidley.com

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620, Suite 205
Austin, TX 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com

**ATTORNEYS FOR DEFENDANT
HEWLETT PACKARD ENTERPRISE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system pursuant to Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*

Barry K. Shelton
