# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VSTREAM TECHNOLOGIES, LLC** | § | |
| | § | |
| v. | § | Civil Action No. 6:15-cv-974-JRG-JDL |
| | § | |
| **PLR IP HOLDINGS, LLC, et al.** | § | **CONSOLIDATED LEAD CASE** |

## ORDER

Before the Court is Defendant Motorola Mobility LLC's ("Motorola"'s) Motion to Dismiss VStream's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 111.) Plaintiff VStream Technologies, LLC ("Plaintiff" or "VStream") has filed a response to this motion (Doc. No. 127), to which Motorola has filed a reply (Doc. No. 135). Defendants BlackBerry Ltd. and BlackBerry Corporation (collectively "BlackBerry") have filed a substantially similar motion. (Doc. No. 112.) VStream has likewise filed a response (Doc. No. 128), and Blackberry has filed a reply (Doc. No. 134). Upon consideration of the parties' arguments, the Court **ORDERS** VStream to **FILE AN AMENDED COMPLAINT** that is consistent with the Federal Rules and this Order **WITHIN 14 DAYS of the date of this Order**.

## BACKGROUND

On November 11, 2015, Plaintiff filed suit against Motorola and Blackberry. (Case No. 6:15-cv-976, Doc. No. 1, "Original Complaint".) Plaintiff's Original Complaint alleged infringement of five patents: United States Patent Nos. 6,690,731 ("the '731 Patent"), 8,179,971 ("the '971 Patent"), 6,850,647 ("the '647 Patent), 7,627,183 ("the '183 Patent"), and 7,489,824 ("the '824 Patent") (collectively, "the Asserted Patents"). (*See id.*)

1

On January 25, 2016 and February 9, 2016, Motorola and Blackberry filed Motions to Dismiss the Original Complaint. (Doc. No. 30 & 45.) These motions were fully briefed. (*see* Doc. Nos. 46, 58, 61, 63.) On May 19, 2016, VStream filed a First Amended Complaint. (Doc. No. 107, "FAC".) The Original Complaint and FAC are substantially the same, except that the FAC lists additional Motorola and Blackberry products that allegedly infringe the Asserted Patents. (*Compare* Original Complaint *to* FAC.) Like the Original Complaint, the FAC does not identify any representative claims of the Asserted Patents that are allegedly infringed by Motorola or Blackberry. (*See generally* FAC.) Two exemplary paragraphs of the FAC state:

> 20. Motorola has infringed and continues to infringe one or more claims of the '731 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '731 Patent, including but not limited to the Motorola Moto G4 Plus, Motorola Moto G4, Motorola Moto G4 Play, Motorola Droid Turbo 2, Motorola Droid Turbo, Motorola Droid Ultra, Motorola Droid Maxx, Motorola Droid Maxx 2, Motorola Droid Mini, Motorola Moto G Turbo Edition, Motorola Moto X, Motorola Moto X Force, Motorola Moto X Style, Motorola Moto X Play Dual SIM, Motorola Moto X Play, Motorola Moto X Pure Edition, Motorola Moto X (2nd gen), Motorola Moto G, Motorola Moto G Dual SIM (3rd gen), Motorola Moto G (3rd gen), Motorola Moto G 4G (2nd gen), Motorola Moto G 4G Dual SIM (2nd gen), Motorola Moto G Dual SIM (2nd gen), Motorola Moto G (2nd gen), Motorola Moto G 4G, Motorola Moto G Dual SIM, Motorola Moto E, Motorola Moto E Dual Sim, Motorola Moto E Dual SIM (2nd gen), Motorola Moto E (2nd gen), Motorola Moto E 4G LTE, Motorola Moto E 3G, Motorola Moto Maxx, Motorola Nexus 6, Motorola Luge, Motorola Droid RAZR MAXX HD, Motorola Droid RAZR HD, Motorola Droid RAZR M, Motorola RAZR M XT905, and Motorola Atrix HD smartphones.
>
> 21. On information and belief, Motorola has actively induced infringement of the '731 patent and is liable as an infringer under 35 U.S.C. § 271(b). On information and belief, Motorola's customers use the products accused of infringement herein, and such use directly infringes the '731 Patent. At least as of the date of this lawsuit, Motorola has knowledge of the Patents and, on information and belief, has knowledge of actual infringement of the Patents by Motorola's customers. Motorola actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner. For example, and without

>limitation, the user guide for the Moto X Pure Edition instructs users how to use the phone's video camera to capture HD video, which uses the image stabilization functionality of Qualcomm Snapdragon processors. Motorola therefore infringes one or more claims of the '731 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '731 Patent.

