# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RADIATION STABILIZATION SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VARIAN MEDICAL SYSTEMS, INC., LOYOLA UNIVERSITY MEDICAL CENTER, CANCER TREATMENT CENTERS OF AMERICA, AND UROPARTNERS LLC, <br><br> Defendants. | Case No. 11 C 7701 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Radiation Stabilization Solutions ("RSS") sued Defendants Varian Medical Systems, Inc. ("Varian"), Loyola University Medical Center ("Loyola"), Cancer Treatment Centers of America ("CTCA") and Uropartners LLC ("Uropartners," and, together with Loyola and CTCA, the "Hospital Defendants") for infringement of U.S. Patent No. 6,118,848 (the "'848 Patent"). The Defendants move to dismiss on grounds that the Complaint's allegations are inadequate under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the reasons stated herein, Defendant's Motion to Dismiss is granted with leave to amend.

**I.     RSS' ALLEGATIONS**

For purposes of this motion to dismiss, the Court accepts the following well-pleaded allegations as true. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). RSS is the exclusive licensee of the '848 Patent, titled "System to Stabilize an Irradiated Internal Target." (Cmplt. ¶8). Varian is a Delaware corporation headquartered in Palo Alto, CA. The Hospital Defendants are each health care facilities operating in the Chicago area. RSS alleges, with no

factual support or context, that each of the Defendants directly and/or indirectly infringes the '848 Patent because the Defendants either use, offer for sale, sell, import, or induce others to use, offer, sell, or import systems that use Image Guided Radiation Therapy ("IGRT").

## II. STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim "is a purely procedural question not pertaining to patent law," so the Court applies Seventh Circuit precedent notwithstanding the patent-based nature of this suit. *See In re Bill of Lading Transmission and Processing Sys. Patent Lit.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard of pleading required by Rule 8 does not rise to "detailed factual allegations" but must be more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must be "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief requires "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In short, under *Iqbal*, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together . . . the court will ask itself could these things have happened, not did they happen." *Swanson*, 614 F.3d at 404. If the

2

allegations are insufficient to state a plausible claim for relief, the Court may dismiss the complaint. *Twombly*, 550 U.S. at 555-57.

### III. DISCUSSION

#### A. Direct Infringement

RSS alleges that each of the Hospital Defendants directly infringed the '848 patent. The Defendants contend that RSS's complaint does not state a claim for direct infringement because it does not allege specific products other than "at least the" Novalis Tx and/or Trilogy systems, and the catch-all "systems that use IGRT." RSS responds that its allegations of direct infringement comply with the federal rules form for a patent infringement case, Form 18, and therefore should pass muster under Rule 8. In *McZeal*, the Federal Circuit discussed the federal rules form for a patent infringement case (then Form 16, now Form 18), noting that form requires only "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling and using [the device] embodying the patent;" (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for injunction for damages." *McZeal*, 501 F.3d at 1356-57; *see also* Fed. R. Civ. P. Form 18 (using the example of "electric motors" as "the device"); *accord In re Bill of Lading*, 681 F.3d at 1334 ("whether [plainitff's] amended complaints adequately plead direct infringement is to be measured by the specificity required by Form 18.")

Form 18 may provide limited requirements for satisfaction of pleading standards under Rule 8 and *In re Bill of Lading*, but RSS' complaint fails even to meet those minimum standards. RSS asserts (in its opposition to the Motion to Dismiss, not in the Complaint) that the mention of products on the Defendants' websites in the context of its direct infringement allegations against the

3

Hospital Defendants (and its induced infringement allegations against Varian, addressed below) constitutes sufficient pleading under Form 18 and puts Defendants on notice that IGRT products, including but not limited to Trilogy and Novalis Tx are the infringing products at issue. But it is far from obvious from the Complaint that Trilogy and Novalis are the sole products at issue, given RSS' continued use of the "at least" qualifier before every mention of one of the two specific products. It is also unclear from the Complaint that RSS gave the Defendants any notice of infringement; to the contrary, the Complaint asserts that infringement has been occurring since "at least as of the date of filing" of this Complaint. Such deliberately vague language provides absolutely no context for the Defendants and cannot constitute notice to the Defendants of the conduct they are alleged to have committed. It is entirely possible, however, that amendment of the Complaint would cure these deficiencies. Therefore, RSS' claims for direct infringement against the Hospital Defendants are dismissed with leave to amend the Complaint to limit the allegedly infringing products to those RSS can specify with clarity.

