# Exhibit B

MARK D. FLANAGAN (SBN 130303)
mark.flanagan@wilmerhale.com
MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
JOSEPH F. HAAG (SBN 248749)
joseph.haag@wilmerhale.com
EVELYN C. MAK (SBN 258086)
evelyn.mak@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 PAGE MILL ROAD
PALO ALTO, CALIFORNIA  94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100


Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEWLETT-PACKARD COMPANY**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SERVICENOW, INC.**, a Delaware Corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Case No.                                                                COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hewlett-Packard Company ("HP") complains and alleges as follows against Defendant ServiceNow, Inc. ("ServiceNow").

## THE PARTIES

1. Plaintiff HP is a Delaware corporation having a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

2. Founded in 1939 in a Palo Alto garage by college friends William Hewlett and David Packard, HP is today among the largest and most innovative technology companies in the world, serving customers in more than 170 countries with products ranging from software, personal computing, printing and imaging to IT infrastructure and digital entertainment. In the last decade alone, HP has invested more than 20 billion dollars in research and development, and has been awarded thousands of patents for its innovations by the U.S. Patent and Trademark Office.

3. One of the fields in which HP has been a pioneer and industry leader is Information Technology Service Management, or ITSM. The proliferation of sophisticated and expensive IT networks of computers, software, and associated devices and services has made effective management of IT resources a mission-critical need for businesses and organizations of virtually any size. ITSM software provides the tools necessary to do just that. Demonstrating HP's long-time leadership in ITSM, and ITSM software in particular, HP has led the development of the recognized industry framework of best practices for ITSM promulgated by the Information Technology Infrastructure Library (ITIL), including by authoring significant portions of past and current versions of ITIL. As a result of its innovations in ITSM, HP and the companies it has acquired collectively have been awarded numerous patents relating to managing and operating an IT infrastructure, including ITSM-specific patents.

4. Defendant ServiceNow is a Delaware corporation having a principal place of business at 3260 Jay Street, Santa Clara, California 95054. ServiceNow maintains numerous offices around the world and is doing business in this judicial district.

## JURISDICTION

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over ServiceNow because ServiceNow regularly does business in this judicial district and/or has infringed or caused infringement in California and in this district. Upon information and belief, ServiceNow derives significant revenue from the sale of infringing products within this district, and knows its actions will have consequences within this district.

## VENUE

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) because ServiceNow transacts business in this district, acts of infringement have been committed in this district, and ServiceNow is subject to personal jurisdiction in this district. In addition, venue is proper because HP's principal place of business is in this district, and HP has suffered harm in this district.

## INTRADISTRICT ASSIGNMENT

8. This Complaint includes an Intellectual Property Action for Patent Infringement, which is an excepted category under Civil Local Rule 3-2(c). Consequently, this action is assigned on a district-wide basis.

## BACKGROUND

### HP's History of Innovation

9. HP is a pioneer in ITSM software and is a leading supplier of hardware and software information technology management solutions for businesses throughout the United States and the world. HP's software offerings include a suite of software solutions for IT management, including application lifecycle management, automation and orchestration of IT operations, ITSM, security intelligence and risk management, hardware asset management and software asset management.

10. HP introduced its first IT software products, known as the OpenView products, in the early 1990s and added service management capabilities to its OpenView products in 1996. HP has continually improved the technology through both its own research and development and

acquisitions of some of the most innovative companies in the field. HP's continued innovation in the field has allowed it to introduce new ITSM solutions for its customers and has resulted in HP being awarded patents on a continual basis that recognize that innovation.

### ServiceNow

11. ServiceNow is a direct competitor of HP in the ITSM software market. ServiceNow's products infringe numerous HP patents stemming from its technology investments, including at least those identified herein. As a result of ServiceNow's infringement of HP's patents, HP has suffered and continues to suffer irreparable harm, as well as damages in the form of lost profits and a reasonable royalty for ServiceNow's infringement of those patents. Consequently, HP seeks a permanent injunction prohibiting the continued infringement of HP's patents by ServiceNow's products, as well as compensatory damages.

### The Patents-In-Suit

12. HP is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,925,981 ("the '981 Patent"), entitled "Systems and Methods for Managing Web Services Via a Framework of Interfaces." The '981 Patent was issued on April 12, 2011, from U.S. Patent Application No. 10/438,716, filed May 14, 2003. A true and correct copy of the '981 Patent is attached as Exhibit 1.

