# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff*,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMANY,<br><br>*Defendant*. | Civil Action 6:20-cv-00725-ADA |

# DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS WSOU'S CLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)

**TABLE OF CONTENTS**

I.   ARGUMENT ...................................................................................................................... 1

    A.   WSOU Fails to State a Claim for Direct Infringement ......................................... 1

        1.   The FAC fails to allege facts making direct infringement by HPE plausible. ................ 1

        2.   The FAC fails to allege facts establishing joint infringement. ...................................... 4

    B.   WSOU Fails to State a Claim for Induced or Contributory Infringement .......................... 5

        1.   The FAC fails to allege facts making direct infringement by third parties plausible. ..... 5

        2.   The FAC fails to allege that HPE was aware of the patent and its infringement at the time it allegedly induced others to infringe. ................................................................ 6

        3.   The FAC fails to allege facts sufficient to establish specific intent for induced infringement. ................................................................................................................. 8

II.  CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
    No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .........................................9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323, 1336 (Fed. Cir. 2012) ..................................................................................5, 7

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
    No. 2:18-CV-546, 2020 WL 1478356 (E.D. Tex. 2020) .........................................................10

*Castlemorton Wireless, LLC v. Bose Corp.*,
    6:20-cv-00029-ADA, Dkt. 51 (July 22, 2020) ......................................................................6, 7

*Chapterhouse, LLC v. Shopify, Inc.*,
    No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ...............................3

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
    859 F.3d 1352 (Fed. Cir. 2017) .................................................................................................9

*De La Vega v. Microsoft Corp.*
    6:19-CV-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ..................................................5

*DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*,
    No. CV 19-2109-LPS-CJB, 2020 WL 2220031 (D. Del. May 7, 2020) ..................................3

*DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*, No. CV 19-2109-LPS-
    CJB, 2020 WL 6867103 (D. Del. Nov. 23, 2020) ...................................................................2

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018) .............................................................................................2, 3

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009) .................................................................................................1

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
    No. 7:19-CV-00026-DC, 2019 WL 3818048 (W.D. Tex. June 13, 2019) ...............................8

*Garrett v. TP-Link Research Am. Corp.*,
    No. 20-CV-03491-SI, 2020 WL 5517202 (N.D. Cal. Sept. 14, 2020) ......................................3

*InMotion Imagery Techs. v. Brain Damage Films*,
    No. 2:11-CV-414, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) ...........................................7

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017)..................................................................................................7

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016)..................................................................................................5

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012)...........................................................................................9

*Motiva Patents, LLC v. Sony Corp.*,
  408 F. Supp. 3d 819 (E.D. Tex. 2019).....................................................................................10

*Nalco Co. v. Chem–Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)..............................................................................................2, 9

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
  No. CV 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014).........................................9

*Niazi v. Pressure Prods. Med. Supplies, Inc.*,
  No. 3:16-CV-670, 2017 WL 108114 (W.D. Wis. Jan. 11, 2017)............................................10

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ..............................7

*Parus Holdings Inc. v. Apple*,
  No. 6:19-CV-432 (W.D. Tex. Jan. 31, 2020) .......................................................................6, 7

*Realtime Data, LLC v. Stanley*,
  721 F. Supp. 2d 538 (E.D. Tex. 2010)......................................................................................5

*Ricoh Co. v. Quanta Comp. Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008)..................................................................................................9

*Script Security Sols. L.L.C. v. Amazon.com, Inc.*,
  170 F. Supp. 3d 928 (E.D. Tex. 2016)..................................................................................8, 10

*Uniloc USA, Inc. v. Logitech, Inc.*,
  No. 18-CV-01304-LHK, 2018 WL 6025597 (N.D. Cal. Nov. 17, 2018).................................9

*Walker Digital, LLC v. Facebook, Inc.*,
  852 F. Supp. 2d 559 (D. Del. 2012)...........................................................................................7

WSOU's opposition invests much in arguing that the 12(b)(6) standard is permissive and little in showing how its complaint meets that standard. *See* Dkt. 33 ("Opp."). Generalized allegations of direct infringement are not an adequate substitute for factual allegations indicating *how* an accused product might practice each asserted claim. As courts have stressed, the inquiry is a case-specific one, and the present case involves complex technology and a patent claims that require multiple actors, a point addressed nowhere in the FAC. A complaint must do more than name a patent and product and leave the burden of inferring the content of the infringement allegation to the defendant.

