UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | Nos. 6:20-cv-00725-ADA<br>6:20-cv-00726-ADA<br>6:20-cv-00727-ADA<br>6:20-cv-00728-ADA<br>6:20-cv-00729-ADA<br>6:20-cv-00730-ADA<br>6:20-cv-00783-ADA |

**BRAZOS'S NOTICE OF SUPPLEMENTAL AUTHORITY
RELATING TO HPE'S MOTIONS TO DISMISS**

Brazos submits this Notice of Supplemental Authority in further opposition to HPE's motions to dismiss Brazos's First Amended Complaints (Case Nos. 6:20-cv-00725, Dkt. 25; 6:20-cv-00726, Dkt. 25; 6:20-cv-00727, Dkt. 25; 6:20-cv-00728, Dkt. 25; 6:20-cv-00729, Dkt. 25; 6:20-cv-00730, Dkt. 25; and 6:20-cv-00783, Dkt. 25). After the briefing on HPE's motions to dismiss was completed, this Court issued its decision in *USC IP Partnership, L.P. v. Facebook, Inc.*, Case 6:20-CV-00555-ADA, Dkt. 62 (W. D. Tex. Jul. 23, 2021). A copy of the *USC IP* decision is attached to this Notice as Exhibit A.

In *USC IP*, this Court considered, among other things, Facebook's Rule 12(b)(6) motion to dismiss indirect infringement claims for failure to allege pre-suit knowledge. Facebook contended that pre-suit knowledge is required to sustain a claim for indirect infringement, whether pre-suit or post-suit. *See* 6:20-CV-00555-ADA, Dkt. 9 at 1, 6-7. This Court disagreed. Although the plaintiff did not allege pre-suit knowledge, the Court granted Facebook's motion to dismiss only as the *pre-suit* portion of the indirect infringement claims, giving USC permission to add them back in after the start of fact discovery. *Id.*, Dkt. 62 at 4-5. This Court *denied*

Facebook's motion to dismiss the post-suit indirect infringement claims, explaining: "[S]ince USC alleges that Facebook has knowledge of the asserted patent and the alleged infringement ***at least at the commencement of this action***, the Court finds that USC has sufficiently alleged its post-suit indirect [] infringement claims."  *Id.* at 5 (emphasis added).  Thus, this Court confirmed that alleging knowledge as of the commencement of the action is sufficient to state a claim for post-suit indirect infringement.

This Court's *USC IP* decision supports denying HPE's motions to dismiss Brazos's indirect infringement claims for failure to allege pre-suit knowledge.  Similar to in *USC IP*, Brazos's first amended complaints allege knowledge "[a]s of the date of service of the initial complaint[s]."  *See, e.g.*, Case 6:20-cv-00735, Dkt. 22 at ¶ 53.  This is sufficient to state a claim for at least post-suit indirect infringement.  HPE's motion to dismiss Brazos's post-suit indirect infringement claims should be denied.

Respectfully submitted,

Dated: August 4, 2021

/s/ *Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax: (512) 677-6825

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:  (949) 752-7100
facsimile:   (949) 252-1514

Alessandra C. Messing
New York Bar No. 5040019
amessing@brownrudnick.com
Timothy J. Rousseau
New York Bar No. 4698742
trousseau@brownrudnick.com
Yarelyn Mena
(admitted *pro hac vice*)
ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:      (212) 209-4801

Edward J. Naughton
(admitted *pro hac vice*)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(admitted *pro hac vice*)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*