# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | Civil Action 6:20-cv-00725-ADA<br><br>**FILED UNDER SEAL** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
MOTION TO DISMISS PLAINTIFF WSOU'S CLAIM FOR PAST DAMAGES
DUE TO LACK OF SUBJECT MATTER JURISDICTION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)</u>**

## TABLE OF CONTENTS

I. FACTUAL BACKGROUND ................................................................................................ 2

    A. The Recorded Assignment History ........................................................................... 2

    B. ██████████████████████████████████ .................................................................... 3

II. WSOU BEARS THE BURDEN TO PROVE IT HELD ENFORCEABLE RIGHTS TO THE RELIEF IT SEEKS, INCLUDING PAST DAMAGES, SINCE THIS LAWSUIT'S INCEPTION ................................................................................. 5

III. THE COURT SHOULD DISMISS WSOU'S CLAIM FOR PAST DAMAGES BECAUSE WSOU LACKS STANDING TO SUE FOR PAST DAMAGES ................... 8

    A. WSOU Never Acquired the Right to Sue for Past Damages ................................. 8

    B. The ALU-USA/WSOU Assignment Is the Operative Legal Instrument Executing the Transfer of Rights ............................................................................ 9

IV. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott Point of Care Inc. v. Epocal, Inc.*,
    666 F.3d 1299 (Fed. Cir. 2012) ................................................................................................5

*Abraxis Bioscience, Inc. v. Navinta LLC*,
    625 F.3d 1359 (Fed. Cir. 2010) ........................................................................................5, 6, 9

*Arachnid, Inc. v. Merit Indus.*,
    939 F.2d 1574 (Fed. Cir. 1991) ............................................................................................6, 8

*Barlow & Haun, Inc. v. United States*,
    805 F.3d 1049 (Fed. Cir. 2015) ................................................................................................8

*Bd. of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
    583 F.3d 832 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011) .....................................................10

*Bowmer v. Bowmer*,
    50 N.Y.2d 288 (N.Y. 1980) ....................................................................................................11

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006) ..................................................................................................................6

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019) ............................................................................................6, 7

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................................................7

*Moore v. Marsh*,
    74 U.S. (7 Wall.) 515 (1868) ................................................................................................6, 8

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007) ......................................................................................6, 7, 10

*Muzak Corp. v. Hotel Taft Corp.*,
    1 N.Y.2d 42 (N.Y. 1956) ........................................................................................................11

*Nat'l Org. for Women, Inc. v. Scheidler*,
    510 U.S. 249 (1994) ..................................................................................................................8

*Propat Int'l Corp. v. RPost, Inc.*,
    473 F.3d 1187 (Fed. Cir. 2007) ................................................................................................7

*Script Sec. Sol., LLC v. Amazon.com, Inc.*,
    No. 2:15-CV-1030-WCB, 2016 WL 6433776 (E.D. Tex. Oct. 31, 2016)
    (attached as Ex. 10) ........................................................................................................... 5

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005) ............................................................................................ 5

*UD Tech. Corp. v. Phenomenex, Inc.*,
    C.A. No. 05-842-GMS (D. Del. Jan. 4, 2007) (attached as Ex. 12) ........................................ 6

*Uniloc 2017 LLC v. Google LLC*,
    No. 4:20-cv-05339-YGR (N.D. Cal. Dec. 22, 2020) (attached as Ex. 13) ............................... 7

*Wacoh Co. v. Chrysler LLC*,
    No. 08-cv-456-slc, 2009 WL 36666 (W.D. Wis. Dec. 1, 2008) (attached as Ex.
    11) ..................................................................................................................................... 5

*WiAV Sols. LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010) ...................................................................................... 6, 7

**Statutes**

35 U.S.C. § 281 ............................................................................................................................. 6

**Other Authorities**

Federal Rule of Civil Procedure 12 ..................................................................................... 1, 7, 12

Restatement (Second) of Contracts § 203(c) .............................................................................. 11

U.S. Constitution Article III ........................................................................................................ 6

5B Wright & Miller, *Federal Practice & Procedure* § 1350 (3d ed. 2004) .................................. 5

