**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | Civil Action No. 6:20-cv-00725-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**Public Redacted Version** |

**BRAZOS'S OPPOSITION TO HPE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) (DKT. 60)**

**TABLE OF CONTENTS**

I. Introduction ..................................................................................................................1

II. Background ..................................................................................................................2

III. Legal Standard .............................................................................................................4

IV. Brazos May Recover for HPE's Pre-Assignment Infringement ..........................................4

    A. The Issue of Past Damages Does Not Implicate Article III Standing ..................... 5

    B. The Totality of the Agreement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Shows That Alcatel USA Assigned Brazos the Right to Sue for Past Infringement .......... 7

    C. HPE's Arguments to the Contrary Fail Because HPE Ignores the Totality of the Agreement ................................................................................................ 9

    D. The September 8, 2021 ▮▮▮▮▮▮▮▮▮▮▮▮▮ Obviated Any Doubt as to Brazos's Right to Recover for Past Damages .................................................... 11

V. Conclusion ..................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arachnid, Inc. v. Merit Indus., Inc.*,
   939 F.2d 1574 (Fed. Cir. 1991) .................................................................................................8

*Flast v. Cohen*,
   392 U.S. 83 (1968) ....................................................................................................................6

*Honeywell Int'l Inc. v. Buckeye Partners, L.P.*,
   No. 5:18-cv-00646, 2021 WL 1206536 (N.D.N.Y. Mar. 31, 2021) ......................................7, 8

*Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Tr. Co. of New York*,
   727 N.E.2d 563 (N.Y. 2000) .....................................................................................................7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014) ..............................................................................................................5, 7

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) ........................................................................................ passim

*Minco, Inc. v. Combustion Eng'g, Inc.*,
   95 F.3d 1109 (Fed. Cir. 1996) ....................................................................................4, 7, 8, 11

*Mintz v. Pazer*,
   60 N.Y.S. 3d 74 (N.Y. App. Div. 2017) ...................................................................................7

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) .................................................................................................5

*Oaxaca v. Roscoe*,
   641 F.2d 386 (5th Cir. 1981) ....................................................................................................4

*Parallax Grp. Int'l, LLC v. Incstores.com, LLC*,
   No. 8:16-cv-00929, 2017 WL 3017059 (C.D. Cal. Jan. 25, 2017) ...........................................6

*Pat. Harbor, LLC v. Twentieth Century Home Fox Home Ent.*,
   No. 6:10-cv-607, 2012 WL 12842300 (E.D. Tex. Aug. 17, 2012) .........................................11

*Slingshot Printing LLC v. HP Inc.*,
   No. 1:20-cv-00184-ADA, 2020 WL 6120177 (W.D. Tex. July 7, 2020) ........................4, 6, 10

*Speedplay, Inc. v. Bebop, Inc.*,
   211 F.3d 1245 (Fed. Cir. 2000) .................................................................................................9

*In re Spinnaker Indus., Inc.*,
   313 F. App'x 749 (6th Cir. 2008) ............................................................................................11

*Sutton v. E. River Sav. Bank*,
   55 N.Y. 2d 550 (N.Y. 1982) .....................................................................................................7

**TABLE OF EXHIBITS**

| Ex.* | Description |
|---|---|
| A | *Intentionally Omitted* |
| B | *Intentionally Omitted* |
| C | *Intentionally Omitted* |
| D | March 1, 2019 Fourth Amendment to Patent Purchase Agreement (WSOU-HPE-00010332) [FILED UNDER SEAL] |
| E | November 26, 2019 Letter Agreement (WSOU-HPE-00011045) [FILED UNDER SEAL] |
| F | January 1, 2020 Sixth Amendment to Patent Purchase Agreement (WSOU-HPE-00011073) [FILED UNDER SEAL] |
| G | September 8, 2021 Letter Agreement ▇▇▇▇▇▇▇▇▇▇ (WSOU-HPE-00020137) [FILED UNDER SEAL] |
| H | *Intentionally Omitted* |
| I | *Intentionally Omitted* |
| J | *Intentionally Omitted* |
| K | *Intentionally Omitted* |
| L | *Intentionally Omitted* |
| M | *Intentionally Omitted* |
| N | *Intentionally Omitted* |
| O | *Intentionally Omitted* |
| P | *Intentionally Omitted* |
| Q | Transcript of November 23, 2020 Telephonic Scheduling Conference |

