**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>  v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Defendant. | Civil Action No. 6:20-cv-00725-ADA<br><br>**PUBLIC VERSION** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S REPLY BRIEF ON ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

## TABLE OF CONTENTS

I.    WSOU Lacks Article III Standing For Past Damages .................................................. 1

    A.    WSOU Lacked Exclusionary Rights For Past Damages When It Filed Its
        Complaint ........................................................................................................... 1

    B.    The ALU-USA/WSOU Assignment Did Not Transfer The Right To Sue
        For Past Damages To WSOU ............................................................................. 3

        a.    ███████████████████████████████████
                ████████ .......................................................... 4

        b.    As The More Specific Provision, Schedule G2's Assignment
                Controls ................................................................................................ 5

        c.    The Context Of ███████████ Also Shows That
                Schedule G2 Is The Assignment .......................................................... 6

        d.    █████████████████████████████████
                ███ ...................................................................... 7

II.   Conclusion .............................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
  625 F.3d 1359 (Fed. Cir. 2010)................................................................................4, 5, 7

*Diamond Coating Technologies, LLC v. Hyundai Motor America*,
  823 F.3d 615 (Fed. Cir. 2016)..............................................................................................7

*Hometown Financial, Inc.* v. *United States*,
  409 F.3d 1360 (Fed. Cir. 2005).............................................................................................5

*Keene Corp. v. United States*,
  508 U.S. 200 (1993)..............................................................................................................7

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
  925 F.3d 1225 (Fed. Cir. 2019)........................................................................................2, 3

*Minco, Inc. v. Combustion Engineering, Inc.*,
  95 F.3d 1109 (Fed. Cir. 1996).............................................................................................4

*Moore* v. *Marsh*,
  74 U.S. (7 Wall.) 515 (1868) ...............................................................................................3

*Morrow* v. *Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007)........................................................................................2, 3

*Slingshot Printing LLC v. HP Inc.*,
  No. 1:20-cv-00184-ADA, 2020 WL 6120177 (W.D. Tex. July 7, 2020).............................2, 3

*VirnetX, Inc. v. Cisco Sys., Inc.*,
  No. 6:10-cv-417, 2012 WL 12897214 (E.D. Tex. Mar. 22, 2012) .......................................2, 3

*WiAV Sols. LLC v. Motorola, Inc.*,
  631 F.3d 1257 (Fed. Cir. 2010)........................................................................................2, 3

## **TABLE OF EXHIBITS**

**No.**                                     **Document Description**

14     WSOU-HPE-00010253 – Schedule G1: Assignment of Patent Rights by Alcatel Lucent

15     WSOU-HPE-00010313 – Schedule G3: Assignment of Patent Rights by Nokia
       Solutions and Networks BV

16     WSOU-HPE-00010317 – Schedule G4: Assignment of Patent Rights by Nokia
       Solutions and Networks BV

17     WSOU-HPE-00010323 – Schedule G5: Assignment of Patent Rights by Nokia
       Technologies Oy

18     WSOU production email, dated October 14, 2021

WSOU's Opposition fails to meet its burden to demonstrate standing to sue for past damages. The assignment record at the USPTO speaks for itself, and in this case, the recorded assignment is the ***only*** assignment document that is even arguably applicable. WSOU's reliance on the ████████████ as supplanting the direct, specific assignment between Alcatel Lucent USA and WSOU (Schedule G2, or "ALU-USA/WSOU Assignment") is unavailing, ████████ ████████████████████████████████████████████. ████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████████

## I.    WSOU LACKS ARTICLE III STANDING FOR PAST DAMAGES

Contrary to WSOU's argument, the determination of whether WSOU received exclusionary rights dating back from December 22, 2017, is a question of constitutional standing. The contractual documents as a whole, read together, establish that it did not, particularly because the only relevant pre-suit contractual document ████████████████████████████ ██████ is Schedule G2. Constitutional standing can be raised at any time, ████████████ ████████████████████████████████.

### A.    WSOU Lacked Exclusionary Rights For Past Damages When It Filed Its Complaint

HPE's motion is timely[1] and, as explained in HPE's Opening Brief, is properly raised under Rule 12(b)(1). *See* Mot. at 5–8.

---

[1] It is telling that WSOU's first argument is based on the timing of its discovery production. *See* Opp. at 1. A party that had a strong merits argument would not lead by complaining that its opponent had allegedly taken a long time to file the motion. Further, the premise of the argument is not even correct. WSOU only produced unredacted versions of its assignment history in July 2021, and only identified the bases of its claim to standing in interrogatory responses that same month. Further, WSOU's Opposition relies on new evidence that it did not produce until after HPE's motion was filed. *See, e.g.*, Opp. Ex. G.

