# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>Defendants. | Case Numbers:<br>**6:20-cv-00473-ADA\***<br>6:20-cv-00474-ADA<br>6:20-cv-00475-ADA<br>6:20-cv-00476-ADA<br>6:20-cv-00477-ADA<br>6:20-cv-00478-ADA<br>6:20-cv-00479-ADA<br>6:20-cv-00480-ADA<br>6:20-cv-00481-ADA<br>6:20-cv-00482-ADA<br>6:20-cv-00485-ADA<br>6:20-cv-00486-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION,<br><br>Defendant. | Case Numbers:<br>**6:20-cv-00487-ADA\***<br>6:20-cv-00488-ADA<br>6:20-cv-00489-ADA<br>6:20-cv-00490-ADA<br>6:20-cv-00491-ADA<br>6:20-cv-00492-ADA<br>6:20-cv-00493-ADA<br>6:20-cv-00494-ADA<br>6:20-cv-00495-ADA<br>6:20-cv-00496-ADA<br>6:20-cv-00497-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case Numbers:<br>**6:20-cv-00571-ADA\***<br>6:20-cv-00572-ADA<br>6:20-cv-00573-ADA<br>6:20-cv-00575-ADA<br>6:20-cv-00576-ADA<br>6:20-cv-00579-ADA<br>6:20-cv-00580-ADA<br>6:20-cv-00583-ADA<br>6:20-cv-00584-ADA<br>6:20-cv-00585-ADA |

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A<br>BRAZOS LICENSING AND DEVELOPMENT,<br><br>        Plaintiff,<br><br>    v.<br><br>HEWLETT PACKARD ENTERPRISE<br>COMPANY,<br><br>        Defendant. | Case Numbers:<br>**6:20-cv-00725-ADA**\*<br>6:20-cv-00726-ADA<br>6:20-cv-00728-ADA<br>6:20-cv-00730-ADA<br>6:20-cv-00783-ADA |
| GOOGLE, LLC,<br><br>        Petitioner,<br><br>    v.<br><br>TERRIER SSC, LLC,<br><br>        Respondent. | Case Number:<br>**6:21-mc-01269-ADA** |
| GOOGLE, LLC,<br><br>        Petitioner,<br><br>    v.<br><br>BP FUNDING TRUST,<br><br>        Respondent. | Case Number:<br>**6:21-mc-01270-ADA** |
| GOOGLE, LLC,<br><br>        Petitioner,<br><br>    v.<br><br>AQUA LICENSING, LLC,<br><br>        Respondent. | Case Number:<br>**6:21-mc-01309-ADA** |

## ORDER GRANTING CONSOLIDATION
## AS TO CERTAIN NON-PARTY DISCOVERY

WHEREAS the Court has certain similar patent infringement matters pending before it brought by plaintiff WSOU, including the particular cases set forward on the caption above (the "**Cases Proposed for Consolidation**");

WHEREAS the defendants in certain of the WSOU cases, including the defendants in the particular cases set forward on the caption above, have sought discovery from some of the same non-parties, including by serving subpoenas for documents and testimony on non-parties BP Funding Trust; BasePoint Administrative, LLC; Terrier SSC, LLC; and/or Aqua Licensing, LLC (the "**Requesting Non-Parties**");

WHEREAS this Court has previously addressed discovery issues related to some of the Requesting Non-Parties, and certain of the defendants in the Cases Proposed for Consolidation have filed discovery motions addressed to similar issues, while other defendants in the Cases Proposed for Consolidation have sought to meet and confer with the Requesting Non-Parties as to their objections to the subpoenas they have been served with;

WHEREAS the Requesting Non-Parties have requested, and the plaintiff WSOU has agreed, that the defendants in the Cases Proposed for Consolidation should coordinate with respect to the documents they are seeking, the depositions they want to take of the Requesting Non-Parties, and with respect to the discovery motions they have brought or are contemplating bringing, which such coordination and cooperation the Requesting Non-Parties and WSOU have asked the Court to order, pursuant to Federal Rules of Civil Procedure, Rule 42 (consolidation) and Rule 26(c) (discovery protective order);

WHEREAS the defendants in the Cases Proposed for Consolidation have opposed the Requesting Non-Parties' and WSOU's request, and the Court, after due consideration of the

parties' filings and arguments, hereby GRANTS the request for consolidation pursuant to Rule 42 and for a protective order pursuant to Rule 26(c), for good cause shown, as follows:

1. <u>Consolidation and Protective Order</u>.  Each of the Cases Proposed for Consolidation listed on the caption of this order are hereby CONSOLIDATED, per Fed. R. Civ. P. 42, solely for the limited purposes set out below.  This Order is not a general purpose consolidation and it applies to third party discovery to the Requesting Non-Parties only, not to party discovery, and not to trial.  To the extent this Order limits or changes the usual course of discovery, it shall be deemed a protective order, which is hereby ENTERED on the terms set out below, per Fed. R. Civ. P. 26(c).