(FAC at ¶¶20-21.) The FAC uses similar language in its allegations against Blackberry. (*See, e.g.*, FAC ¶¶22-23.) The FAC repeats this pattern for each of the remaining causes of action.

Based on these allegations, on June 2, 2016, Motorola and Blackberry filed now-pending motions to dismiss the above-identified civil action for failure to state a claim. (Doc. Nos. 111 & 112). After those motions were filed, the Court denied the Motions to Dismiss the Original Complaint as moot. (Doc. No. 115.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007) (interpreting Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684–85 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "'[D]etailed factual allegations'" are not required. *Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.


# DISCUSSION

As a preliminary matter, the parties dispute what pleading standard should be applied to the direct patent infringement allegations in the FAC. Prior to December 1, 2015, Form 18 of the Federal Rules of Civil Procedure ("FRCP") provided an illustration of a sample complaint for a claim for direct patent infringement. This form was previously recognized as sufficient under Rule 8. *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). On December 1, 2015, amendments to the FRCP abrogated Rule 84 and its accompanying forms. These amendments "govern in all proceedings in civil cases thereafter commended and, *insofar as just and practicable, all proceedings then pending*." (Transmittal of Amendments to the FRCP, April 29, 2015 at 3 (emphasis added).) The Fifth Circuit has held that when amendments to the FRCP are to be applied to pending cases "insofar as just and practicable," those amendments "should be given retroactive application 'to the maximum extent possible.'" *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (internal citations omitted). In this case, Plaintiff filed the FAC on May 19, 2016, more than five months after the amendments to the FRCP took effect. The Court thus finds that it is just and practicable to analyze the sufficiency of the FAC under Rule 8 in light of the standards articulated in *Twombly* and *Iqbal*. *See Rembrandt Patent Innovations LLC v. Apple Inc.*, No. 14-cv-05093, 2015 WL 8607390, at *2 (N.D. Cal. Dec. 13, 2015); *Tannerite Sports, LLC v. Jerent Enterprises, LLC*, No. 6:15-cv-00180, 2016 WL 1737740, at *2–5 (D. Or. May 2, 2016).

Plaintiff argues that because this *action* was commenced on November 11, 2015, before the FRCP amendments took effect, the Form 18 pleading standard should apply. This argument is not persuasive. The decision in *Tannerite Sports* is instructive. *See Tannerite Sports,* 2016 WL 1737740, at *2-*5. In *Tannerite*, the Court applied the *Iqbal* and *Twombly* pleading standard to Defendants' amended non-infringement counterclaims, which were filed after the

amendments to the FRCP took effect. The Court applied the *Iqbal* and *Twombly* standard even though the case and Defendants' original non-infringement counterclaims were filed prior to December 1, 2015. *Id.* In part, the Court noted that it was appropriate to apply the *Iqbal* and *Twombly* standard for policy reasons. The Court explained that "[t]he farther from December 1, 2015 this issue arises, the weaker the argument for utilizing the defunct form." *Tannerite Sports, LLC*, 2016 WL 1737740, at *4. In this case, where the FRCP amendments took effect more than five months before Plaintiff filed the FAC, and Plaintiff was aware that Blackberry and Motorola disputed the adequacy of the Original Complaint on the basis of those amendments, it is appropriate to apply the standards set forth in *Twombly* and *Iqbal* to the FAC. With the proper standard in mind, the Court now turns to substance of the parties' dispute.

Plaintiff is the owner of the Asserted Patents, which are drawn to data encoding and decoding technology, specifically for image and video data. (*See generally*, Asserted Patents.) Plaintiff alleges that Motorola and Blackberry directly infringe and induce infringement of the Asserted Patents through their various smartphone products. (*See generally*, FAC.)