### B. All Defendants - Indirect Infringement

The Defendants all assert that RSS has insufficiently plead both types of indirect infringement: contributory infringement (35 U.S.C. § 271(c)) and inducing infringement (35 U.S.C. § 271(f)). To demonstrate inducement of infringement, the patentee must establish "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008). As for contributory infringement, RSS must ultimately show direct infringement by one or more of the Defendants and that the Defendants each (1) knew of the patents at issue; (2) knew that the product it allegedly sold was especially made or adapted

4

for infringing uses; and (3) knew that the product was not suitable for substantial non-infringing uses. *See* 35 U.S.C. § 271(c)); *see also Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). For both types of indirect infringement, the complaint must allege both knowledge of the patent and intent. *See e.g., Malinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).

As an initial matter, the Hospital Defendants assert that the claims of indirect infringement must be dismissed because the Hospital Defendants cannot be guilty of both direct and indirect infringement at the same time. Both induced infringement and contributory infringement require the defendant to have aided a third party direct infringer. *See, e.g., RF Delaware, Inc. V. Pacific Keystone Techs., Inc.*, 326 F.3d 1255, 1268 (Fed. Cir. 2003) (liability for either active inducement of infringement or for contributory infringement is dependent on upon the existence of direct infringement by customers); *Broadcom Corp.* 543 F.3d at 697 (induced infringement requires intent "to encourage another's infringement"); *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) (contributory infringement is "dependent upon the existence of direct infringement").

RSS' complaint of indirect infringement fails as to the Hospital Defedannts and as to Varian because RSS does not allege *any* third party direct infringer aided by *any* of the Defendants. As shown by the brevity of Section I above, RSS' Complaint is exceptionally sparse in terms of factual context for the allegations. The Complaint contains no allegation of any third party who may have been aided or induced to infringe by any of the Defendants. While it may be the case that Varian supplies the Hospital Defendants, thereby making Varian the alleged indirect infringer and the Hospital Defendants the alleged direct infringers, the Complaint is so brief that it makes no such statement. In fact, but for Varian's name, the Complaint is so cursory that RSS failed to include any

5

allegation that Varian is even in the field of medical devices. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. With so little information provided in the Complaint, the Defendants cannot be considered to be on notice of what they are alleged to have done, and with whom, in order to be indirectly infringing the '848 Patent. For that reason alone, RSS' allegations of indirect infringement are dismissed with leave to amend.

RSS' allegations of indirect infringement against each of the Defendants fail for another reason. Both induced infringement and contributory infringement require a pleading of knowledge and/or specific intent. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1034 (Fed. Cir. 2006) (defendants must possess specific intent to encourage infringement); *Lucent Techs., Inc. v. Gateway, Inc.* 580 F.3d 1301, 1320 (Fed. Cir. 2009) (contributory infringement requires knowledge that its components had no substantial non-infringing uses). The Complaint provides absolutely no factual detail about how (or even if) the Defendants had knowledge of the '848 Patent, let alone knowledge that infringement was ongoing. RSS improperly relies solely on the conclusory allegation that each Defendant "had specific intent" to infringe with no facts, even contextual facts, to support that allegation. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.") Alleging the legal conclusion with no supporting factual basis whatsover does not pass the bar of *Iqbal* and *Twombly*.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint (Doc. 45) is granted and RSS' Complaint is dismissed in its entirety. By September 10, 2012, RSS must amend

its Complaint and address the multiple deficiencies identified in this opinion, so as to give the Defendants appropriate basis to determine whether they have committed actions constituting either direct or indirect infringement. In light of the complete dismissal of the Complaint, the Defendants' Motion to Sever (Docket No. 76) is stricken without prejudice. Should RSS elect to file an Amended Complaint, the Defendants may request that this Court apply the fully briefed Motion to Sever to that Amended Complaint, or may request that they be permitted to file a new motion to sever.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 28, 2012

7