13. HP is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,945,860 ("the '860 Patent"), entitled "Systems and Methods for Managing Conversations Between Information Technology Resources." The '860 Patent was issued on May 17, 2011, from U.S. Patent Application No. 10/438,576, filed May 14, 2003. A true and correct copy of the '860 Patent is attached as Exhibit 2.

14. HP is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,890,802 ("the '802 Patent"), entitled "Systems and Method for Automated and Assisted Resolution of IT Incidents." The '802 Patent was issued on February 15, 2011, from U.S. Patent Application No. 12/543,387, filed August 18, 2009. A true and correct copy of the '802 Patent is attached as Exhibit 3.

15. HP is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,610,512 ("the '512 Patent"), entitled "Systems and Method for Automated and Assisted Resolution of IT Incidents." The '512 Patent was issued on October 27, 2009, from U.S. Patent Application No. 11/327,745, filed January 6, 2006. A true and correct copy of the '512 Patent is attached as Exhibit 4.

16. HP is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,224,683 ("the '683 Patent"), entitled "Information Technology Service Request Level of Service Monitor." The '683 Patent was issued on July 17, 2012, from U.S. Patent Application No. 10/615,054, filed July 8, 2003. A true and correct copy of the '683 Patent is attached as Exhibit 5.

17. HP is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,321,229 ("the '229 Patent"), entitled "Method and Apparatus for Using an Information Model to Organize an Information Repository into a Hierarchy of Information." The '229 Patent was issued on November 20, 2001, from U.S. Patent Application No. 09/258,576, filed February 26, 1999. A true and correct copy of the '229 Patent is attached as Exhibit 6.

18. HP is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,392,300 ("the '300 Patent"), entitled "Method and System for Modelling a Communications Network." The '300 Patent was issued on June 24, 2008, from U.S. Patent Application No. 10/753,841, filed January 8, 2004. A true and correct copy of the '300 Patent is attached as Exhibit 7.

19. HP is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,027,411 ("the '411 Patent"), entitled "Method and System for Identifying and Processing Changes to a Network Topology." The '411 Patent was issued on April 11, 2006, from U.S. Patent Application No. 09/703,942, filed October 31, 2000. A true and correct copy of the '411 Patent is attached as Exhibit 8.

Case No. 4 COMPLAINT FOR PATENT INFRINGEMENT

**ServiceNow's Infringing Products**

20. ServiceNow has infringed, and continues to infringe, directly and indirectly through contributory and/or induced infringement, the asserted patents by making, using, selling, and offering to sell one or more of the products identified in this Complaint, including the ServiceNow Service Automation Platform; ServiceNow Incident Management; ServiceNow Configuration Management Database (CMDB); ServiceNow Business Services Management Map, ServiceNow Baseline CMDB plugin; ServiceNow Discovery; and ServiceNow Orchestration (formerly known as ServiceNow Runbook Automation).

## CAUSES OF ACTION

### Count 1

**(Infringement of the '981 Patent)**

21. HP realleges and incorporates herein by reference the allegations in paragraphs 1-20 above.

22. ServiceNow has infringed, and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '981 Patent by making, using, selling, and offering to sell one or more of the products identified in this Complaint, including ServiceNow Service Automation Platform.

23. ServiceNow had actual notice of its infringement of the '981 Patent no later than the filing date of this Complaint. Despite ServiceNow's actual notice of infringement, ServiceNow continues to make, use, sell, and/or offer to sell infringing products with the knowledge or willful blindness that its conduct will induce ServiceNow's customers to infringe the '981 Patent.

24. ServiceNow induces others to infringe the '981 Patent, in violation of 35 U.S.C. § 271, by assisting, facilitating, and encouraging others to perform acts or construct products known by ServiceNow to infringe the '981 Patent. ServiceNow advertises and promotes the infringing products; offers a "ServiceNow Wiki" page with detailed product information, tutorials, demonstrations, and "best practice methodology"; and offers technical support, consulting services, and assistance to its customers, who directly infringe the '981 Patent.

25. The infringing products were especially made or adapted for use in infringement of the '981 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

26. HP has sustained damages as a direct and proximate result of ServiceNow's infringement of the '981 Patent.

27. HP will suffer and is suffering irreparable harm from ServiceNow's infringement the '981 Patent. HP has no adequate remedy at law and is entitled to an injunction against ServiceNow's continuing infringement of the '981 Patent. Unless enjoined, ServiceNow will continue its infringing conduct.