WSOU's allegations on indirect infringement are similarly deficient. WSOU fails to allege: (1) the identity of direct infringers, (2) HPE's knowledge of infringement, or (3) HPE's intent to induce infringement. In particular, the absence of an allegation of pre-suit knowledge requires dismissal of the FAC's indirect infringement claims, consistent with this Court's prior rulings in *Parus* and *Castlemorton*.

I. ARGUMENT

    A. **WSOU Fails to State a Claim for Direct Infringement**

        1. **The FAC fails to allege facts making direct infringement by HPE plausible.**

WSOU's opposition labels paragraphs 21–22 and 24–53 of the FAC as "detailed," but otherwise provides no substantive response to HPE's argument that each of those paragraphs either parrots claim language or makes conclusory statements that the accused products are configured to perform the claimed method. Further, while WSOU accuses *products* of infringement, products cannot infringe a method claim by themselves, and WSOU fails to identify any third party who is allegedly practicing the steps of the claimed method. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) ("Direct infringement

1

requires a party to perform each and every step or element of a claimed method or product." (citation omitted)).

Rather than attempting to explain how the FAC meets WSOU's burden of alleging facts that suggest how each element of at least one claim is met, WSOU denies that it bears any such burden. Opp. at 5–6. But in a post-Form 18 world, WSOU does bear that burden. *See* Dkt. 25 ("Mot.") at 6-7 (citing cases). WSOU's reliance on *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018), is misplaced. In *Nalco*, the defendants challenged neither the notice requirement of Rule 8, nor the pleading requirements under *Twombly* and *Iqbal*. *Id.* at 1347. Instead, the defendants challenged the plausibility of the alternative theories of infringement that were pled. *Id.* at 1347-50. And unlike WSOU's FAC, the *Nalco* complaint (1) explained the infringement theories in considerable factual detail, not mere recitations of claim language, and (2) described the claim construction underlying them. *Id.* A complaint for patent infringement "must place the 'potential infringer ... on notice of what activity ... is being accused of infringement.'" *Id.* at 1350.

WSOU's reliance on *Disc Disease Sol. Inc. v. VGH Sol., Inc.*, , is similarly misplaced when the technology at issue is highly complex and technical. In *Disc Disease*, the Federal Circuit held that a summary allegation that each element of claims covering a simple medical device was infringed gave the defendant sufficient notice in that case, which "involve[d] a simple technology." 888 F.3d 1256, 1260.

Courts have since tailored their pleading analyses to the complexity of the technology at issue. *See e.g.*, *DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*, No. CV 19-2109-LPS-CJB, 2020 WL 2220031, at *1 n.2 (D. Del. May 7, 2020), report and recommendation adopted, No. CV 19-2109-LPS-CJB, 2020 WL 6867103 (D. Del. Nov. 23, 2020) (plaintiff asserting

patents related to phased locked loop in communications networks required to "plead[] facts that plausibly indicate that Defendants' accused products practice each of the limitations asserted in the relevant claims") (distinguishing *Disc Disease* as a case concerning simple technology); *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (distinguishing *Disc Disease* in case involving "hardware and software involved in an electronic transaction receipt system"); *Garrett v. TP-Link Research Am. Corp.*, No. 20-CV-03491-SI, 2020 WL 5517202, at *4 (N.D. Cal. Sept. 14, 2020) (distinguishing *Disc Disease* and granting motion to dismiss summary allegations of infringement as to mobile surveillance system).

WSOU's attempt to distinguish *De La Vega* similarly fails. *De La Vega v. Microsoft Corp.* 6:19-CV-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020); Opp. at 7-8. *De La Vega* ultimately dealt with the notion that a plaintiff must allege that a defendant performed all the steps of a method claim to state direct infringement. *Id.* Moreover, the plaintiff alleged, much like WSOU, that the defendants directly infringed when they "performed all of the elements of the claim when [they] tested the accused products." *Id.* at *4; Dkt. 22 at ¶¶ 46-47. WSOU has merely provided the conclusory allegations that HPE directly infringes its patent either by testing, providing services, or training, with nothing more. *See* Opp. at 8. WSOU's attempt to salvage a narrow claim of direct infringement by HPE falls into the same *de minimis* trap as the plaintiff's did in *De La Vega*.