**TABLE OF EXHIBITS**

| No. | Document Description |
|---|---|
| 1 | Assignment of Assignor's Interest (USPTO Reel/Frame 014729/0613) obtained from USPTO <https://assignment.uspto.gov/> |
| 2 | WSOU Responses and Objections to HPE's First Sets of Interrogatories |
| 3 | Patent Assignment (USPTO Reel/Frame 024960/0227) obtained from USPTO <https://assignment.uspto.gov/> |
| 4 | Patent Assignment (USPTO Reel/Frame 045089/0972) obtained from USPTO <https://assignment.uspto.gov/> |
| 5 | WSOU-HPE-00010298 – Schedule G2 – Assignment of Patent Rights |
| 6 | WSOU-HPE-00010096 – Third Amendment to Patent Purchase Agreement |
| 7 | WSOU-HPE-00008254 – Patent Purchase Agreement |
| 8 | WSOU-HPE-00008732 – First Amendment to Patent Purchase Agreement |
| 9 | WSOU-HPE-00009843 – Second Amendment to Patent Purchase Agreement |
| 10 | *Script Sec. Sol., LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 WL 6433776 (E.D. Tex. Oct. 31, 2016) |
| 11 | *Wacoh Co. v. Chrysler LLC*, No. 08-cv-456-slc, 2009 WL 36666 (W.D. Wis. Dec. 1, 2008) |
| 12 | *UD Tech. Corp. v. Phenomenex, Inc.*, C.A. No. 05-842-GMS (D. Del. Jan. 4, 2007) |
| 13 | *Uniloc 2017 LLC v. Google LLC*, No. 4:20-cv-05339-YGR (N.D. Cal. Dec. 22, 2020) |

Defendant Hewlett Packard Enterprise Company ("HPE") hereby moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the claim for past damages by Plaintiff WSOU Investments, LLC ("WSOU") for lack of subject matter jurisdiction.

WSOU lacks standing to sue for past infringement of the asserted patent in this case, U.S. Patent No. 7,280,534 ("the '534 patent"), because it was never assigned the right to do so. A party may not sue for damages pre-dating its ownership of a patent in the absence of an express transfer of that right from the patent's previous owner. HPE has filed a separate motion to dismiss in each of the seven lawsuits brought against it by WSOU because the timing and chain of transfers in each case differs. However, WSOU's cause of action suffers from a critical defect common across all cases: the assignment language fails to transfer to WSOU the right to sue for past infringement. Under governing Federal Circuit precedent, the right to sue for past infringement cannot be transferred unless the agreement expressly manifests an intent to transfer this right. As to the '534 patent, WSOU purportedly acquired title through a December 22, 2017 assignment from Alcatel-Lucent USA Inc. The Alcatel-Lucent USA Inc. assignment fails to include an express assignment of the right to sue for past infringement, leaving WSOU without the right to do so. Accordingly, WSOU lacks standing to sue for past damages before it acquired title, and the Court should dismiss its claim for damages before December 22, 2017.[1]

---

[1] The failure to assign the right to sue for past infringement is not WSOU's only potential standing defect. For all seven patents asserted against HPE, the assignment history includes assignments made subject to certain encumbrances and retained rights by the assignor. Accordingly, HPE continues to pursue discovery to determine if WSOU holds sufficient ownership rights to sue HPE for alleged infringement, given those encumbrances, retained rights, and security interests. But, as to the issues addressed in this motion, they are ripe for decision based upon the current record.

I.     **FACTUAL BACKGROUND**

The public assignment documents submitted to the USPTO show that WSOU's claim of ownership of the asserted patent is based on transfers from the named inventors to WSOU through a series of entities. Each transfer is discussed below.

A.     **The Recorded Assignment History**

On November 18, 2003, the '534 patent's named inventor, Pramod V. Koppol, assigned to Lucent Technologies Inc. "the entire right, title and interest" in and to the patent application that issued as the '534 patent. Ex. 1 (USPTO Reel 014729 Frame 0613) at 2. The assignment was recorded with the USPTO on November 19, 2003. Ex. 1 at 3.