---

* For ease of reference, the exhibits attached to Brazos's Oppositions filed in Case Nos. 6:20-cv-00726-ADA, -727, -728, and -730 (filed October 21, 2021) and Case Nos. 6:20-cv-00725-ADA, -729, and -783 (filed October 26, 2021) use the same lettering.  Because not all of the exhibits are cited in Brazos's Opposition in this case, any exhibits that are not cited are intentionally omitted.

| R | *Intentionally Omitted* |
|---|---|
| S | *Intentionally Omitted* |
| T | Excerpts from Exhibit 5 to December 22, 2017 Third Amendment to Patent Purchase Agreement (WSOU-HPE-00010166) [FILED UNDER SEAL] |
| U | October 1, 2019 Fifth Amendment to Patent Purchase Agreement (WSOU-HPE-00010964) [FILED UNDER SEAL] |
| V | January 1, 2018 Restated Certificate of Incorporation of Nokia of America Corporation, Recorded with the USPTO at Reel/Frame 051061/0753 (WSOU-HPE-00005131) |
| W | August 21, 2017 Assignment of Patent Purchase Agreement, Recorded with the USPTO at Reel/Frame 044000/0053 at 0140 (WSOU-HPE-00004518) |
| X | *Intentionally Omitted* |
| Y | Excerpts from Exhibit C to September 8, 2021 Letter Agreement ▮▮▮ (WSOU-HPE-00019922) [FILED UNDER SEAL] |
| Z | *Intentionally Omitted* |

I.  **INTRODUCTION**

The relevant agreements that assigned Brazos its rights in the Asserted Patent explicitly granted Brazos the right to recover for past damages. Nearly a year ago, Brazos produced the assignments confirming its right to recover for past, present, and future infringement of the Asserted Patent. HPE nevertheless proceeded with this case for ten months before filing this motion, and only did so once it had to defend to the Court its months-long refusal to produce sales data for the accused products for the entire six-year damages period.

A plain reading of the assignments of the Asserted Patent—including the entirety of the Patent Purchase Agreement as amended, ▮▮▮▮▮ ▮▮▮▮▮ (collectively, the "Agreement")—shows that Brazos has the right to recover for past infringement of the Asserted Patent.

▮▮▮▮▮▮▮▮▮▮

In all events, Brazos's right to recover past damage is not properly raised in a Rule 12(b)(1) motion and implicates only prudential or statutory—not constitutional—standing. Any doubt about Brazos's rights of recovery can be and has been obviated ▮▮▮

██████████████████████████████████████████████████████████████████████████

████████████████████████████

**II.     BACKGROUND**

The relationship between Brazos and Nokia[1] began with the purchase of a portfolio of patents from Nokia and its affiliates through a Patent Purchase Agreement ("PPA," Mot. Ex. 7) executed on July 22, 2017, which was assigned to Brazos effective August 21, 2017 (Ex. W). *See, e.g.*, Case No. 6:20-cv-00726-ADA, Dkt. 67 at 2-3.  In the ensuing years, Brazos and Nokia continued their relationship, including by entering into several amendments to and letter agreements relating to the PPA.  *See, e.g.*, Case No. 6:20-cv-00726-ADA, Dkt. 67 at 3-4.  The totality of the Agreement, ███████████████████████████████████████ clearly show that Nokia and Alcatel USA intended to assign, and did assign, to Brazos the right to recover for past infringement of the Asserted Patent.

Brazos and Nokia negotiated the PPA and its amendments over several years.  Between 2017 and 2019, Nokia and its affiliates assigned to Brazos the rights in numerous patents, including the rights to sue on those patents for past, present, and future infringement.  Mot. Ex. 7 (PPA); Mot. Ex. 8 (APPA); Mot. Ex. 9 (Second Amendment); Mot. Ex. 6 (Third Amendment); Ex. D (Fourth Amendment); Ex. E (Letter Agreement); Ex. U (Fifth Amendment); Ex. F (Sixth Amendment).  On December 22, 2017, Nokia and Brazos entered into a Third Amendment to the PPA. ███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████

2

██████████████████████████████████████████████████

██████████████████████████████████ █[2]  Alcatel USA, the owner of the Asserted Patent, executed Schedule G2 to the Third Amendment, which was recorded with the USPTO to reflect the assignment of the Asserted Patent to Brazos.  Mot. Ex. 4.