1

In contending that the transfer of past damages rights is a question of "prudential" or "statutory" standing, WSOU misreads the applicable case law. It is not enough for WSOU to say that it had some "exclusionary rights" at the instant of time when it filed its Complaint. To have constitutional standing for the period in question (i.e., before December 22, 2017), WSOU must show that it had exclusionary rights *applicable to that period*. If it received no retroactive rights to exclude, it would have *no* patent rights that could have been injured during the pre-assignment period, and would therefore lack the injury in fact required for constitutional standing. *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264–67 (Fed. Cir. 2010) (holding that constitutional standing is "coterminous with" the scope of a plaintiff's exclusionary rights). Prudential standing addresses a different question: whether a plaintiff that has the right to enforce the patent for a particular time period nonetheless lacks all substantial rights for that time period such that another party must be joined. *See id.* at 1264–65 & n.1 (noting that a party holding exclusionary rights, and thus having constitutional standing, may still face joinder obligations for prudential standing); *Morrow* v. *Microsoft Corp.*, 499 F.3d 1332, 1340–41 (Fed. Cir. 2007) (distinguishing three categories of plaintiffs: those with exclusionary rights and all substantial rights, those with exclusionary rights but not all substantial rights, and those with neither). The present case is about whether WSOU's pre-assignment rights *exist*, not whether they are shared and constrained so as to be less than "all substantial rights." *See Morrow*, 499 F.3d at 1341–43 (summarizing prudential standing case law in terms of the extent of a third party's control over the plaintiff's exercise of patent rights, such as the rights to litigate and license the patent).

The *Lone Star*, *Slingshot*, and *VirnetX* cases cited by WSOU (Opp. at 5–6) are not to the contrary. *Lone Star* actually supports HPE's view: the possession of exclusionary rights is a constitutional standing issue, while prudential standing examines the substantiality of those rights. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234–36 (Fed.

Cir. 2019) (finding the plaintiff had exclusionary rights and therefore had constitutional standing, however, the constraints on its exercise of those rights meant it lacked "all substantial rights" and needed to join the assignor as a co-plaintiff); *see also* Mot. at 6–7. *Slingshot* was a prudential standing dispute over whether the plaintiff obtained "all substantial rights"; unlike the present case, there was no question that Slingshot's rights, whatever they were, covered the past damages period. *Slingshot Printing LLC v. HP Inc.*, No. 1:20-cv-00184-ADA, 2020 WL 6120177, at *2 (W.D. Tex. July 7, 2020). Similarly, the cited *VirnetX* order analyzes only whether the plaintiff's existing rights amounted to "all substantial rights," without considering any question of past damages assignment. *VirnetX, Inc. v. Cisco Sys., Inc.*, No. 6:10-cv-417, 2012 WL 12897214, at *5 (E.D. Tex. Mar. 22, 2012) (noting, further, that constitutional standing had already been decided separately). The last case WSOU cites, an unpublished Central District of California order (Opp. at 15), is wrongly decided in view of *Lone Star*, *WiAV*, and *Morrow*, which are all controlling authority. WSOU could not and did not cure its lack of pre-assignment exclusionary rights.

This Court also did not endorse WSOU's view of standing when it ruled that discovery would start later for damages-cutoff issues than for potentially case-dispositive issues. *See* Opp. at 6–7. Instead, the practicalities of the situation drove that outcome: a dispositive motion would eliminate any reason to conduct other discovery, while a damages-cutoff motion would not, so the Court opted to conduct all discovery in parallel. WSOU reads into the Court's case management ruling something that is not there.

### B.    The ALU-USA/WSOU Assignment Did Not Transfer The Right To Sue For Past Damages To WSOU

Black letter Supreme Court and Federal Circuit law holds that an assignment does not convey past damages rights unless it explicitly says it does. *Moore* v. *Marsh*, 74 U.S. (7 Wall.)

515, 522 (1868) ("[I]t is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such assignment."); *Minco, Inc. v. Combustion Engineering, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996) ("the conveyance of the patent does not normally include the right to recover for injury occurring to the prior owner"). Here, the operative assignment, Schedule G2 (referred to as the ALU-USA/WSOU Assignment in HPE's Motion), does not transfer those rights.