2. <u>Future Filings</u>.  The low-number case as to each different defendant (indicated by bold typeface and an asterisk on the caption above) shall hereby become designated as a "Lead Case" for the purposes of any proceedings or other filings made under this Order.  If any party desires to file with the Court any motion or other document that is subject to or related to this Order, that party shall file it only in each of the Lead Cases (and not in every different case number that is subject to this Order).

3. <u>Documents</u>.  To the extent that a Requesting Non-Party has produced documents, or produces documents in the future, in response to a subpoena from any of the defendants in these consolidated cases, such Requesting Non-Party shall hereby be allowed to produce the same set of documents to the other defendants subject to this Order.  If a Requesting Non-Party designates any documents pursuant to a protective order (*e.g.*, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") in one case, then the same designation shall hereby automatically be deemed to apply in the other cases and as to the other defendants subject to this Order.  The foregoing procedure is without prejudice to, and is not intended to

resolve, the Requesting Non-Parties' objections to the document requests, including their objections that documents should more appropriately be sought from WSOU than from the Requesting Non-Parties.

4. <u>Depositions</u>.  Prior to any Requesting Non-Parties appearing for a deposition in connection with any of these consolidated cases, the following procedures shall apply:  the defendants in the consolidated cases are ordered to confer with each other, review the Court's relevant prior discovery rulings in any of the consolidated cases and in the prior *WSOU v. Microsoft* cases (to the extent such rulings and proceedings may become unsealed), and agree on a single, consolidated list of deposition topics as to each Requesting Non-Party.  The Court hereby imposes a limit that there can be a maximum of a single, seven-hour deposition of each Requesting Non-Party, at which the defendants who have issued subpoenas for depositions to such Requesting Non-Party must divide up the time for conducting their examination.  If any party believes it needs more time to cover special topics unique to its case, then, prior to the single deposition, it may apply to the Court for extra time for its special line of questions.  Any deposition of a Requesting Non-Party taken pursuant to this Order will be usable in all of the cases consolidated pursuant to this Order. The foregoing procedure is without prejudice to, and is not intended to resolve, the Requesting Non-Parties' objections to being deposed at all and to the noticed topics.

5. <u>Discovery Proceedings</u>.  With respect to any future discovery proceedings related to the Requesting Non-Parties or otherwise subject to this Order—proceedings which specifically include the motions to compel filed by Google in the District of Delaware, which have been transferred to this district and assigned case numbers 6:21-mc-1269, 6:21-mc-1270, and 6:21-mc-1309, in the Western District of Texas, and WSOU's motion for a protective order

filed in the Google cases (together, the "**Google Motions**")—the parties in the consolidated cases shall cooperate and coordinate with respect to briefing and argument.  And whatever the Court decides with respect to a discovery issue decided under this Order shall apply to the other cases that are or that may become subject to this Order.

      6.    <u>Hearing on the Google Motions</u>.  Hearing on the Google Motions is hereby set for _____.  All parties subject to these consolidated proceedings are invited to participate in the hearing on the Google Motions and will be bound by what the Court decides.  Any defendant other than Google that wishes to be heard at the hearing on the Google Motions, such as to support Google's position or argue that its own subpoenas to the Requesting Non-Parties should be treated differently, is invited to file a single brief of five pages or less by _____.  WSOU and the Requesting Non-Parties may then each file a single brief, of five pages or less, responding to the other defendants' briefs by _____.

      7.    <u>Expansion of this Order to Include Additional Defendants</u>.  WSOU and the Requesting Non-Parties may apply to the Court, for good cause shown, to include within the scope of this Order additional defendants and cases before this Court in which discovery is open.  Any defendant proposed to be included within this order may object to such a request and argue why there are special facts giving rise for a need to obtain additional or different discovery from the Requesting Non-Parties on topics different from the topics covered by prior defendants.  However, if the Court grants the request to include an additional defendant within the scope of this order, then any documents or deposition testimony previously produced pursuant to this order shall be produced to that new defendant pursuant to this Order, in full satisfaction of the

Requesting Non-Parties' discovery obligations to that new defendant, subject, however, to any conditions or extra discovery allowed or imposed by the Court at that time.

    IT IS SO ORDERED.

DATED: _____  BY: _____
                                                              Honorable Alan D Albright
                                                              United States District Judge