Motorola and Blackberry argue that Plaintiff fails to state facts that suggest a plausible claim. (Doc. No. 111, at 1; Doc. No. 112, at 1.) Specifically, Motorola and Blackberry contend that the FAC is nothing more than a recitation of statutory language and "bare conclusory assertions." (Doc. No. 111, at 5.) Motorola and Blackberry cite the Court's opinion in *Uniloc* and contend that Plaintiff is required to "identify specific asserted claims" and explain "how the elements of those claims are met by the accused products." (Doc. No. 111, at 9; Doc. No. 112, at 8); *see generally Uniloc v. Avaya*, 6:15-cv-1168, at *8-9 (E.D. Tex. June 2, 2016). Motorola and Blackberry further contend that Plaintiff's induced infringement claims fail because (1) Plaintiff has not adequately pled direct infringement and (2) Plaintiff has not adequately pled the other

5

elements of induced infringement, including specific intent to induce infringement and knowledge that a third party's acts constituted direct infringement. (Doc. No. 111, at 10; Doc. No. 112, at 9.)

Plaintiff opposes Motorola's and Blackberry's motions and contends its allegations are sufficiently pled. (Doc Nos. 127 & 128.) Specifically, Plaintiff argues that it has satisfied its pleading requirements by identifying the Asserted Patents and providing a list of Motorola's and Blackberry's allegedly infringing products. (Doc. No. 127, at 8.) Plaintiff also identifies paragraphs 11 and 12 of the FAC, which provide a general overview of video compression and decompression techniques, as describing the "accused functionality at the heart of the infringing products." (*Id.* at 7; *see also* FAC ¶¶11-12.) Plaintiff further contends that Motorola and Blackberry have been able to move forward with discovery, showing that these defendants have sufficient information from the FAC to frame a defense in the case. (Doc. No. 127, at 8-9.) Plaintiff further contends that "requiring VStream to amend the FAC would be inconsistent with FRCP 1" because it would not "advance the interests of justice." (*Id.* at 9.) Plaintiff alleges that Motorola's and Blackberry's motions have caused unnecessary delay in the litigation process and that asking Plaintiff to amend the FAC would "compound that mischief." (*Id.*)

Plaintiff contends that its induced infringement claims are likewise sufficient. (*Id.* at 10-12.) Specifically, Plaintiff contends that it has alleged specific intent to induce infringement by pleading that Motorola and Blackberry advertise "the use of the accused products in an infringing manner" and instruct customers "to use the accused products in an infringing manner." (*Id.* at 11.) Plaintiff also contends that it provides a specific example of induced infringement for each of its allegations, such as: "the user guide for the Moto X Pure Edition instructs users how to use the phone's video camera to capture HD video, which uses the image stabilization

6

functionality of Qualcomm Snapdragon processors." (*Id.* at 12.) Plaintiff argues that it has satisfied the knowledge requirement of induced infringement by alleging that Motorola and Blackberry had knowledge of the patents at least since this lawsuit was filed. (*Id.* at 12.)

The Court finds that Plaintiff has not pled sufficient factual allegations to plausibly suggest its claims for patent infringement. Although Plaintiff has identified a long list of Defendants' allegedly infringing products, the key to patent infringement is not just identifying those products, but identifying how those products allegedly infringe the Asserted Patent claims. Beyond Plaintiff's "specific example" in each of its induced infringement allegations, discussed further *infra*, there is no information in the FAC even attempting to tie the accused products to the overall technology described by the Asserted Patents, let alone tying the accused products to the claims of the Asserted Patents. Plaintiff's assertion that paragraphs 11 and 12 of the FAC describe the "accused functionality at the heart of the infringing products" is belied by the actual language of the FAC. These paragraphs are grouped with paragraphs related to the Asserted Patents, not the accused products. (*See* FAC, ¶¶10-18.) Furthermore, these paragraphs generally describe video compression and decompression techniques, including a broad list of potential industries where video compression and decompression can be used. There is simply not enough specificity to put Defendants on notice of the accused aspects of the accused products as they relate to representative claims of the Asserted Patents.