## Count 2

### (Infringement of the '860 Patent)

28. HP realleges and incorporates herein by reference the allegations in paragraphs 1-27 above.

29. ServiceNow has infringed, and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '860 Patent by making, using, selling, and offering to sell one or more of the products identified in this Complaint, including ServiceNow Service Automation Platform.

30. ServiceNow had actual notice of its infringement of the '860 Patent no later than the filing date of this Complaint. Despite ServiceNow's actual notice of infringement, ServiceNow continues to make, use, sell, and/or offer to sell infringing products with the knowledge or willful blindness that its conduct will induce ServiceNow's customers to infringe the '860 Patent.

31. ServiceNow induces others to infringe the '860 Patent, in violation of 35 U.S.C. § 271, by assisting, facilitating, and encouraging others to perform acts or construct products known by ServiceNow to infringe the '860 Patent. ServiceNow advertises and promotes the infringing products; offers a "ServiceNow Wiki" page with detailed product information, tutorials, demonstrations, and "best practice methodology"; and offers technical support, consulting services, and assistance to its customers, who directly infringe the '860 Patent.

32. The infringing products were especially made or adapted for use in infringement of the '860 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

33. HP has sustained damages as a direct and proximate result of ServiceNow's infringement of the '860 Patent.

34. HP will suffer and is suffering irreparable harm from ServiceNow's infringement the '860 Patent. HP has no adequate remedy at law and is entitled to an injunction against ServiceNow's continuing infringement of the '860 Patent. Unless enjoined, ServiceNow will continue its infringing conduct.

## Count 3

### (Infringement of the '802 Patent)

35. HP realleges and incorporates herein by reference the allegations in paragraphs 1-34 above.

36. ServiceNow has infringed, and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '802 Patent by making, using, selling, and offering to sell one or more of the products identified in this Complaint, including ServiceNow Service Automation Platform and/or ServiceNow Orchestration.

37. ServiceNow had actual notice of its infringement of the '802 Patent no later than the filing date of this Complaint. Despite ServiceNow's actual notice of infringement, ServiceNow continues to make, use, sell, and/or offer to sell infringing products with the knowledge or willful blindness that its conduct will induce ServiceNow's customers to infringe the '802 Patent.

38. ServiceNow induces others to infringe the '802 Patent, in violation of 35 U.S.C. § 271, by assisting, facilitating, and encouraging others to perform acts or construct products known by ServiceNow to infringe the '802 Patent. ServiceNow advertises and promotes the infringing products; offers a "ServiceNow Wiki" page with detailed product information,

Case No.                          7          COMPLAINT FOR PATENT INFRINGEMENT

tutorials, demonstrations, and "best practice methodology"; and offers technical support, consulting services, and assistance to its customers, who directly infringe the '802 Patent.

39. The infringing products were especially made or adapted for use in infringement of the '802 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

40. HP has sustained damages as a direct and proximate result of ServiceNow's infringement of the '802 Patent.

41. HP will suffer and is suffering irreparable harm from ServiceNow's infringement the '802 Patent. HP has no adequate remedy at law and is entitled to an injunction against ServiceNow's continuing infringement of the '802 Patent. Unless enjoined, ServiceNow will continue its infringing conduct.

## **Count 4**

### **(Infringement of the '512 Patent)**

42. HP realleges and incorporates herein by reference the allegations in paragraphs 1-41 above.

43. ServiceNow has infringed, and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '512 Patent by making, using, selling, and offering to sell one or more of the products identified in this Complaint, including ServiceNow Service Automation Platform, ServiceNow Incident Management, and/or ServiceNow Orchestration.

44. ServiceNow had actual notice of its infringement of the '512 Patent no later than the filing date of this Complaint. Despite ServiceNow's actual notice of infringement, ServiceNow continues to make, use, sell, and/or offer to sell infringing products with the knowledge or willful blindness that its conduct will induce ServiceNow's customers to infringe the '512 Patent.

45. ServiceNow induces others to infringe the '512 Patent, in violation of 35 U.S.C. § 271, by assisting, facilitating, and encouraging others to perform acts or construct products known by ServiceNow to infringe the '512 Patent. ServiceNow advertises and promotes the

Case No. 8 COMPLAINT FOR PATENT INFRINGEMENT

infringing products; offers a "ServiceNow Wiki" page with detailed product information, tutorials, demonstrations, and "best practice methodology"; and offers technical support, consulting services, and assistance to its customers, who directly infringe the '512 Patent.

46. The infringing products were especially made or adapted for use in infringement of the '512 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

47. HP has sustained damages as a direct and proximate result of ServiceNow's infringement of the '512 Patent.

48. HP will suffer and is suffering irreparable harm from ServiceNow's infringement the '512 Patent. HP has no adequate remedy at law and is entitled to an injunction against ServiceNow's continuing infringement of the '512 Patent. Unless enjoined, ServiceNow will continue its infringing conduct.

## Count 5

### (Infringement of the '683 Patent)

49. HP realleges and incorporates herein by reference the allegations in paragraphs 1-48 above.

50. ServiceNow has infringed, and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '683 Patent by making, using, selling, and offering to sell one or more of the products identified in this Complaint, including ServiceNow Service Automation Platform and/or ServiceNow Incident Management.

51. ServiceNow had actual notice of its infringement of the '683 Patent no later than the filing date of this Complaint. Despite ServiceNow's actual notice of infringement, ServiceNow continues to make, use, sell, and/or offer to sell infringing products with the knowledge or willful blindness that its conduct will induce ServiceNow's customers to infringe the '683 Patent.

52. ServiceNow induces others to infringe the '683 Patent, in violation of 35 U.S.C. § 271, by assisting, facilitating, and encouraging others to perform acts or construct products

Case No. 9 COMPLAINT FOR PATENT INFRINGEMENT

known by ServiceNow to infringe the '683 Patent. ServiceNow advertises and promotes the infringing products; offers a "ServiceNow Wiki" page with detailed product information, tutorials, demonstrations, and "best practice methodology"; and offers technical support, consulting services, and assistance to its customers, who directly infringe the '683 Patent.

53. The infringing products were especially made or adapted for use in infringement of the '683 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

54. HP has sustained damages as a direct and proximate result of ServiceNow's infringement of the '683 Patent.

55. HP will suffer and is suffering irreparable harm from ServiceNow's infringement the '683 Patent. HP has no adequate remedy at law and is entitled to an injunction against ServiceNow's continuing infringement of the '683 Patent. Unless enjoined, ServiceNow will continue its infringing conduct.

## Count 6

### (Infringement of the '229 Patent)

56. HP realleges and incorporates herein by reference the allegations in paragraphs 1-55 above.

57. ServiceNow has infringed, and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '229 Patent by making, using, selling, and offering to sell one or more of the products identified in this Complaint, including ServiceNow Service Automation Platform, ServiceNow Business Services Management Map, and/or ServiceNow Configuration Management Database.

58. ServiceNow had actual notice of its infringement of the '229 Patent no later than the filing date of this Complaint. Despite ServiceNow's actual notice of infringement, ServiceNow continues to make, use, sell, and/or offer to sell infringing products with the knowledge or willful blindness that its conduct will induce ServiceNow's customers to infringe the '229 Patent.

Case No. 10 COMPLAINT FOR PATENT INFRINGEMENT

59. ServiceNow induces others to infringe the '229 Patent, in violation of 35 U.S.C. § 271, by assisting, facilitating, and encouraging others to perform acts or construct products known by ServiceNow to infringe the '229 Patent. ServiceNow advertises and promotes the infringing products; offers a "ServiceNow Wiki" page with detailed product information, tutorials, demonstrations, and "best practice methodology"; and offers technical support, consulting services, and assistance to its customers, who directly infringe the '229 Patent.

60. The infringing products were especially made or adapted for use in infringement of the '229 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

61. HP has sustained damages as a direct and proximate result of ServiceNow's infringement of the '229 Patent.

62. HP will suffer and is suffering irreparable harm from ServiceNow's infringement the '229 Patent. HP has no adequate remedy at law and is entitled to an injunction against ServiceNow's continuing infringement of the '229 Patent. Unless enjoined, ServiceNow will continue its infringing conduct.

## Count 7

### (Infringement of the '300 Patent)

63. HP realleges and incorporates herein by reference the allegations in paragraphs 1-62 above.

64. ServiceNow has infringed, and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '300 Patent by making, using, selling, and offering to sell one or more of the products identified in this Complaint, including ServiceNow Service Automation Platform, ServiceNow Configuration Management Database, ServiceNow Business Services Management Map, and/or ServiceNow Discovery.

65. ServiceNow had actual notice of its infringement of the '300 Patent no later than the filing date of this Complaint. Despite ServiceNow's actual notice of infringement, ServiceNow continues to make, use, sell, and/or offer to sell infringing products with the

knowledge or willful blindness that its conduct will induce ServiceNow's customers to infringe the '300 Patent.

66. ServiceNow induces others to infringe the '300 Patent, in violation of 35 U.S.C. § 271, by assisting, facilitating, and encouraging others to perform acts or construct products known by ServiceNow to infringe the '300 Patent. ServiceNow advertises and promotes the infringing products; offers a "ServiceNow Wiki" page with detailed product information, tutorials, demonstrations, and "best practice methodology"; and offers technical support, consulting services, and assistance to its customers, who directly infringe the '300 Patent.

67. The infringing products were especially made or adapted for use in infringement of the '300 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

68. HP has sustained damages as a direct and proximate result of ServiceNow's infringement of the '300 Patent.

69. HP will suffer and is suffering irreparable harm from ServiceNow's infringement the '300 Patent. HP has no adequate remedy at law and is entitled to an injunction against ServiceNow's continuing infringement of the '300 Patent. Unless enjoined, ServiceNow will continue its infringing conduct.

## Count 8

### (Infringement of the '411 Patent)

70. HP realleges and incorporates herein by reference the allegations in paragraphs 1-69 above.

71. ServiceNow has infringed, and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '411 Patent by making, using, selling, and offering to sell one or more of the products identified in this Complaint, including ServiceNow Service Automation Platform, ServiceNow Configuration Management Database, ServiceNow Baseline CMDB plugin, and/or ServiceNow Discovery.

72. ServiceNow had actual notice of its infringement of the '411 Patent no later than the filing date of this Complaint. Despite ServiceNow's actual notice of infringement,

Case No. 12 COMPLAINT FOR PATENT INFRINGEMENT

ServiceNow continues to make, use, sell, and/or offer to sell infringing products with the knowledge or willful blindness that its conduct will induce ServiceNow's customers to infringe the '411 Patent.

73. ServiceNow induces others to infringe the '411 Patent, in violation of 35 U.S.C. § 271, by assisting, facilitating, and encouraging others to perform acts or construct products known by ServiceNow to infringe the '411 Patent. ServiceNow advertises and promotes the infringing products; offers a "ServiceNow Wiki" page with detailed product information, tutorials, demonstrations, and "best practice methodology"; and offers technical support, consulting services, and assistance to its customers, who directly infringe the '411 Patent.

74. The infringing products were especially made or adapted for use in infringement of the '411 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

75. HP has sustained damages as a direct and proximate result of ServiceNow's infringement of the '411 Patent.

76. HP will suffer and is suffering irreparable harm from ServiceNow's infringement the '411 Patent. HP has no adequate remedy at law and is entitled to an injunction against ServiceNow's continuing infringement of the '411 Patent. Unless enjoined, ServiceNow will continue its infringing conduct.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff HP demands a jury trial on all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, HP prays for relief as follows:

1. A judgment that ServiceNow has directly infringed one or more claims of each of HP's asserted patents.

2. A judgment that ServiceNow is actively inducing and/or contributing to the infringement of one or more claims of each of the asserted patents.

3. A judgment awarding HP all damages adequate to compensate for ServiceNow's infringement of HP's asserted patents, including lost profits, and in no event less than a reasonable royalty for ServiceNow's acts of infringement, including all pre-judgment and post judgment interest at the maximum rate permitted by law.

4. An order permanently enjoining ServiceNow and its officers, agents, directors, servants, employees, affiliates, representatives, attorneys, and any others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the asserted patents.

5. For such other and further relief as may be proper.

Dated: February 6, 2014  WILMER CUTLER PICKERING
  HALE AND DORR LLP


  */s/* Mark D. Flanagan

  Mark D. Flanagan (SBN 130303)
  (mark.flanagan@wilmerhale.com)
  WILMER CUTLER PICKERING
    HALE AND DORR LLP
  950 Page Mill Road
  Palo Alto, CA  94304
  Telephone:  (650) 858-6000
  Facsimile:  (650) 858-6100

  *Attorneys for Plaintiff*
  *Hewlett-Packard Co.*

Case No. 14 COMPLAINT FOR PATENT INFRINGEMENT