Lastly, WSOU suggests in a footnote that its infringement contentions—which are not of record in this motion—would cure any failure of notice in the FAC. Opp. at 4 n.5. WSOU never explains how its contentions supposedly remedy any of the pleading deficiencies HPE has identified, nor could it. They do not.

Accordingly, the FAC fails to plead direct infringement by not alleging facts to show HPE performs every step in the claimed method.

### 2. The FAC fails to allege facts establishing joint infringement.

Claim 1 requires, among other things, "broadcasting *from said associated IPSC*, said IP addresses," "*sending, from each CE* to an associated IPSC, a list of received loop-back addresses," and "*populating, at each CE*, a local routing table with information *mapping said customer networks with a data virtual circuit*." The Accused Products require multiple devices to perform in the allegedly infringing manner, owned both by service providers and by customers. *See* Mot. at 11-12 (discussing HPE's guides cited in the FAC); *see also* Dkt. 22 at ¶ 55.

WSOU's attempt to escape these limitations by arguing that a single device may perform all the claimed steps is unavailing. The issue is not whether a single device is capable of performing each claimed step separately, but rather that the claimed methods require multiple devices acting in concert. *See* Mot. at 11. In apparent recognition of this, WSOU points to vague, formulaic, and conclusory statements in the FAC as alleging that "the same entity" controls *both* the customer edge device ("CE") and the provider edge device ("PE"). *See* Opp. at 9-10. Read in context, though, these statements only say that the same entity controls multiple CEs (Dkt. 22 at ¶ 32) *or* the same entity controls multiple Multi-VPN-Instance CEs ("MCEs") (Dkt. 22 at ¶¶ 33, 40). Notably, WSOU's opposition brief has to *alter* a quote from the FAC—inserting the phrase "[Accused Products acting as PEs]"—to try to support the proposition that the FAC alleges the PEs are controlled by the same entity as the CEs. Opp. at 10 (citing Dkt. 22 at ¶ 40). In reality, the customer and the provider are different entities. If the implausible contrary scenario was intended, it is unexplained in the FAC.

To the extent WSOU argues this issue must be deferred for claim construction, it is incorrect; courts (including this Court) have previously ruled on issues of joint infringement in

granting motions to dismiss. *See De La Vega*, 2020 WL 3528411, at *4 ("[T]o meet the *Twombly*/*Iqbal* pleading standard for joint infringement by the combined acts of multiple parties, the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.'" (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016))).

### B.    WSOU Fails to State a Claim for Induced or Contributory Infringement

WSOU's indirect infringement allegations remain deficient and must be dismissed. WSOU still has not identified any basis to allege that HPE induced or contributed to infringement of the asserted patent. This Court has repeatedly ruled that pre-suit knowledge is required for claims of indirect infringement. Yet, despite this clear precedent, WSOU's only basis for knowledge is its complaint. WSOU cannot avoid the law of this District with respect to indirect infringement or its failure to adequately allege pre-suit knowledge of the patent.

#### 1.    The FAC fails to allege facts making direct infringement by third parties plausible.

WSOU's failure to plausibly plead direct infringement carries over to its indirect infringement claims. WSOU fails to plead direct infringement, regardless of who it claims is the direct infringer. *See supra*, § 1.A.

As WSOU cites to the Court: "a plaintiff need not identify a *specific* direct infringer *if it pleads facts sufficient to allow an inference that at least one direct infringer exists*." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (latter emphasis added). WSOU's generic allegation that HPE's "customers, product makers, distributors, retailers, and/or end users" infringe, Dkt. 22 at ¶¶ 53–57, might allow for the

5

inference that those parties *exist*, but that allegation, standing alone, indicates nothing about whether they might be *infringers*.[1] Coupled with facially deficient direct claim, that conclusory allegation is meaningless. *See Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010) (identifying three prongs of a sufficient indirect infringement claim as: "affirmatively 'identify[ing] which claims are indirectly infringed,' 'identify[ing] which methods or systems indirectly infringe,' and 'identify[ing] a direct infringer in reference to [ ] indirect infringement claims.'").

### 2. The FAC fails to allege that HPE was aware of the patent and its infringement at the time it allegedly induced others to infringe.

As addressed in HPE's Motion, this Court has expressly held that allegations of knowledge based on the complaint are not enough to overcome a motion to dismiss. *See* Mot. at 14-15 (*citing Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) and *Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Dkt. 51 at 11 (July 22, 2020)). WSOU does not attempt to establish pre-suit notice, and instead continues to assert that HPE had "knowledge of the '534 patent and of the infringement as of the date of services of the initial complaint[.]" Opp. at 18. In an attempt to avoid this Court's precedent, WSOU devotes five pages of its opposition to arguing that an allegation of only post-suit knowledge of an asserted patent is not, by itself, grounds for dismissal of an indirect infringement claim. Here, WSOU's failure to make adequate direct infringement claims or connect any of HPE's allegedly inducing conduct to direct infringement by another shows that it has made no adequate allegation of HPE's knowledge of infringement at

---

[1] WSOU's attempt to characterize HPE's infringement complaints in other cases cites no legal authority from those cases, and has no force here. *See* Opp. at 12 n.9.

6

any point—including after the filing of the complaint. *See* Dkt. No. 25-2 (*Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Dkt. 51 at 11 (July 22, 2020)).[2]

This Court's decision in *Castlemorton* provides a direct parallel. The plaintiff's response brief there made the same arguments WSOU presents now, relying on the same precedents to support its stand-alone allegation of post-suit knowledge. *Compare Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Dkt. 22 at 17-20 (citing *In re Bill of Lading*, *Parity Networks*, and *Frac Shack* to overcome argument that post-suit knowledge allegation alone was insufficient) *with Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Dkt. 17 at 11-12 (arguing that knowledge of the infringing nature of the allegedly induced acts could not be reasonably inferred from mere post-suit knowledge of the patent).[3] This Court summarily dismissed the indirect infringement allegations in an opinion that outlined the plaintiff's other deficient allegations. *See generally* Dkt. 25-2; *see also* Mot. at 14-15 (describing decision in *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432).

The cases on which WSOU relies in its opposition are not to the contrary. The Federal Circuit in *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) and *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019), for example, both found an issue of *pre-suit* knowledge was raised by allegations that the defendants received letters in advance of litigation. Even the smattering of

---

[2] WSOU cites but does not discuss *Castlemorton* in opposition, except to assert that the Court there "followed" the text order in *Parus Holdings Inc. v. Apple*, No. 6:19-CV-432 (W.D. Tex. Jan. 31, 2020), Opp. at 18. WSOU disregards that the order in *Castlemorton* expressly states that allegations of knowledge of *pre-suit infringement* will be required in any amended pleading. Dkt. 25-2 at 11 ("the Court permits Castlemorton to amend its complaint after the start of fact discovery to *include pre-suit indirect infringement if it is able to elicit sufficient facts to support such an allegation*") (emphasis added).
[3] These briefs are attached as Exhibits 1 and 2, respectively.

out-of-district cases WSOU cites generally involved substantial allegations suggesting the defendants' knowledge of infringement. *See, e.g.*, *Script Security Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 936-37 (E.D. Tex. 2016) (plaintiff alleged pre-suit knowledge as to certain acts and adequately accused the functionality of the accused products of direct infringement); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414, 2012 WL 3283371, at *2-3 (E.D. Tex. Aug. 10, 2012) (direct infringement allegations sufficient under Form 18 standard); *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) (finding and requiring that plaintiff sufficiently identify the infringing conduct in addition to alleging only post-suit knowledge). Finally, WSOU attempts to conceal the reasoning underlying this Court's decision in *Frac Shack* by asserting that HPE addressed "a different opinion against different defendants"—even though the decision *directly refers* to that "different" opinion as the basis for its holding on the point at issue. *See Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-00026-DC, 2019 WL 3818048, at *2 (W.D. Tex. June 13, 2019) ("For the same reasons that this Court denied the Motion to Dismiss of the other Defendants in this litigation[,] the Court finds that these allegations are sufficient…"); *see also* Mot. at 17 n.5 (discussing the Court's reasoning).

Despite WSOU's attempts, it cannot ignore the law of this Court and this District. WSOU's failure to raise a plausible inference of pre-suit knowledge of the patent and knowledge of infringement is fatal to its indirect infringement claims, and these claims should be dismissed.

### 3. The FAC fails to allege facts sufficient to establish specific intent for induced infringement.

WSOU's FAC provides nothing but the conclusory statement that HPE sells products "with the specific intent to actively encourage customers [to infringe the Accused Products]." Dkt. 22, ¶¶ 53-54. Without more, WSOU fails to make factual allegations sufficient to plead that

8

HPE held the specific intent to induce infringement. *Uniloc USA, Inc. v. Logitech, Inc.*, No. 18-CV-01304-LHK, 2018 WL 6025597, at *2 (N.D. Cal. Nov. 17, 2018) ("for an allegation of induced infringement, the plaintiff must allege that a defendant knew that another party was infringing, *and intended for that other party to infringe*") (emphasis added) (citing *Nalco*, 883 F.3d at 1355).

WSOU's allegations that HPE "instruct[s] end-users to use the Accused Products," distributes "advertising and promotional materials," and provides training to end users through manuals and guides are insufficient. *See Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014) ("Allegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement.") (quoting *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. CV 13-2052-LPS, 2014 WL 4675316, at *6 (D. Del. Sept. 19, 2014) ("assertions that a defendant provided unspecified 'training and instructions to its customers concerning the use of the Accused Products' are not specific enough"); Dkt. 22 at ¶¶ 54-55. The "mere knowledge of possible infringement by others does not amount to inducement." *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017).

In the cases WSOU relies upon, the plaintiff made specific, factual allegations that are absent here. *See Ricoh Co. v. Quanta Comp. Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008) (intent was derived from components for which the "sole purpose is to cause the drives to operate in a manner that infringes"); *Nalco*, 883 F.3d at 1350 (intent derived from allegation "that Defendants acted with specific intent to induce infringement of the '[] patent" by working with a

9

specifically alleged direct infringer); *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016) (intent derived from the specific allegation that defendants were "willfully blind to Script's patents *by adopting a policy of not reviewing the patents of others*") (emphasis added); *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-546, 2020 WL 1478356, *5–6 (E.D. Tex. 2020) (alleged inducement of specific direct infringers, including "agent-subsidiaries, affiliates, partners, CDN service providers, importers, resellers, customers and/or end users"); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 827 (E.D. Tex. 2019) (allegation that defendant engaged in inducement while "aware that the normal and customary use of the accused products by Defendant's customers would infringe"); *Niazi v. Pressure Prods. Med. Supplies, Inc.*, No. 3:16-CV-670, 2017 WL 108114, at *2 (W.D. Wis. Jan. 11, 2017) (only allowing the case to proceed because the pretrial conference "[would] require Niazi to *disclose soon precisely* what Pressure Products is looking for"—unlike the present case where WSOU does not and could not suggest that its infringement contentions allege specific intent) (emphasis added).

WSOU's conclusory allegations ultimately fail to present facts that, if true, would demonstrate that HPE both knew the alleged acts would infringe *and* knew that marketing its products would induce or encourage others to infringe the '534 patent.

## II.   CONCLUSION

WSOU already amended its complaint once, failing to remedy the deficiencies HPE had identified. Allowing further rounds of amendment would only drag out the proceedings and reward untimely, piecemeal efforts at compliance. Accordingly, HPE respectfully requests that the Court dismiss the FAC with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Date: December 18, 2020

Respectfully submitted,

By: */s/ Barry K. Shelton*

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620, Suite 205
Austin, TX 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com

Michael R. Franzinger
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
mfranzinger@sidley.com

Michael D. Hatcher
SIDLEY AUSTIN LLP
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
mhatcher@sidley.com

**ATTORNEYS FOR DEFENDANT
HEWLETT PACKARD ENTERPRISE
COMPANY**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Barry K. Shelton*
Barry K. Shelton