On December 22, 2017, Alcatel-Lucent USA Inc.[2] assigned the '534 patent to WSOU. Ex. 4 (USPTO Reel 045089 Frame 0972) at 6–7 ("ALU-USA/WSOU Assignment"). The title of this document is "SCHEDULE G2: ASSIGNMENT OF PATENT RIGHTS BY ALCATEL LUCENT USA INC[.]" *Id.* at 6. The '534 patent is listed in Exhibit A appended to Schedule G2. *Id.* at 17 ("Family" row "Koppol 6 (PV)"). As shown below, the assignment was to "all of Assignor's right, title, and interest in and to" the '534 Patent, but "subject to certain encumbrances and retained rights . . . in favor of" Alcatel-Lucent USA Inc.:

---

[2] WSOU asserts in an interrogatory response that Lucent Technologies Inc. merged into Alcatel-Lucent USA Inc. on November 1, 2008, thereby transferring the '534 patent to Alcatel-Lucent USA Inc. Ex. 2 (WSOU Resp. to HPE's 1st Interrog.) at 21–22 (Interrog. No. 1). No record of this transaction exists in the assignment history recorded with the USPTO for the '534 patent, and the USPTO merger notice cited by WSOU's interrogatory response does not list the '534 patent. Ex. 3 (USPTO Reel 024960 Frame 0227) at 1, 3–4. Solely for purposes of this motion, HPE assumes this transfer occurred as stated by WSOU and resulted in Alcatel-Lucent USA Inc. being the owner of the '534 patent.

2

> Assignor hereby assigns, transfers, and conveys unto Assignee, all of Assignor's right, title, and interest in and to each of the Assigned Patents.
>
> The assignment, transfer, and conveyance to Assignee set forth above will become effective on the Assignment Date and is made subject to certain encumbrances and retained rights for the Assigned Patents in favor of Assignor and/or its assignees and licensees.

*Id*. at 6.  It contains no reference to any retrospective assignment of the right to sue.  *Id*.  The assignment was recorded on January 18, 2018.  *Id*. at 20.

WSOU's interrogatory response describing the chain of ownership of the '534 patent confirms the above-described sequence of ownership transfers.  Ex. 2 at 21–22 (Interrog. No. 1).

**B.**  ███████████████████████████████████████

The recorded ALU-USA/WSOU Assignment ████████████████████████

████████████████████████████████████████████████████

████████  *Compare* Ex. 5 (WSOU-HPE-00010298) at 1–2 with Ex. 4 at 6–7.  ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████.  Ex. 6 (WSOU-HPE-00010096) ("Third Amended PPA").

████████████████████████████████████████████████████

████████  *Id*. at 1.  ████████████████████████████████

████████████████████████████



*Id.* As discussed in the preceding section, Schedule G2 contains the assignment language: "Assignor [Alcatel-Lucent USA Inc.] assigns, transfers, and conveys unto Assignee [WSOU], all of Assignor's right, title, and interest in and to each of the Assigned Patents." Ex. 4 at 1. Each subpart of Schedule G corresponds to a particular assigning entity, with Schedule G2 corresponding to Alcatel-Lucent USA Inc. *Id.* at 1.

Ex. 6. at 2 

*Id.* at 2, § 5.1.



*Id.* at 2-3, §§ 5.1, 5.5.

*Id.* at 1.

Ex. 6 at 1; *see also*

Ex. 7 (PPA – WSOU-HPE-00008254); Ex. 8 (First Amendment to the PPA – WSOU-HPE-00008732); Ex. 9 (Second Amendment to the PPA – WSOU-HPE-00009843).



Ex. 6 at 7.

Ex. 7 at 15, § 9.4.

Ex. 6 at 7–8, § 11.1.

## II. WSOU BEARS THE BURDEN TO PROVE IT HELD ENFORCEABLE RIGHTS TO THE RELIEF IT SEEKS, INCLUDING PAST DAMAGES, SINCE THIS LAWSUIT'S INCEPTION

"Standing to sue is a threshold requirement in every federal action." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005). As the plaintiff, WSOU bears "the burden to show necessary ownership rights to support standing to sue." *Abbott Point of Care Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012). To meet its burden, WSOU "must demonstrate that it held enforceable title to the patent at the inception of the lawsuit" or else its infringement claims must be dismissed for lack of jurisdiction. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010).[3] These standards apply to "each claim [a plaintiff] seeks to press," including claims for past infringement. *Wacoh Co. v. Chrysler LLC*,

---

[3] Where, as here, the standing challenge is "factual" rather than "facial," the Court "does not assume the correctness of the factual allegations in the complaint. Rather, in the case of a factual challenge to jurisdiction, the question is whether the facts actually establish that the court has jurisdiction over the matter. In that setting, the burden is on the plaintiff to show jurisdiction, and parties may offer factual evidence bearing on that question." *Script Sec. Sol., LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 WL 6433776, at *2 (E.D. Tex. Oct. 31, 2016) (attached as Ex. 10) (citing 5B Wright & Miller, *Federal Practice & Procedure* § 1350, at 154-80 (3d ed. 2004)). In a factual 12(b)(1) challenge, it is appropriate to consider documentary evidence produced in the litigation, such as the agreements referenced herein. *Script Security*, 2016 WL 6433776, at *2.

5

No. 08-cv-456-slc, 2009 WL 36666, at *9 (W.D. Wis. Dec. 1, 2008) (attached as Ex. 11) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) in the context of a 12(b)(1) motion brought to preclude claims of past infringement); *see also UD Tech. Corp. v. Phenomenex, Inc.*, C.A. No. 05-842-GMS, at *9 (D. Del. Jan. 4, 2007) (attached as Ex. 12) (same).

"The general rule is that one seeking to recover money damages for infringement of a United States patent (an action 'at law') must have held the *legal title* to the patent *during the time of the infringement*." *Arachnid, Inc. v. Merit Indus.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991) (emphasis in original). The mere reference in an assignment to all right, title, and interest in the patent does not transfer the right to sue for past infringement. *Moore v. Marsh*, 74 U.S. (7 Wall.) 515, 522 (1868) ("[I]t is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such assignment."). A party may only sue for past infringement transpiring before it acquired legal title to a patent if a written assignment expressly grants the party a right to do so. *Abraxis*, 625 F.3d at 1367 (quoting *Moore*, 74 U.S. at 522).

The plaintiff must satisfy the requirements of both Article III of the U.S. Constitution (constitutional standing) and 35 U.S.C. § 281 (statutory standing). *See, e.g.*, *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234-36 (Fed. Cir. 2019). Constitutional standing determines whether a plaintiff "may invoke the judicial power" at all, while statutory standing "establish[es] when a party may obtain relief under the patent laws." *Id.* at 1235.

To meet the "injury in fact" requirement for constitutional standing, the plaintiff must possess exclusionary rights in the asserted patent. *Id.* at 1234 (citing *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010)). "Exclusionary rights" are "the ability to exclude others from practicing an invention or 'to forgive activities that would normally be prohibited under the patent statutes.'" *Id.* (quoting *Morrow v. Microsoft Corp.*, 499 F.3d 1332,

6

1342 (Fed. Cir. 2007)). Constitutional injury in fact "arises from invasion of a legally protected interest" and thus "occurs when a party performs at least one prohibited action with respect to the patented invention that violates these exclusionary rights." *Morrow*, 499 F.3d at 1339 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Absent exclusionary rights to the patent, the plaintiff cannot be cognizably injured by the alleged infringer. *Morrow*, 499 F.3d at 1340-41. Thus, a plaintiff lacking exclusionary rights cannot have constitutional standing because no injury in fact can occur. *See id.* This standing deficiency cannot be cured by adding the patent owner to the suit. *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1193-94 (Fed. Cir. 2007) (holding that an entity that is neither the owner nor an exclusive licensee has no standing, even as a co-plaintiff).

The right to sue for damages pre-dating assignment of a patent is an exclusionary right because it provides the plaintiff with the right to exclude others from practicing the invention during that period of time (which is the legally protected interest that is harmed by an alleged infringement). *Lone Star*, 925 F.3d at 1234; *WiAV Sols.*, 631 F.3d at 1264–65. Whether the plaintiff holds the right to sue for alleged infringement during that pre-assignment period is therefore a constitutional standing issue. *Lone Star*, 925 F.3d at 1234-35. A challenge to a plaintiff's constitutional standing is properly raised under Federal Rule of Civil Procedure 12(b)(1). *Uniloc 2017 LLC v. Google LLC*, No. 4:20-cv-05339-YGR, at *1, *6 (N.D. Cal. Dec. 22, 2020) (attached as Ex. 13).[4]

---

[4] An exclusive licensee may have constitutional standing. *Morrow*, 499 F.3d at 1340. Such a licensee must additionally prove that it has *statutory* standing by possessing "all substantial rights," such that it qualifies as the "patentee"; otherwise, the actual patentee is a necessary party who must join as a co-plaintiff. *Id.* A challenge to statutory standing may be brought under Federal Rule of Civil Procedure 12(b)(6). *See Lone Star*, 925 F.3d at 1235-36. These issues are not pertinent to the present motion because WSOU does not claim to be any kind of licensee, nor does it allege any facts that would support finding it to be a licensee.

The plaintiff's lack of constitutional standing can be raised at any time by a defendant, or *sua sponte* by the Court. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994); *Barlow & Haun, Inc. v. United States*, 805 F.3d 1049, 1060 n.5 (Fed. Cir. 2015).

### III. THE COURT SHOULD DISMISS WSOU'S CLAIM FOR PAST DAMAGES BECAUSE WSOU LACKS STANDING TO SUE FOR PAST DAMAGES

WSOU cannot assert claims for infringement and corresponding damages prior to December 22, 2017, the date WSOU purportedly acquired the '534 patent. The ALU-USA/WSOU Assignment did not transfer the right to enforce claims pre-dating the agreement, so that right could not have been assigned to WSOU.

#### A. WSOU Never Acquired the Right to Sue for Past Damages

Here, WSOU claims it "is the owner of all rights, title, and interest in and to the '534 patent, including the right to assert all causes of action arising under the '534 patent and ***the right to any remedies for the infringement*** of the '534 patent, ***including the exclusive right to recover for past infringement***." Dkt. 22 at ¶ 20 (emphasis added). But WSOU lacks standing to sue for past infringement of the asserted patent because the ALU-USA/WSOU Assignment did not transfer the right to sue for past infringement. While the assignment does include "all of Assignor's [Alcatel-Lucent USA Inc.'s] right, title, and interest in and to" the asserted patent, it is silent as to the right to sue for past infringement. *See* Ex. 4 at 6. Because there was no express assignment of the right to sue for past infringement, this right was never granted to WSOU. *Moore*, 74 U.S. at 522; *Arachnid*, 939 F.2d at 1579 & n.7. As a result, WSOU lacks standing to sue for infringement that occurred before December 22, 2017, the date on which WSOU purported to acquire legal title to the asserted patents. Accordingly, the Court should dismiss WSOU's claims for infringement before this date.

8

### B. The ALU-USA/WSOU Assignment Is the Operative Legal Instrument Executing the Transfer of Rights

No other contractual language overrides the ALU-USA/WSOU Assignment's transfer of only the prospective, and not the retrospective, right to sue for damages. To the extent WSOU attempts to cite any language in the Third Amended PPA as overriding the ALU-USA/WSOU Assignment, that would be wrong for multiple reasons.

First, ███████████████████████████████████. ████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 6 at 1. ████████████████████████████████████████, but this makes no difference; legal title to a patent cannot be assigned between a parent corporation and its subsidiary absent an appropriate written assignment. *See Abraxis*, 625 F.3d at 1366. ██████████████████████████████████████████████████████████████ *See id.* ██████████████████████████████████████████████, the document controlling which rights were actually assigned to WSOU is the ALU-USA/WSOU Assignment.

Second, █████████████████████████████████████████████████████████ Ex. 6 at 1 ("████████████████████████████████████████████████████"). ████████████████████████████████████████████████████████████████████████████

9

██████████████████████████████████ *Id.* at 3, § 5.5. ██████████████████████

██████████████████████████████████████████████████ *Id.* ████████

████████████████████████████████████████ *Bd. of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841-42 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011).[5] ████████████████████████████████████

████████████████████████████████

Third, the ALU-USA/WSOU Assignment is where the individual assigned patents and the entity that owns them are identified. Alcatel-Lucent USA Inc. is listed as the patent-owning entity, and the attached spreadsheet lists a set of patents that includes the '534 patent. Ex. 4 at 17 ("Family" row "Koppol 6 (PV)"). ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████ Ex. 6 at 2–3, §§ 5.1, 5.5.

Fourth, it would make no sense to have a specific assignment execution document to be filed with the USPTO if a different, privately held document (such as the Third Amended PPA) were to override it and impose different terms on the transfer. To do so would impair the public notice function of the USPTO assignment registration database, cause confusion over ownership of rights, and be prejudicial to any subsequent defendant who might be subjected to a claim for past damages from either or both transacting parties. *See* Manual of Pat. Examining Proc., § 301, Part V(A) (June 2020); *Morrow*, 499 F.3d at 1348 ("[T]he perils associated with a relaxed standing requirement [include] that multiple plaintiffs may subject a defendant to suit for the same conduct . . . .").

---

[5] State law generally governs who owns patent rights and on what terms. *Stanford*, 583 F.3d at 841. However, whether contractual language effects a present assignment of patent rights, or an agreement to assign rights in the future, is a question of Federal Circuit law. *Id.*

10

In contract law, a more specific provision controls over a more general one. *E.g.*, *Bowmer v. Bowmer*, 50 N.Y.2d 288, 294 (N.Y. 1980) ("the specific provisions [of a contract] tend to restrict the general"); *Muzak Corp. v. Hotel Taft Corp.*, 1 N.Y.2d 42, 46-47 (N.Y. 1956) ("Even if there was an inconsistency between a specific provision and a general provision of a contract . . . , the specific provision controls."); *see also* Restatement (Second) of Contracts § 203(c) ("specific terms and exact terms are given greater weight than general language"). Thus, the specific ALU-USA/WSOU Assignment, ███████████████████████ ██████████, is the controlling assignment provision.

As should be obvious, and undisputed, ███████████████████████ ██████████ ███████████████████████████████████████ *See* Ex. 7 at 1. Further, as WSOU acknowledges, ███████████████████████ ███████████████████████████████████████████████ ███████████████████████████ *See* Ex. 7 at 1, 18; Ex. 4 at 6–7. WSOU's interrogatory response confirms this; it states that the ALU-USA/WSOU Assignment transferred the '534 patent to WSOU in December 2017. *See* Ex. 2 at 21–22 ("Alcatel-Lucent USA Inc. assigned the rights to the '534 patent to Brazos effective December 22, 2017, as evidenced by a Patent Assignment recorded with the U.S. Patent and Trademark Office at Reel/Frame 045089/0972 (WSOU-HPE-00004669)."). Although the interrogatory response also cites a lengthy Bates number range that includes the PPA (and numerous other documents), the response never alleges that the PPA transferred the '534 patent. *Id.*

Accordingly, neither the Third Amended PPA nor the original PPA is the operative assignment document for the '534 patent. The operative assignment document, and thus the location of the controlling assignment language, is the ALU-USA/WSOU Assignment.

## IV.     CONCLUSION

WSOU never received the right to assert claims for infringement of the '534 patent occurring before December 22, 2017.  The Court does not have subject matter jurisdiction to adjudicate WSOU's claims for infringement where WSOU has no legal right to bring such claims.  Therefore, under Rule 12(b)(1), HPE respectfully requests that the Court dismiss with prejudice WSOU's claim for relief for any acts occurring prior to December 22, 2017.

Date: October 12, 2021	Respectfully submitted,

By: */s/ Michael R. Franzinger*
Michael D. Hatcher
Texas State Bar No. 24027067
Callie C. Butcher
Texas State Bar No. 24092203
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
mhatcher@sidley.com
cbutcher@sidley.com

Michael R. Franzinger
DC Bar No. 500080
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
mfranzinger@sidley.com

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620, Suite 205
Austin, TX 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com

**COUNSEL FOR DEFENDANT
HEWLETT PACKARD ENTERPRISE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October 2021, a true and correct copy of the foregoing Defendant Hewlett Packard Enterprise Company's Motion to Dismiss WSOU's Claim for Past Damages Due to Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) has been served on all counsel of record via email:

| *Counsel for WSOU, LLC* | VIA CM/ECF |
|---|---|
| Alessandra C. Messing<br>Timothy J. Rousseau<br>Yarelyn Mena<br>BROWN RUDNICK LLP<br>7 Times Square<br>New York, New York 10036<br>telephone: (212) 209-4800<br>facsimile: (212) 209-4801<br><br>Edward J. Naughton<br>Rebecca MacDowell Lecaroz<br>BROWN RUDNICK LLP<br>One Financial Center<br>Boston, Massachusetts 02111<br>telephone: (617) 856-8200<br>facsimile: (617) 856-8201<br><br>David M. Stein<br>Sarah G. Hartman<br>BROWN RUDNICK LLP<br>2211 Michelson Drive, 7th Floor<br>Irvine, California 92612<br>telephone: (949) 752-7100<br>facsimile: (949) 252-1514<br><br>Raymond W. Mort, III<br>THE MORT LAW FIRM, PLLC<br>100 Congress Avenue, Suite 2000<br>Austin, Texas 78701<br>tel/fax: (512) 677-6825 | wsou-hpe@brownrudnick.com<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>raymort@austinlaw.com |

*/s/ Michael R. Franzinger*
Michael R. Franzinger