In recognition of the fact that Alcatel USA's assignment to Brazos included the right to sue for past infringement of the Asserted Patent, ████ ████ ██████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████

Brazos filed its initial complaint against HPE on August 12, 2020 (Dkt. 1) and a First Amended Complaint on November 6, 2020 (Dkt. 22).  HPE filed a Rule 12(b)(6) motion to dismiss, but did not attack the Court's subject matter jurisdiction or argue that Brazos could not

---

[2] ████████████████████████████████████████████████████
████████████████████████████████

[3] By the time of the Letter Agreement ██████████████████████, Alcatel USA had changed its name to Nokia of America Corporation.  *See* ████████████████ Ex. V. ████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████

recover past damages.  Dkt. 25.  By January 7, 2021, Brazos had produced to HPE the entire Agreement, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, and the complete record of assignments for the Asserted Patent.  HPE waited *ten months* to file this motion, and it did so only after Brazos informed HPE that it was seeking the Court's intervention because of HPE's months-long refusal to produce basic financial and sales information for the accused products for the entire six-year damages period.

### III.     LEGAL STANDARD

"A factual attack on the subject matter jurisdiction of the court . . . challenges the facts on which jurisdiction depends[,] and matters outside of the pleadings, such as affidavits and testimony, are considered."  *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).  A plaintiff has Article III standing where it "adequately allege[s] that it possesses exclusionary rights and that [defendant] infringe[s] those rights."  *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019).

An assignee has statutory or prudential standing to sue for infringements that occurred prior to the assignment where "the assignment agreement clearly manifests an intent to transfer this right."  *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996).  "[T]his inquiry depends on the substance of what was granted rather than formalities or magic words."  *Slingshot Printing LLC v. HP Inc.*, No. 1:20-cv-00184-ADA, 2020 WL 6120177, at *2 (W.D. Tex. July 7, 2020) (quoting *Lone Star*, 925 F.3d at 1229).  In assessing whether the right to sue for past infringement was assigned, courts look to "the entirety of the agreements" that established the assignment.  *Minco*, 95 F.3d at 1117-18.

### IV.     BRAZOS MAY RECOVER FOR HPE'S PRE-ASSIGNMENT INFRINGEMENT

The Agreement in its entirety, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Schedule G2, shows that the parties intended to and did assign to Brazos all right, title, and interest in and to the

Assigned Patent, ███████████████████████████ ██████████. In any event, the prudential issue of whether Brazos can recover past damages does not implicate subject matter jurisdiction and is not properly asserted in a Rule 12(b)(1) motion. To the extent there is any issue as to the Agreement's assignment of the right to sue for past damages to Brazos (there is not), the September 2021 ████████████████████████ ████████████████.

### A. The Issue of Past Damages Does Not Implicate Article III Standing

HPE's argument "confuses the requirements of Article III—which establish when a plaintiff may invoke the judicial power—and the requirements of § 281—which establish when a party may obtain relief under the patent laws." *See Lone Star*, 925 F.3d at 1235. The Federal Circuit in *Lone Star*, following the Supreme Court in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), clarified that the "constitutional threshold" in a patent case is a low one that is satisfied when a plaintiff alleges it possesses exclusionary rights. *Id.* at 1234-35. A party that holds "all legal rights to the patent as the patentee or assignee of all patent rights" has constitutional standing to sue for infringement in its own name. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339-40 (Fed. Cir. 2007). "Additionally, if a patentee transfers 'all substantial rights' to the patent, this amounts to an assignment or a transfer of title, which confers constitutional standing on the assignee to sue for infringement in its own name alone." *Id.* at 1340 (citing *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001)). Brazos has established it was the assignee of all legal rights in the Asserted Patent at the time it filed these cases, has suffered injury from HPE's infringement of the Asserted Patent, and thus has established constitutional standing. This is not in dispute.

The issue of the right to recover for past damages is a separate issue that implicates prudential or statutory, but not constitutional, standing. Indeed, the Federal Circuit has made

5

clear that whether a plaintiff has standing to sue based on statutory or prudential constraints, which includes the right to recover for past damages, is one of "statutory standing" that does not implicate the Court's subject matter jurisdiction and is properly brought under Rule 12(b)(6), not Rule 12(b)(1).[4]  *See Lone Star*, 925 F.3d at 1235 (citing *Lexmark*, 572 U.S. at 128 n.4); *see also Flast v. Cohen*, 392 U.S. 83, 99 (1968) ("The fundamental aspect of [constitutional] standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated.").

If necessary, a party "may cure prudential standing defects after it files suit." *Slingshot*, 2020 WL 6120177, at *2 (citing *Virnetx, Inc. v. Cisco Sys., Inc.*, No. 6:10-cv-00417, 2012 WL 12897214, at *2 (E.D. Tex. Mar. 22, 2012)); *see also, e.g.*, *Parallax Grp. Int'l, LLC v. Incstores.com, LLC*, No. 8:16-cv-00929, 2017 WL 3017059, at *3 (C.D. Cal. Jan. 25, 2017) (finding that plaintiff was not assigned the right to sue for past damages but noting that "Plaintiff [had] informed the Court that [a subsequent assignment] had expressly assigned . . . the right to sue for past damages, thereby curing the prudential standing defect" and that unless defendant contested that such an assignment occurred, the motion to dismiss would be vacated as moot).

At the November 23, 2020 initial case management conference, this Court suggested that the issue of whether Brazos had the right to recover for past damages was distinct from whether it had Article III standing.  In granting HPE's request for the pre-discovery production of documents "related to standing in this case," this Court explained that "by standing I mean something that would affect my jurisdiction to handle the case at all, *not just with regard to*

---

[4] HPE should have raised this prudential issue in its Rule 12(b)(6) motion (Dkt. 25), but it did not, and it is improper for it to assert it now in Rule 12(b)(1) motion.

*damages but jurisdiction*." Ex. Q at 6:21-24 (emphasis added). HPE ignores the Court and misconstrues the controlling case law in *Lone Star* and *Lexmark*.

> **B.** **The Totality of the Agreement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Shows That Alcatel USA Assigned Brazos the Right to Sue for Past Infringement**

"Determining whether the right to sue for prior infringement has been transferred turns on the proper construction of the assignment agreements, which is a matter of state contract law." *Minco*, 95 F.3d at 1117. Here, the Agreement is governed by New York law. *See* Mot Ex. 7 § 9.4; Mot. at 5. Pursuant to that law, courts interpreting contracts "search[] for the probable intent of the parties, lest form swallow substance," with the aim of "a practical interpretation of the expressions of the parties to the end that there be a 'realization of [their] reasonable expectations.'" *Sutton v. E. River Sav. Bank*, 55 N.Y. 2d 550, 555 (N.Y. 1982) (quoting 1 Corbin, Contracts, § 1). Accordingly, "not merely literal language, but whatever may be reasonably implied therefrom must be taken into account." *Mintz v. Pazer*, 60 N.Y.S. 3d 74, 77 (N.Y. App. Div. 2017). Furthermore, New York courts "interpret[] the document as a whole" and "read [the agreement] in its entirety" instead of "focus[ing] exclusively on the" term or provision in question." *Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Tr. Co. of New York*, 727 N.E.2d 563, 566 (N.Y. 2000); *Honeywell Int'l Inc. v. Buckeye Partners, L.P.*, No. 5:18-cv-00646, 2021 WL 1206536, at *7 (N.D.N.Y. Mar. 31, 2021) ("[R]elevant contractual provisions must be interpreted in their entirety and within the context of the full Agreement.").

Thus, just like the Federal Circuit in *Minco*,[5] to determine whether an assignment transfers the right to sue for past infringement, the Court should look to "the entirety of the

---

[5] New York law and Tennessee law (applied in *Minco*) are similar in that both consider relevant contract provisions "in their entirety and within the context of the full Agreement." *Honeywell*, 2021 WL 1206536, at *7. *Compare with Minco*, 95 F.3d at 1117.

7

agreements [in question]," assessing whether the agreements "manifest[] an intent to transfer this right." *Minco*, 95 F.3d at 1117-18; *see also Honeywell*, 2021 WL 1206536, at *7. Schedule G2, when read in context of the totality of the Agreement, including the ███████████ ███████ show that Alcatel USA intended to and did assign Brazos the right to sue for past infringement. This is consistent with the Supreme Court and Federal Circuit cases cited by HPE. Mot. at 5, 7 (citing *Moore v. Marsh*, 74 U.S. 515, 522 (1868); *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 n.7 (Fed. Cir. 1991)).

HPE relies on Schedule G2 as the operative assignment from Alcatel USA to Brazos. *See* Mot. at 2; Mot. Ex. 4. As is clear, including by its very title, Schedule G2 is an attachment to the Third Amendment, ███████████████████████████████████████████

███████████████████████████████

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
████████████████████████████████

█████████████████    ██████████████████████

█████████████████████████████████████

█████████████████

Schedule G2, ███████████████████████████████████

██████████████████████████████████████

█████████████████, must be read in context of the ███████████ ██████████ and the Agreement as a whole. When properly viewing the Agreement in its totality, it is clear that Alcatel USA intended to and did assign to Brazos all of its rights in each of the patents it owned █████████████████████████████████████, including the Asserted Patent,

████████████████████████████████████████████████████████████

████████████████████████████████████████████████.

### C. HPE's Arguments to the Contrary Fail Because HPE Ignores the Totality of the Agreement

HPE's contentions that there is an issue with ████████████████████████████

████████████████████████████████████████████████ are unavailing.

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ *See*

*Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1253 (Fed. Cir. 2000) (finding contract language that inventions "shall belong" to Speedplay and that assignor "hereby conveys, transfers, and assigns" was a present-tense assignment, not a promise to assign).[6] Here, when Alcatel USA executed Schedule G2, ████████████████████████████████████

████████████████████████████████████████████████████████

██████████████.

It is thus improper to read Schedule G2 *in isolation*, as HPE suggests, to determine whether it contains the "'magic words' necessary to transfer the right to recover for past

---

[6] The cases relied on by HPE (Mot. at 9) are consistent with this conclusion. For example, in *Bd. of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, the Federal Circuit recognized that, although contract language stating a party will "'agree to assign' reflects a mere promise to assign rights in the future," language just like that used in the Third Amendment stating that a party "will assign and do[es] hereby assign" effected a present assignment, 583 F.3d 832, 841-42 (Fed. Cir. 2009), aff'd, 563 U.S. 776 (2011).

infringement, without considering the rest of the agreement to assess the "the substance of what was granted." *See Slingshot*, 2020 WL 6120177, at *2 (quoting *Lone Star*, 925 F.3d at 1229). HPE's suggestion that Schedule G2 must be understood on its own because it is purportedly a more specific document is factually incorrect. ███████████████████

███████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

██████████████████████████

In addition, when focusing on the specific assignment *provisions* rather than the documents as a whole, ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

██████████████████████████.

Finally, HPE's contention that the language of Schedule G2 is somehow in conflict with language in the ████████████ (Mot. at 5, 11) is contrary to fact and law.  There is nothing in Schedule G2 that is in *conflict* with the terms of the assignment in the ████████████.  Nor has HPE pointed to any conflict.  Simply because Schedule G2 describes the same assignment more generally than the language related to the same assignment elsewhere in the Agreement,

10

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, does not mean that the two are in conflict. *See In re Spinnaker Indus., Inc.*, 313 F. App'x 749, 753 (6th Cir. 2008) (applying New York law) (finding that two provisions on the same topic, one specific and one general, "do not conflict but are interdependent" and are both valid and binding). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓ Both must be read together and considered within the totality of the Agreement. *See, e.g.*, *Minco*, 95 F.3d at 1118 (where in a series of agreements only some expressly assigned the right to sue for past infringement, "the entirety of the agreements establish[] that the MAC assignment clearly conveyed the right to sue for past infringement"). When the totality of the Agreement is properly considered together, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ it is clear that Alcatel USA intended to and did assign Brazos the right to sue for past infringement of the Asserted Patent.

### D. The September 8, 2021 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Obviated Any Doubt as to Brazos's Right to Recover for Past Damages

In any event, although it is clear that the Agreement, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ when considered in its totality, assigns Brazos the right to sue for past damages, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See, e.g.*, *Pat. Harbor, LLC v.*

*Twentieth Century Home Fox Home Ent.*, No. 6:10-cv-607, 2012 WL 12842300, at *2 (E.D. Tex. Aug. 17, 2012) ("[A] plaintiff with constitutional standing may cure prudential standing defects after it files suit.").

## V. CONCLUSION

The express language in the Agreement considered in its totality confirms Brazos has standing to recover damages for HPE's past, present, and future infringement of the Asserted Patent. Brazos therefore respectfully requests that the Court deny HPE's motion in its entirety.

Respectfully submitted,

Dated: October 26, 2021

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax:   (512) 677-6825

Edward J. Naughton
Massachusetts Bar No. 600059
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
Massachusetts Bar No. 666860
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

Timothy J. Rousseau
New York Bar No. 4698742
trousseau@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:   (212) 209-4801

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on October 26, 2021.

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III