      **a.**   █████████████████████████████

WSOU does not dispute (nor could it) that the language in Schedule G2 is insufficient to transfer past damages rights. WSOU's argument depends instead on ranking the language of the general ███████████ above that of the specific ALU-USA/WSOU Assignment (i.e., Schedule G2), ████████████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████

When addressing questions of standing and patent ownership, corporate entity distinctions matter. *See Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1361-63, 1366 (Fed. Cir. 2010). In *Abraxis*, the plaintiff had entered into a pre-suit Asset Purchase Agreement with a putative assignor, but the putative assignor did not own the patents at the time of that agreement—its affiliate did. *Id.* at 1361. The plaintiff attempted to repair the chain of title through a post-complaint agreement "confirm[ing]" the assignment from the affiliate. *Id.* at 1362. The court held that this did not impart standing to the plaintiff. *Id.* at 1366. The fact that the putative assignor and the actual owner were "part of the same corporate structure" did not matter,

nor did the putative assignor's contractual obligation to "cause one or more of its Affiliates" to transfer the patents to the plaintiff in the original Asset Purchase Agreement. *Id.* ███████████

████████████████████████████████████████████████████████████████████

███████████████████████ Accordingly, Schedule G2 is the only document that could plausibly govern the actual, pre-complaint transfer of rights from Alcatel Lucent USA to WSOU.

     **b.**    **As The More Specific Provision, Schedule G2's Assignment Controls**

Even if the ████████████████████ were somehow considered to be operative on behalf of ████████ Alcatel Lucent USA, WSOU would have the hierarchy of the contractual provisions backwards. Under New York law, a specific contractual provision controls over a more general one. *See* Mot. at 10 (citing cases). The Federal Circuit follows this canon of contract interpretation too. *Hometown Financial, Inc.* v. *United States*, 409 F.3d 1360, 1369 (Fed. Cir. 2005) ("a specific contract provision will control over a general contract provision."). WSOU agrees with this statement of law, but then misapplies it by contending that "████████████ ███████████████████████" Opp. at 10.

WSOU's conclusion is incorrect, because Schedule G2 is ████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████

    ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████ Hence,

Schedule G2 is the operative assignment.

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████

c.     **The Context Of The** ████████████ **Also Shows That Schedule G2 Is The Assignment**

██████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████ WSOU

is thus off target when it accuses HPE of only viewing Schedule G2 in isolation from the ████

████████. Opp. at 10–11. HPE's Motion explained in detail why the ████████████

and Schedule G2 *together* established that the Schedule was the actual assignment. Mot. at 9–10.

WSOU's attempt to dismiss Schedule G2 is inconsistent with the ████████████ itself.

**d.** 

In assessing subject matter jurisdiction, courts must look "to the date of the original Complaint" because "the jurisdiction of the court depends on the state of things at the time of the action brought." *Abraxis*, 625 F.3d at 1366 n.3 (citing *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993)).

7

## II.      CONCLUSION

For all the reasons addressed herein and in HPE's Motion, WSOU lacks standing to sue for past damages, and its Complaint should be dismissed as to the pre-December 22, 2017 period, with prejudice.

Date: November 2, 2021

Respectfully submitted,

By: */s/ Michael R. Franzinger*
Michael D. Hatcher
Texas State Bar No. 24027067
Callie C. Butcher
Texas State Bar No. 24092203
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
mhatcher@sidley.com
cbutcher@sidley.com

Michael R. Franzinger
DC Bar No. 500080
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
mfranzinger@sidley.com

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620, Suite 205
Austin, TX 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com

**COUNSEL FOR DEFENDANT
HEWLETT PACKARD ENTERPRISE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November 2021, a true and correct copy of the foregoing Defendant Hewlett Packard Enterprise Company's Reply Brief on its Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) has been served on all counsel of record via electronic mail:

| *Counsel for WSOU, LLC* | *VIA CM/ECF* |
|---|---|
| Timothy J. Rousseau<br>Yarelyn Mena<br>BROWN RUDNICK LLP<br>7 Times Square<br>New York, New York 10036<br>telephone: (212) 209-4800<br>facsimile: (212) 209-4801<br><br>Edward J. Naughton<br>Rebecca MacDowell Lecaroz<br>BROWN RUDNICK LLP<br>One Financial Center<br>Boston, Massachusetts 02111<br>telephone: (617) 856-8200<br>facsimile: (617) 856-8201<br><br>David M. Stein<br>Sarah G. Hartman<br>BROWN RUDNICK LLP<br>2211 Michelson Drive, 7th Floor<br>Irvine, California 92612<br>telephone: (949) 752-7100<br>facsimile: (949) 252-1514<br><br>Raymond W. Mort, III<br>THE MORT LAW FIRM, PLLC<br>100 Congress Avenue, Suite 2000<br>Austin, Texas 78701<br>tel/fax: (512) 677-6825 | wsou-hpe@brownrudnick.com<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>raymort@austinlaw.com |

*/s/ Michael R. Franzinger*
Michael R. Franzinger