Because the Court finds that Plaintiff's direct infringement claims are insufficient, Plaintiff's induced infringement claims must also fail. *BMC Software, Inc. v. ServiceNow, Inc.*, 2015 WL 2379333, at *2 (E.D. Tex. May 18, 2015). Plaintiff has sufficiently pled the knowledge element of induced infringement by alleging that "[a]t least as of the date of this lawsuit, [defendant] has knowledge of the Patents and, on information and belief, has knowledge

7

of actual infringement of the Patents by [defendant]'s customers." (*see, e.g.*, FAC ¶21); *Uniloc v. Avaya*, 6:15-cv-1168, slip op. at 8 (E.D. Tex. June 2, 2016) (holding that failure "to allege pre-suit knowledge of the patent is not a basis to dismiss indirect infringement claims.").

However, Plaintiiff must include additional facts in order to plausibly plead the specific intent prong of induced infringement. Besides its "specific examples," Plaintiff includes only a single sentence in each of its allegations that appears to be directed to the specific intent prong. In each instance, Plaintiff states "[defendant] actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner." (*see, e.g.*, FAC ¶21.) While the Court does agree with Plaintiff that factual allegations of instructions to use a product in an infringing manner may be sufficient to plead specific intent, *Uniloc*, 6:15-cv-1168, at 8-9, these "naked assertions" are insufficient. *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12CV366 MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013). Nor do Plaintiff's "specific examples" add sufficient facts to cure this deficiency. It is not clear how these examples actually relate the accused products to the Asserted Patent claims. For instance, there is no explanation of how the "stabilization functionality of Qualcomm Snapdragon processors" implicates the Asserted Patent claims. Indeed, Plaintiff does not mention "Qualcomm Snapdragon processors" anywhere else in the FAC. Plaintiff must at least provide some basis to plausibly support its allegations by including facts or examples that clearly link Defendants' advertisements or instructions to use the accused products to Defendants' customers' alleged infringement of the patent claims.

While "detailed factual allegations" are not required, *Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555), a Complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Likewise,

8

although allegations to the level of detail contained in infringement contentions are not required at the pleading stage, *Solocron Education v. Healthstream*, 2:16-cv-16-JRG, slip. op. at 5-6 (E.D. Tex. June 7, 2016), there must be more than boilerplate conclusory statements to support a claim for relief. *Twombly*, 550 U.S. at 570. To be clear, Plaintiff need not perform an element-by-element analysis of the accused products to the claims in order to satisfy its obligations. However, Plaintiff must at least put Defendants on plausible notice of the claims Defendants may need to defend agains by identifying a representative claim from each of the Asserted Patents and providing facts sufficient to create a plausible inference that the claim is infringed by the accused products. *See TeleSign Corp. v. Twilio, Inc.*, CV 16-2106 PSG (SSx), at *4 ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to 'permit [the] court to infer that the accused product infringed each element of at least one claim." (quoting *Atlas IP, LLC v. Exelon Corp.*, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016))); *Asghari-Kamrani v. United Services Automobile Association*, 2016 WL 1253533, at *4 (E.D. Va. Mar. 22, 2016); *Robern, Inc. v. Glasscrafters, Inc.*, No. CV 16-1815, 2016 WL 3951726, at *5 (D.N.J. July 22, 2016) ("Plaintiff made no attempt to describe the alleged infringement and also failed to relate factual assertions to the pertinent claims in the '884 patent. . . . Essentially, Plaintiff has echoed the statutory language and the requirements of the now-abrogated Form 18. This is not sufficient to meet the pleading standard under *Iqbal/Twombly*.")

      The fact that the parties have commenced discovery does not excuse Plaintiff from fulfilling its pleading obligations. Plaintiff is required by the Federal Rules to allege sufficient facts in its pleadings to state a plausible claim for relief. These requirements do not change simply because the case has advanced in discovery. Nor are these requirements somehow inconsistent with FRCP 1. Rule 1 does not "abridge the scope" of the rules; it simply invites all

9

parties to employ the rules in a just manner. *See* 2015 Committee Notes on FRCP, Rule 1. Although the parties have had ample time to serve discovery and contentions illuminating the details of their claims and defenses, Plaintiff must still meet its obligations under the rules with its FAC.

## CONCLUSION

For the reasons explained herein, the Court **ORDERS** that VStream **FILE AN AMENDED COMPLAINT** that is consistent with the Federal Rules and this Order **WITHIN 14 DAYS** of the date of this Order

**So ORDERED and SIGNED this 24th day of August, 2016.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE